HOLLAND & KNIGHT LLP
Robert J. Labate, Esq. (CA SBN 313847)
*Robert.labate@hklaw.com*
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Facsimile: 213.896.2450

Andrew M. Cummings, Esq. (CA SBN 305081)
*andrew.cummings@hklaw.com*
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.833.8550
Facsimile: 949.833.8540

and

CONNOLLY GALLAGHER LLP
Jeffrey C. Wisler, Esq. (DE Bar No #2795)
jwisler@connollygallagher.com
1201 North Market Street, 20th Floor
Wilmington, DE  19801
Telephone: 302.757.7300
Facsimile: 302.658.0380

Attorneys for Cigna Health & Life Insurance Co.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Synapse Financial Technologies, Inc.,<br><br>Debtor. | Case No.: 1:24-bk-10646-MB<br><br>Chapter 11<br><br>**OBJECTION OF CIGNA TO NOTICE OF: (1) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (2) ESTABLISHMENT OF CURE AMOUNTS IN CONNECTION THEREWITH; (3) PROCEDURES AND DEADLINES REGARDING OPPOSITIONS TO ASSUMPTION AND ASSIGNMENT, AND CURE AMOUNTS; AND (4) HEARING THEREON**<br><br>Re: Docket No. 8, 11, 74 |

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Tel: 949.833.8550
Fax: 949.833.8540

Cigna Health and Life Insurance Company ("Cigna"), by and through its undersigned counsel, hereby objects to the *Notice of: (1) Assumption and Assignment of Executory Contracts and Unexpired Leases; (2) Establishment of Cure Amounts in Connection Therewith; (3) Procedures and Deadlines Regarding Oppositions to Assumption and Assignment, and Cure Amounts; and (4) Hearing Thereof* [Docket No. 74] ("Assignment Notice"). Further, to the extent necessary to provide Cigna with the relief sought therein, Cigna also objects to *Debtor's Emergency Motion for an Order (A) Approving Sale of Substantially all the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances; (B) Approving Assumption and Assignment of Unexpired Leases and Executory Contracts and Determining Cure Amounts; (C) Waiving the 14-Day Stay Periods of Bankruptcy Rules 6004(h) and 6006(d); and (D) Granting Related Relief* [Docket No. 8] ("Sale Motion") and the *Debtor's Emergency Motion for an Order (A) Approving Bidding Procedures With Respect to the Transfer and Sale of Substantially All of the Debtor's Assets, (B) Approving Bidding Protections for the Stalking Horse Bidder, (C) Approving Procedures Related to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notices Related to the Auction and Sale, (E) Scheduling the Sale Hearing, and (F) Granting Related Relief* [Docket No. 11]. In support of its Objection, Cigna respectfully states as follows:

## BACKGROUND

1. Cigna and the Debtor are parties to an Administrative Services Contract (Level Funding) and a Stop Loss Policy[1] (jointly, the "Employee Benefits Agreements") that allow the Debtor to be self-insured[2] for its employee healthcare benefits plan. Under the Agreements, Cigna processes medical and pharmaceutical

---

[1] Including all amendments, riders, schedules, exhibits, certificates, renewal caveats and disclosures, addendums, letters of intent and banking agreements related thereto.
[2] Subject to the Stop Loss Policy.

- 2 -
OBJECTION OF CIGNA TO NOTICE TO CURE

claims of Debtor's employees ("Employee Healthcare Claims"), and the Debtor funds Employee Healthcare Claim payments to healthcare providers.

2.     On April 22, 2024, Debtor filed the Sale Motion seeking this Court's approval of the sale of its assets ("Sale") to the Stalking Horse Bidder or another buyer ("Buyer").  As part of the proposed Sale, the Debtor seeks authority to assume and assign certain of its executory contracts to the Buyer as of the effective date of the Sale.

3.     On April 29, 2024, the Debtor filed the Assignment Notice.  The Assignment Notice includes the following Cigna reference ("Cigna Listing"):

| 62 | Cigna Healthcare of California, Inc. | Benefit Provider Agreement | $0.00 |

The Assignment Notice includes no other Cigna references.[3]

## OBJECTION

4.     Cigna objects to the Assignment Notice because, *inter alia*, (i) it includes an ambiguous reference to Cigna that does not identify any specific contract; (ii) it fails to provide adequate or definitive notice of the proposed disposition of the Employee Benefits Agreements in the context of the Sale; and (iii) it does not propose to satisfy Debtor's cure obligations consistent with section 365(b)(1) of the Bankruptcy Code.

5.     For the avoidance of doubt, this Objection does not relate solely to a Cure Amount, and Cigna hereby expressly states that it does not consent to the assumption and assignment of the Employee Benefits Agreements unless and until this objection is fully resolved.

A.     Cigna Listing.

6.     The Assignment Notice contains the ambiguous listing "Benefit Provider Agreement," which does not specifically identify either of the Employee Benefits Agreements.  To the extent that the Debtor seeks to assume and assign the Employee

---

[3] Cigna Healthcare of California, Inc. is an affiliate of Cigna, but is not a party to the Employee Benefits Agreements.

Benefits Agreements, it must specifically identify the Employee Benefits Agreements it seeks to assume and assign.

B.  Proposed Disposition Of Employee Benefits Agreements.

7. Neither the Sale Motion nor the Assignment Notice list the contracts that the Debtor proposes to assume and assign. Instead, the Assignment Notice lists every "known" contract and proposes to assume and assign some or all of them. The Assignment Notice expressly states that the contracts listed therein may or may not be assumed and assigned. The only contracts to be assumed and assigned under proposed Order approving the Sale are the contracts that the winning bidder "wishes to assume" (defined as "Assigned Contracts").[4] This violates both the letter and spirit of Rule 6006(f)(2) of the Federal Rules of Bankruptcy Procedure.

8. Non-Debtor counterparties to Debtors' contracts will receive no definitive notice of their inclusion in or exclusion from the list of Assigned Contracts prior to the hearing where approval of such assumption and assignment will be sought. Further, because the Closing is scheduled to be held the day after the Sale Hearing, non-Debtor counterparties may not know the disposition of their contract until after Closing.

9. In short, the Debtor seeks this Court's approval of a process that will give it authority with which it can assume and assign any or all of its contracts without meaningful notice to non-Debtor counterparties.

10. Under the Employee Benefits Agreements, Cigna facilitates the provision of healthcare benefits to Debtor's employees. The disposition of the Employee Benefits Agreements in the context of the Sale, and the timing of that disposition, could significantly impact healthcare coverage for employees. The uncertainty and lack of notice created by the Debtor's Sale process will prejudice non-Debtors, including covered employees, their dependents, and Cigna.

---

[4] *Declaration of Sankaet Pathak in Support of All of the Debtor's "First-Day Motions"* [Docket No. 12], Exhibit 8, p. 2.

11. Pending receipt and review of a final and unequivocal notice of such disposition, Cigna reserves the right to further respond to the Assignment Notice and/or the Sale Motion.

C. <u>Cure</u>.

12. When a contract is assumed under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be made whole at the time of the debtor's assumption of the contract. *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). Accordingly, to the extent that the Debtor seeks to assume and assign the Employee Benefits Agreements, the Debtor must pay the full cure amounts based upon the actual amounts that are due on the date that the Employee Benefits Agreements are assumed and assigned ("Effective Date"). *See* 11 U.S.C. § 365(b)(1).

13. Cigna expressly objects to the proposed cure amount of $0 in the Cure Notice as insufficient.

14. Amounts due under the Employee Benefits Agreements vary, and are subject to reconciliation and adjustment based upon, among other things, eligibility reports periodically submitted by the Debtor. As of May 1, 2024, $200,449.05 was due and owing to Cigna under the Employee Benefits Agreements, broken down as follows:

- April, 2024 - $85,813.26
- May, 2024 - $114,635.79

In addition, amounts will continue to become due and owing to Cigna under the Employee Benefits Agreements on and after May, 2024, and no cure amount can be fixed prior to the Effective Date. Any order permitting the assumption and assignment of the Employee Benefits Agreements must direct that the Debtor fully pay all amounts due to Cigna under those agreements as of the Effective Date, as a condition precedent to such assumption and assignment.

D.  <u>Interdependence</u>.

15.  The Administrative Services Contract and the Stop Loss Policy are interdependent and function as an integrated arrangement. Cigna objects to any assumption and assignment of either contract without the assumption and assignment of the other.

WHEREFORE, Cigna respectfully requests that this Court: (i) approve assumption and assignment of the Employee Benefits Agreements only to the extent consistent with the foregoing; and (ii) grant such further relief to Cigna as this Court deems just and equitable.

DATED: May 6, 2024          Respectfully submitted,

                            HOLLAND & KNIGHT LLP


                            By */s/   Andrew M. Cummings*
                                Robert J. Labate
                                Andrew M. Cummings

                            Attorneys for Cigna Health & Life Insurance Co.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Tel: 949.833.8550
Fax: 949.833.8540

**PROOF OF SERVICE DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4675 MacArthur Court, Suite 900, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **OBJECTION OF CIGNA TO NOTICE OF: (1) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (2) ESTABLISHMENT OF CURE AMOUNTS IN CONNECTION THEREWITH; (3) PROCEDURES AND DEADLINES REGARDING OPPOSITIONS TO ASSUMPTION AND ASSIGNMENT, AND CURE AMOUNTS; AND (4) HEARING THEREON** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

- Darren Azman    dazman@mwe.com
- Ron Bender    rb@lnbyg.com
- Russell Clementson    Russell.clementson@usdoj.gov
- Michael G. Farag    mfarag@gibsondunn.com
- Michael I. Gottfried    mgottfried@elkinskalt.com
- Steven T. Gubner    sgubner@bg.law
- Robert T. Honeywell    robert.honeywell@klgates.com
- Jake Jumbeck    jjumbeck@mwe.com
- Lance N. Jurich    ljurich@loeb.com
- Monica Y. Kim    myk@lnbyg.com
- Jeffrey C. Krause    jkrause@gibsondunn.com
- Adam A. Lewis    alewis@mofo.com
- Krikor J. Meshefejian    kjm@lnbyg.com
- David M. Poitras    dpoitras@bg.law
- Brandy A. Sargent    brandy.sargent@klgates.com
- Jason D. Strabo    jstrabo@mwe.com

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 6, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

2. **SERVED BY UNITED STATES MAIL**: On N/A, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 6, 2024 | Jennifer Vo | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |