LOEB & LOEB LLP
LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP
STANLEY F. ORSZULA (*pro hac vice*)
NATHAN Q. RUGG (*pro hac vice*)
ALEXANDER F. BERK (*pro hac vice*)
Stan.Orszula@bfkn.com
Nathan.Rugg@bfkn.com
Alexander.Berk@bfkn.com
200 W. Madison Street Suite 3900
Chicago, IL 60606
Telephone:   312.984.3100

Attorneys for American Bank, N.A.

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES INC., | Chapter 11 |
| Chapter 11 Debtor in Possession | **AMERICAN BANK, N.A.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S EMERGENCY MOTION FOR AN ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) APPROVING OF DEBTOR'S ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DETERMINING CURE AMOUNTS; (C) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (D) GRANTING** |

**RELATED RELIEF**

Date:      May 9, 2024
Time:      9:00 a.m.
Place:     Courtroom 303 21041
           Burbank Blvd. Woodland
           Hills, CA 91367

### Preliminary Statement and Factual Background

1.        American Bank, N.A. ("American Bank") does not seek to prevent or delay the proposed sale by Synapse Financing Technologies, Inc. (the "Debtor") to TabaPay Holdings LLC ("TabaPay"). Instead, American Bank submits this limited objection and reservation of rights to preserve certain of its rights and ensure that its ongoing discussions with the Debtor, TabaPay, and Evolve Bank & Trust ("Evolve") concerning a wind down of American's Bank's contractual relationship with the Debtor and transition of services is not disrupted by the proposed sale to TabaPay or any successful overbidder.

2.        American Bank and the Debtor are parties to that certain *Bank Services and Deposit Account Agreement* and certain related contracts (collectively, the "Agreement") under which the Debtor provides certain "middleware" services to American Bank that allow American Bank to work with financial technology companies to provide banking services to end users.

3.        Prior to the Debtor's petition date, American Bank sent a letter *to* the Debtor identifying various defaults under the Agreement resulting from the Debtor's prepetition financial difficulties and failures to comply with applicable law in rendering services under the Agreement (the "Default Notice"). In email correspondence exchanged following American Bank sending the Default Notice, the Debtor agreed to a mutual wind down of the relationship between American Bank and the Debtor. A true and correct copy of the Default Notice is attached as **Exhibit A**.

4.        On April 29, 2024, the Debtor filed and served both its *Notice of: (1) Assumption and Assignment of Executory Contracts and Unexpired Leases; (2) Establishment of Cure Amounts in Connection Therewith; (3) Procedures and Deadlines*

- 2 -

LIMITED OBJECTION AND RESERVATION OF RIGHTS

1   *Regarding Oppositions to Assumption and Assignment, and Cure Amounts; and (4) Hearing*

2   *Thereon* [Dkt. No. 74] (the "Assumption and Assignment Notice") and *Debtor's First*

3   *Omnibus Motion for Entry of an Order Authorizing Rejection of Executory Contracts and*

4   *Unexpired Leases; Memorandum of Points and Authorities; Declaration of Sankaet Pathak*

5   *in Support* [Dkt. No. 76] (the "Rejection Motion").

6         5.      Each of the Assumption and Assignment Notice and Rejection Motion

7   include a reference to the Agreement. Accordingly, it appears that the Debtor's position is

8   that the Agreement will be either Assumed and Assigned in connection with the sale to

9   TabaPay or rejected.

10         6.      With respect to the Assumption and Assignment Notice, the Debtor proposes

11   a $0.00 cure payment to American Bank and does not address how it intends to cure its

12   prepetition defaults as identified in the Default Notice. The Assumption and Assignment

13   Notice also indicates that evidence of TabaPay's ability to perform under any assumed and

14   assigned contracts will be filed on or before 5:00 p.m. PST on May 8, 2024, which is one

15   day after the deadline to object to assumption and assignment.

16                                                **Applicable Law**

17         7.      Section 365(b)(1) of the bankruptcy code requires a debtor that defaulted

18   under an executory contract prior to assumption to cure or provide adequate assurance of a

19   prompt cure of such defaults before the contract may be assumed. 11 U.S.C. § 365(b)(1).

20         8.      To assign an executory contract to a third-party, the debtor must meet the

21   requirements for assumption and also provide adequate assurance of the third-party's future

22   performance. 11 U.S.C. § 365(f)(2)(B).

23         9.      Section 365(c)(1)(A–B) of the bankruptcy code states that a debtor may not

24   assume or assign an executory contract if applicable law excuses a non-debtor counterparty

25   from "(A) . . .accepting performance from or rendering performance to an entity other than

26   the debtor or the debtor in possession, whether or not such contract or lease prohibits or

27   restricts assignment of rights or delegation of duties; and (B) such party does not consent to

28   such assumption or assignment[.]" 11 U.S.C. § 365(c)(1)(A–B).

LIMITED OBJECTION AND RESERVATION OF RIGHTS

**Argument and Reservation of Rights**

10.   The Debtor cannot assume and assign the Agreement for three (3) reasons.

11.   First, the Debtor has neither demonstrated that it has cured or will promptly cure the non-monetary defaults identified in the Default Notice as it is required to do under 365(b)(1) of the bankruptcy code.

12.   Second, as of the deadline to object to assumption and assignment there is no evidence in the record concerning TabaPay's ability to perform under the Agreement if it seeks to have the Agreement assigned to it as required by section 365(f)(2)(B) of the bankruptcy code.

13.   Third, even if the Debtor is able to meet the foregoing requirements prior to the scheduled sale hearing, the Agreement cannot be assumed and assigned pursuant to section 365(c)(1)(A–B) of the bankruptcy code because American Bank has not been given an opportunity to complete mandatory due diligence on TabaPay that is a condition precedent to American Bank's ability to contract with TabaPau and, accordingly, does not and cannot consent to assumption and assignment of the Agreement to TabaPay.

14.   American Bank's prudential regulator—the Office of the Comptroller of the Currency (the "OCC")—issued guidance in 2023 requiring that banks complete significant due diligence before contracting with third-parties. OCC Bulletin 2023-17, *Third-Party Relationships: Interagency Guidance on Risk Management*, (available at: https://www.occ.gov/news-issuances/bulletins/2023/bulletin-2023-17.html). The guidance states "[d]ue diligence includes assessing the third party's ability to: perform the activity as expected, adhere to a banking organization's policies related to the activity, comply with all applicable laws and regulations, and conduct the activity in a safe and sound manner." *Id.*

15.   American Bank's due diligence duties under the OCC's recent guidance are expanded upon in 88 FR 37920, which describes the following factors for banks to analyze when considering a contractual relationship with third-parties: (i) the third-party's business strategy and goals; (ii) the third-party's legal and regulatory compliance; (iii) the third-party's financial condition; (iv) the third-party's business experience; (v) the qualifications

- 4 -

1    and backgrounds of the third-party's key personnel; (vi) the third-party's risk management

2    policies and procedures; (vii) the third-party's information security protocols; (viii) the

3    third-party's management and information systems; (ix) the third-party's operational

4    resilience; (x) the third-party's incident reporting and management processes; (xi) the third-

5    party's physical security; (xii) the third-party's reliance on subcontractors; (xiii) the third-

6    party's insurance coverage; and (xiv) the third-party's contractual arrangements with

7    others. 88 FR 37920.

8         16.    The above-discussed guidance was supplemented earlier this month when

9    OCC, the Board of Governors of the Federal Reserve System, and the Federal Deposit

10   Insurance Corporation released a third-party risk management guide for community banks

11   that provides additional information on how banks must exercise their due diligence

12   obligations when contracting with third-parties. *See Third-Party Risk Management A Guide*

13   *for Community Banks*, Office of the Comptroller of the Currency, the Board of Governors

14   of the Federal Reserve System, and the Federal Deposit Insurance Corporation (available

15   at:    https://www.fdic.gov/resources/bankers/third-party-relationships/third-party-risk-

16   management-guide.pdf).

17        17.    With respect to proposed rejection of the Agreement, American Bank does

18   not contest the Debtor's ability to reject or that the debtor has properly exercised its business

19   judgment, but respectfully requests that any order authorizing rejection of the Agreement

20   include language requiring the Debtor's reasonable, ongoing cooperation with the ongoing

21   discussions among American Bank, the Debtor, and Evolve to wind down American Bank's

22   and the Debtor's relationship and to transition such obligations to a third-party, all in

23   accordance with American Bank's obligations under applicable federal and state banking

24   law and regulations, and other law applicable to American Bank.

25        18.    Finally, American Bank reserves all rights in connection with the assumption

26   and assignment or rejection of the Agreement.

27

28

LIMITED OBJECTION AND RESERVATION OF RIGHTS

## Conclusion

19.     For the foregoing reasons, American Bank respectfully requests that the Debtor not be permitted to assume and assign the Agreement to TabaPay and that, if the Debtor seeks to reject the Agreement, that the Debtor be required to continue cooperating in ongoing discussions as well any actual wind down of American Bank's and the Debtor's business relationship. American Bank reserves all rights concerning the foregoing.

Dated: May 6, 2024                          Respectfully submitted,

                                                                LOEB & LOEB LLP
                                                                LANCE N. JURICH

                                                                BARACK FERRAZZANO
                                                                KIRSCHBAUM & NAGELBERG LLP
                                                                STANLEY F. ORSZULA
                                                                NATHAN Q. RUGG
                                                                ALEXANDER F. BERK


                                                                By: /s/ Lance N. Jurich
                                                                      Lance Jurich


                                                                Attorneys for American Bank, N.A

LIMITED OBJECTION AND RESERVATION OF RIGHTS

# <u>Exhibit A</u>



234 5th Ave SW, Le Mars, IA 51031 | 712.546.2345

400 W Hwy 3, Remsen, IA 51050 | 712.786.1153

**VIA EMAIL AND FIRST CLASS MAIL**

April 16, 2024

Synapse Financial Technologies, Inc.
101 2nd Street, Suite 1500
San Francisco, CA 94101
Attn: Sankaet Pathak
legal@Synapsefi.com

      Re:    Bank Services and Deposit Account Agreement between Synapse Financial
Technologies, Inc. and American Bank, N.A.

Dear Mr. Pathak:

As you know, Synapse Financial Technologies, Inc. ("Synapse") and American Bank, N.A. (the "Bank") are parties to that certain Bank Services and Deposit Account Agreement between dated February 25, 2021 (the "Agreement").

This letter serves as Bank's notice to Synapse of its default under this Agreement under the following sections:

- Section 23(a)(i) for failure to "… comply with all laws, rules, and regulations". See Exhibit A attached hereto listing specific defaults.

- Section 23(a)(ii) for failure in "… performing its duties and obligations related to Bank Services and Company Services under this Agreement, shall comply with all Applicable Law and Bank's policies." See Exhibit A attached hereto listing specific defaults.

- Section 23(a)(iv) for failure to comply with all regulations of OFAC and the related obligations thereunder. See Exhibit A attached hereto listing specific defaults.

- Section 23(a)(viii)(E) for failure to inform Bank of changes in business, strategy, or financial condition.

Synapse may have committed under defaults and/or breaches of this Agreement, which remain under investigation by Bank.

2572339.v1

*am-bank.bank*

Accordingly, Bank may, among other things, immediately terminate the Agreement pursuant to <u>Section 31(b)(iii)</u>. Bank, in its sole and absolute discretion, may cease to offer the Banking Services under this Agreement immediately.

Nothing contained in this letter is intended to limit, nor shall it be deemed to limit or in any way affect, any of Bank's rights or remedies under the Agreement. All rights and remedies of Bank, whether at law or in equity, are expressly reserved.

Please contact us at your earliest convenience to discuss the transition and wind-down of the matters under the Agreement.

Sincerely,

Micah D. Lang
President
American Bank, N.A.

2572339.v1

**Exhibit A**

| Regulation | Area | Default |
|---|---|---|
| BSA | BSA Policy | Failure to timely provide Bank BSA policy |
| BSA | BSA Procedure | Failure to timely provide BSA Procedures for Beneficial Ownership |
| BSA | External Auditor Engagement letters | Failure to timely provide Bank external audit |
| Reg E | Reg E Notices | Failure to update Reg E notices and policies |
| Reg E | Reg E Policy/ Procedures | Failure to timely update Reg E policies |
| Reg E | Disputes - Wash/Net Zero Transactions, User to Platform transaction following PC | Failure to follow Reg E in connection with disputes |
| Reg E | Investigation Notes | Failure to timely implement and update Reg E investigation process |
| Reg E | Dispute Spreadsheet dated 1/25/2024 - questions on negative dispute days and greater than 90 dispute days | Failure to properly implement Reg E in connection with disputes |
| Reg E | Reg E Road Map - including Synapse Internal Audit | Failure to timely update and implement Reg E processes |
| Monitoring | Migration to internal process (replace Performline) | Lack of platform oversight |
| Monitoring | Internal Monitoring at Synapse | Failure to provide internal monitoring reports for KYC/BSA and Reg E. |
| BSA/Fraud | Fraud Sample | Failure to provide requested fraud samples. |
| Reg E | Dispute Spreadsheet | Failure to systemically and timely send a Reg E dispute report |
| Fraud | Fraud Process and Procedures | Failure to provide a fraud process and procedures for reporting to Bank |
| Reg E | Synapse Reg E Monitoring for 11.30.23 Completed 12.18.23 | Failure to explain discrepancy between open dispute and "chargeback received" |

| Regulation | Area | Default |
|---|---|---|
| | Synapse Reg E Monitoring for 11.30.23 Completed 12.18.23 | Failure to timely resolve Reg E dispute (open for approximately 56 days) |
| | Synapse Reg E Monitoring for 11.30.23 Completed 12.18.23 Synapse Reg E Monitoring for 11.30.23 Completed 12.18.23 | Failure to provide investigation notes for applicable disputes. |
| | Synapse Reg E Monitoring for 11.30.23 Completed 12.18.23 | Failure to validate when provisional credit letter was sent |
| | Synapse Reg E Monitoring for 11.30.23 Completed 12.18.23 | Failure to provide any letters on human error disputes |
| Reg E | Synapse Reg E Monitoring for 12.13.23 Completed 12.19.2023 | Failure to explain provisional credit process in connection with disputes for approximately 80% of disputes |
| | Synapse Reg E Monitoring for 12.13.23 Completed 12.19.2023 | Failure to validate if disputes greater than $25.00 met the Reg E investigation timelines |
| | Synapse Reg E Monitoring for 12.13.23 Completed 12.19.2023 | Failure to validate if disputes greater than $25.00 met the Reg E final notification timelines |
| BSA | Synapse Fraud Monitoring Memo 2.14.24 | Failure to monitor ongoing fraud investigation timelines |
| | Synapse Fraud Monitoring Memo 2.14.24 | Failure to monitor fraud and suspicious activity |
| | Synapse Fraud Monitoring Memo 2.14.24 | Failure to retain and produce fraud investigation notes |

2572339.v1

| Regulation | Area | Default |
|---|---|---|
| | Synapse Fraud Monitoring Memo 2.14.24 | Failure to maintain fraud monitoring platform roles |
| **Reg E** | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to provide provisional credit notice on 4 of 9 sampled disputes |
| | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to timely resolve disputes on 4 of 9 disputes |
| | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to show a reversal occurred after a date of a final notice |
| | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to provide documentation was for a canceled dispute |
| | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to follow procedures for provisional credit |
| | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to maintain records regarding date on final notice (does not match date on spreadsheet) |
| | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to maintain records regarding date on final notice (does not match date on spreadsheet) and show whether a reversal took place |
| | Synapse Reg E Monitoring for 1.25.24 Completed 2.21.24 | Failure to provide investigation notes for any of the disputes sampled. |
| **BSA** | Beneficial Ownership | Failure to properly understand beneficial ownership rules |
| **Reg P** | Privacy Policy | Failure to provide customer base with accurate Partner Bank privacy policy. |
| **Reg E** | Cardholder Agreement Updated (OCC requirement) for Reg E | Failure to have the required information within the cardholder agreement as it relates to Synapse relationship with American Bank. |

2572339.v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Blvd., Suite 2200, Los Angeles, California 90067.**

A true and correct copy of the foregoing document entitled (*specify*):  **AMERICAN BANK, N.A.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S EMERGENCY MOTION FOR AN ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) APPROVING OF DEBTOR'S ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DETERMINING CURE AMOUNTS; (C) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (D) GRANTING RELATED RELIEF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **5/6/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender, rb@lnbyg.com**
- **Russell Clementson, russell.clementson@usdoj.gov**
- **Steven T Gubner, sgubner@bg.law, ecf@bg.law**
- **Brandy Sargent, brandy.sargent@klgates.com**
- **Monica Y Kim, myk@lnbyg.com, myk@ecf.inforuptcy.com**
- **Krikor J Meshefejian, kjm@lnbyg.com**
- **David M Poitras, dpoitras@bg.law, ecf@bg.law**
- **Jeffrey C. Krause, jkrause@gibsondunn.com**
- **Ilissa Samplin, isamlin@gibsondunn.com**
- **Daniel Nowicki, dnowicki@gibsondunn.com**
- **Michael G. Farag, mfarag@gibsondunn.com**
- **Alexander Rheaume, ARheaume@mofo.com**
- **Alexander G. Severance, ASeverance@mofo.com**
- **Jason D Strabo jstrabo@mwe.com, jbishopjones@mwe.com**
- **Robert Labate, Robert.labate@hklaw.com**
- **Andrew Cummings, andrew.cummings@hklaw.com**
- **Jeffrey Wisler, jwisler@connollygallagher.com**
- **United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov**

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **5/6/2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Debtor, rb@lnbyg.com, myk@lnbyg.com, kjm@lnbyg.com, s@synapsefi.com, and tracey@synapsefi.com;
Stalking Horse Bidder. Robert.honeywell@klgates.com and Brandy.sargent@klgates.com;
Silicon Valley Bank, arheaume@mofo.com;
TriplePoint Capital LLC, grosenbaum@mwe.com, mrostov@mwe.com) and (dazman@mwe.com); and
U.S. Trustee, Russell.Clementson@usdoj.gov.

Hon. Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Courtroom 303
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/6/2024 | Fiona McKeown | /s/ Fiona McKeown |
|----------|----------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**