1  STEVEN T. GUBNER – Bar No. 156593
   DAVID M. POITRAS – Bar No. 141309
2  BG LAW LLP
   21650 Oxnard Street, Suite 500
3  Woodland Hills, CA 91367
   Telephone: (818) 827-9000
4  Facsimile: (818) 827-9099
   Email:    sgubner@bg.law
5             dpoitras@bg.law

6  Attorneys for Evolve Bank & Trust

7              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
8              SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:24-bk-10646-MB |
|---|---|
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| Debtor and Debtor-in-Possession. | **STATEMENT OF EVOLVE BANK & TRUST IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY WITH EVOLVE BANK & TRUST PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| | **Hearing:** <br> Date: May 9, 2024 <br> Time: 9:00 a.m. <br> Place: Courtroom 303 <br> 21041 Burbank Boulevard <br> Woodland Hills, CA 91367 |

2983015

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, SECURED CREDITORS, THE PROPOSED BUYER, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

Evolve Bank & Trust ("Evolve"), the counter-party with Synapse Financial Technologies, Inc., the debtor and debtor-in-possession herein (the "Debtor") concerning the *Debtor's Emergency Motion for Approval of Compromise of Controversy with Evolve Bank & Trust Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "9019 Motion")[Docket No. 9], the *Declaration of Tracey Guerin in Support of All of the Debtor's Motion to Approve Settlement with Evolve Bank & Trust Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Guerin Decl.")[Docket No. 10], the *Notice of Hearing on Debtor's Emergency Motion for Approval of Compromise of Controversy with Evolve Bank & Trust Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "9019 Notice")[Docket No. 75], and the *Notice of: (1) Assumption and Assignment of Executory Contracts and Unexpired Leases; (2) Establishment of Cure Amounts in Connection Therewith; (3) Procedures and Deadlines Regarding Oppositions to Assumption and Assignment, and Cure Amounts; and (4) Hearing Thereon* (the "Executory Contract Notice")[Docket No. 74], provides the following in support of the 9019 Motion.

The Debtor filed this chapter 11 case on April 22, 2024 (the "Petition Date"). In addition to the 9019 Motion, on the Petition Date, the Debtor filed emergency motions for: (a) *An Interim Order: (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; (III) Scheduling a Final Hearing; and (IV) Related Relief* [Docket No. 2], (b) *Entry of an Order: (I) Authorizing the Continued Use of its Cash Management System; (II) Authorizing the Maintenance of Certain Pre-Petition Bank Accounts and (III) Authorizing Banks to Release Administrative Holds and/or Freezes on the Debtor's Pre-Petition Accounts* [Docket No. 6], (c) *Entry of an Order Authorizing Debtor to Honor and/or Pay Pre-Petition Wages, Salaries, Commissions, and Vacation, Leave and Other Benefits, Reimbursable Expenses, Payroll Taxes and Workers' Compensation Insurance Costs* [Docket No. 7], (d) *Entry of an Order (A) Approving Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances; (B) Approving*

1

*Assumption and Assignment of Unexpired Leases and Executory Contracts and Determining Cure Amounts; (C) Waiving the 14-Day Stay Periods of Bankruptcy Rules 6004(h) and 6006(d); and (D) Granting Related Relief* (the "<u>Sale Motion</u>")[Docket No. 8], (e) *Entry of an Order (A) Approving Bidding Procedures with Respect to the Transfer and Sale of Substantially All of the Debtor's Assets; (B) Approving Bidding Protections for the Stalking Horse Bidder; (C) Approving Procedures Related to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Approving the Form and Manner of Notices Related to the Auction and Sale; (E) Scheduling the Sale Hearing; and (F) Granting Related Relief* [Docket No. 11], and (f) the *Declaration of Sankaet Pathak in Support of All of the Debtor's "First-Day Motions"* (the "<u>Pathak Decl.</u>")[Docket No. 12](collectively referred to hereinafter (along with the 9019 Motion) as the "<u>Emergency Motions</u>"). The initial hearings on the Emergency Motions were set for April 24, 2024, and the hearings were continued to April 26, 2024 and then April 29, 2024.  At the April 26, 2024 hearings, the Court set the hearings on approval of the Sale Motion and the 9019 Motion for May 9, 2024 at 9:00am, and ordered that any objections to the Sale Motion and the 9019 Motion be filed by May 7, 2024 at 5:00pm, and any reply to any objections to the Sale Motion and the 9019 Motion be filed by May 8, 2024 at 5:00pm.  By the Sale Motion, the Debtor seeks to sell substantially all of its assets, free and clear of all liens, claims and encumbrances to TabaPay Holdings, LLC ("<u>Taba</u>"), pursuant to the Asset Purchase Agreement ("<u>APA</u>") attached to the Pathak Decl. as <u>Exhibit 9</u>.  Under the APA, express conditions to closing include, among other things: (i) Evolve to ensure that all account balances of End-Users in FBO Accounts are fully funded to Taba's satisfaction, (ii) Evolve to execute a letter agreement, in form and substance satisfactory to Taba, pursuant to which, Evolve unconditionally consents in all respects to the consummation of the transactions contemplated by the APA subject only to Bankruptcy Court approval; and (iii) the Bankruptcy Court's approval of the 9019 Motion (pursuant to the APA, the Debtor cannot close the sale to Taba unless the Bankruptcy Court approves the 9019 Motion).

2

2983015

### A. Effectiveness of Relief Sought in the 9019 Motion.

The Settlement Agreement between Evolve and the Debtor provides that the Effective Date of the Settlement Agreement shall occur upon entry of an order of the Bankruptcy Court approving the 9019 Motion (and the Bankruptcy Court approving a waiver of the fourteen day appeal period).[1] Pursuant to the Settlement Agreement, the Effective Date is not conditioned upon or otherwise tied to the sale to Taba closing. Pursuant to the Settlement Agreement, the mutual general releases between the parties become effective on the later of the Funding Date[2] and the Effective Date.

Notwithstanding that the Effective Date of the Settlement Agreement is not conditioned upon or otherwise tied to the sale to Taba closing, the Debtor and TriplePoint Capital, LLC (the junior secured lender to the Debtor) sought Evolve's agreement to modify the Settlement Agreement to condition the effectiveness of the Settlement Agreement upon the closing of the sale to Taba. Evolve hereby notifies the Court and parties in interest that it agrees to modify the Settlement Agreement to condition the effectiveness of the Settlement Agreement upon the sale to Taba closing.

### B. Current Breakdown of the Reserve Funds.

The Settlement Agreement, in the recitals on page 1, references *"Evolve's funding, withdrawal and use of funds totaling $43,225,506.73 in, to and from the Reserve Account ("Reserve Funds")*. During the course of discussions between Evolve, the Debtor and Taba, Evolve let it be known that a portion of the Reserve Funds were moved by Evolve pursuant to the *Master Bank Services Agreement* between the Debtor and Evolve (the "MBSA")(executory contract number 98 on the Executory Contract Notice). In the interests of providing additional disclosure in the leadup to the May 9, 2024 hearing on the 9019 Motion, Evolve hereby sets forth the current breakdown of the Reserve Funds and Evolve's contractual entitlement to use the Reserve Funds to cover losses,

---

[1] The Settlement Agreement is attached to the Guerin Decl. as <u>Exhibit 1</u>.

[2] As a condition precedent to the releases provided in section 2 of the Settlement Agreement, no later than April 24, 2024 (the "<u>Funding Date</u>")(unless the Funding Date is extended by mutual agreement of the Debtor and Evolve), Evolve shall fund the FBO Accounts, shall ensure that all account balances of End-Users in FBO Accounts are fully funded, and shall provide reasonable evidence to the Debtor of same (the "<u>Evolve Funding</u>"). The Funding Date has been extended to May 8, 2024.

3

2983015

deficiencies, and amounts owed or due under the MBSA, and the movement of the Reserve Funds to cover such losses, deficiencies, and amounts owed or due under the MBSA.

Prior to April 8, 2024, the Reserve Funds were maintained in the Program Manager Reserve Account, which is a "a segregated account at Bank in the name of Bank" required by Section 13(a) of the MBSA. The MBSA further defines the term "Program Manager Reserve Account" as "a non-interest bearing demand deposit account established by Bank to fund certain of Program Manager's obligations to Bank."[3] In conformance with the terms of the MBSA, the account was established by Evolve, in the name of Evolve, for the purpose of creating a Program Manager Reserve Account.

Section 13(b) of the MBSA provides that the Reserve Funds may be accessed as follows: "Bank will have the right to access the funds in the Program Manager Reserve Account to offset any deficiency in any amount owed to Bank by Program Manager or any losses that Program Manager is liable for under this Agreement." Section 13(b) of the MBSA additionally provides that the Bank is authorized to withdraw Reserve Funds from the Program Manager Reserve Account to cover amounts due or owed under the MBSA: "Program Manager authorizes Bank, and irrevocably appoints Bank as its attorney-in-fact, to withdraw funds from the Program Manager Reserve Account to cover any amounts due under this Agreement, including but not limited to actual and potential losses, or any amounts owed under this Agreement or under other agreements between Bank and Program Manager." Neither Synapse nor any party other than Evolve has the authority or ability to access or withdraw funds from the Program Manager Reserve Account.

Separately, Section 7(o)(iv) of the MBSA contemplates the establishment of an omnibus custodial account owned by Evolve, in which Evolve holds End User Deposits for the benefit of End Users ("End User FBO Account"). Prior to April 8, 2024, Evolve was made aware that the APA would require End User account balances in the End User FBO Account to be fully funded to Taba's satisfaction. In addition, prior to April 8, 2024, Evolve learned that another deposit account, which was the account designated for receiving payments owed by Debtor to Evolve under the MBSA ("Evolve Fee Account"), was overdrawn by $5,401,777.28. Evolve determined that the negative

---

[3] The Debtor is the Program Manager under the MBSA.

4

2983015

balance was due to Debtor's obligations under the MBSA to pay certain fees to Evolve in exchange for banking services. Also prior to April 8, 2024, Evolve determined that it reasonably expected to incur potential losses of up to $2,500,000 in connection with winding down its relationship with Debtor, including legal fees and other expenses.

Accordingly, on April 8, 2024, in recognition and anticipation of these actual and potential losses, deficiencies, and amounts owed and/or due, Evolve exercised its exclusive and unilateral authority under Section 13(b) of the MBSA to access and withdraw the Reserve Funds from the Program Manager Reserve Account, and Evolve moved such funds to (i) the FBO Account, to cover a deficiency of at least $35,322,630.78, (ii) the Evolve Fee Account, to cover losses and a deficiency of $5,401,777.28, and (iii) an expense payable account, to cover potential losses of $2,500,000 that Evolve has or reasonably expects to incur in connection with winding down its relationship with Debtor. In so doing, Evolve acted entirely within its pre-petition contractual rights under the MBSA.

Finally, Evolves notes that it is a fully perfected secured creditor in respect of funds in the Program Manager Reserve Account. Section 13(c) of the MBSA grants to Evolve "a first priority security interest in the Program Manager Reserve Account and the funds therein or proceeds thereof," and additionally confirms that Evolve has "control" of the Program Manager Reserve Account, thereby perfecting Evolve's security interest under the laws of the state of Tennessee, which is the governing law under Section 43(a) of the MBSA.

In sum, Evolve submits this Statement to apprise the Court and parties-in-interest of (i) Evolve's willingness to condition the effectiveness of the Settlement Agreement upon the sale to Taba closing, and (ii) the movement of the Reserve Funds pursuant to the MBSA.

DATED: May 6, 2024                    Respectfully submitted,

                                    BG LAW LLP


                                    By:  /s/ David M. Poitras
                                        Steven T. Gubner
                                        David M. Poitras
                                Attorneys for Evolve Bank & Trust

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **STATEMENT OF EVOLVE BANK & TRUST IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY WITH EVOLVE BANK & TRUST PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 6, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **_____,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY NOT REQUIRED IF LESS THAN 25 PAGES (GENERAL ORDER 23-01).**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 6, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA EMAIL**

| | |
|---|---|
| Kroll Associates, Inc.<br>Attn. Heather Elizabeth Saydah<br>55. East 52nd Street, 17th Floor<br>New York, NY 10055<br>Heather.saydah@kroll.com | Mercury Technologies, Inc.<br>Attn. Celeste Ferber<br>333 Bush Street, Suite 1900<br>San Francisco, CA 94104<br>ccleste@mercury.com |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 6, 2024 | Mela Galvan | /s/ Mela Galvan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Ron Bender**     rb@lnbyg.com
- **Russell Clementson**     russell.clementson@usdoj.gov
- **Andrew Michael Cummings**     andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
- **Michael G. Farag**     mfarag@gibsondunn.com
- **Michael I. Gottfried**     mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Steven T Gubner**     sgubner@bg.law, ecf@bg.law
- **Robert T. Honeywell**     robert.honeywell@klgates.com
- **Lance N Jurich**     ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
- **Monica Y Kim**     myk@lnbyg.com, myk@ecf.inforuptcy.com
- **Jeffrey C Krause**     jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Adam A Lewis**     alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
- **Krikor J Meshefejian**     kjm@lnbyg.com
- **David M Poitras**     dpoitras@bg.law
- **Brandy A Sargent**     brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
- **Jason D Strabo**     jstrabo@mwe.com, jbishopjones@mwe.com
- **United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov
- **Jeffrey C Wisler**     jwisler@connollygallagher.com, dperkins@connollygallagher.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                               **F 9013-3.1.PROOF.SERVICE**