J. Scott Bovitz (#93548)
bovitz@bovitz-spitzer.com
**Bovitz & Spitzer**
1100 Wilshire Boulevard, Suite 2403
Los Angeles, California 90017-1961
(213) 346-8300; fax (213) 928-4174

Attorneys for EarnUp Inc.,
formerly EarnUp, LLC

# United States Bankruptcy Court
## Central District of California
## San Fernando Valley Division

| | |
|---|---|
| In re | Case Number 1:24-bk-10646-MB<br>Chapter 11 |
| **Synapse Financial Technologies, Inc.,** | **EarnUp Inc.'s Limited Objection to Proposed Assumption and Assignment of Contract** |
| Debtor and Debtor in Possession. | May 9, 2024<br>9:00 a.m.<br>Courtroom 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

**To: Hon. Martin R. Barash, U.S. Bankruptcy Judge**

**INTRODUCTION**

EarnUp Inc. (formerly EarnUp, LLC) is a counterparty to an agreement with Synapse Financial Technologies, Inc. ("Debtor").

EarnUp Inc. does not object to the Debtor's proposed sale to TabaPay Holdings LLC.

EarnUp Inc. does not object to an <u>assumption</u> of its contract with the Debtor, so long as the Debtor or assignee will "compensate" EarnUp Inc. for the Debtor's failure to return an unused reserve of approximately $32,464.77. 11 U.S.C. §365(b)(1)(B) ("...the trustee [the Debtor as debtor in possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee... compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor [EarnUp Inc.] to such contract or lease, for any actual pecuniary loss to such party resulting from such default"). This reserve ($32,464.77) may be property of EarnUp Inc. If the Court determines that the reserve is property of the Debtor, it is held for exclusive benefit of EarnUp Inc. This amount is not related to FBO monies of consumers.

Nor does EarnUp Inc. object to <u>assignment</u> of the contract to TabaPay Holdings LLC.

However, if an overbidder (a company not related to TabaPay Holdings LLC) is the successful purchaser of the Debtor's assets, EarnUp Inc. will require the Debtor and overbidder to demonstrate "adequate assurance of future performance" from the overbidder before assumption or assignment of the EarnUp Inc./Debtor contract. 11 U.S.C. §365(b)(1)(C) ("adequate assurance of future performance under such contract or lease"), (f)(2) ("adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease").

**EARNUP INC.'S BUSINESS MODEL**

EarnUp Inc. was formerly known as EarnUp, LLC.

EarnUp Inc. (earnup.com) works with lenders, credit unions, and employers to automate savings and debt payments of lenders', credit unions', and employers' borrowers (i.e., consumers).

EarnUp Inc. also provides tools to consumers to help them better manage their finances and debt. Consumers can schedule and automate loan payments that sync directly with their payday. Borrowers can make flexible, incremental payments by taking a single monthly loan payment and dividing it into two, three or four debits throughout the month, and choosing to sync with their payday. EarnUp Inc. enables consumers to reduce the likelihood of defaulting on a loan and paying late fees.

**THE APRIL 5, 2016 CONTRACT BETWEEN EARNUP, LLC AND SYNAPSE PAYMENTS, LLC**

There are five documents that embody the contract between the Debtor and EarnUp Inc. (EarnUp, LLC).

On April 5, 2016, Synapse Payments, LLC and EarnUp, LLC executed the *Third Party Platform SAAS Order Form* (Exhibit 1, including attached terms of service). The term SAAS refers to "software as a service." All exhibits are attached to the declaration of Aileen F. Casanave, filed herewith.

Synapse Payments, LLC agreed to assist EarnUp, LLC to service EarnUp, LLC's customers. Synapse Payments, LLC would do its work behind the scenes.

For Synapse Payments, LLC's services, EarnUp, LLC agreed to pay $2,000.00 a month (subscription fee) and a fee for each transaction. Exhibit 1, first page.

Upon request from Synapse Payments, LLC, EarnUp, LLC was obligated to deposit a reserve, if requested, to protect "SynapsePay" from potential obligations. Exhibit 1, ¶4(c):

> Prior to utilizing the Services, Customer shall deposit the initial reserve amount as detailed in the Order Form ("Reserve Amount"), if any, into a Reserve Account (as defined in the TOS [terms of service]) with SynapsePay to protect SynapsePay and our Financial Institution(s) against damages and loss under this Platform Agreement or TOS. Customer shall maintain funds equal to at least the Reserve Amount in the Reserve Account at all times and shall replenish the Reserve Account no later than the next business day after the account balance drops below the Reserve Amount and, if not replenished, Customer acknowledges SynapsePay and Financial Institution may fund the Reserve Account and/or setoff/recoup losses as further detailed in the TOS. [bracketed text added]

In plain English, the reserve would protect Synapse Financial Technologies, Inc. in case there is a charge back by an EarnUp, LLC customer or that customer's bank.

On the *Third Party Platform SAAS Order Form*, Synapse Payments, LLC stated that the "Initial Reserve Account" was "$0." Exhibit 1, first page.

**THE UNSIGNED NOVEMBER 2, 2020 SPECIFICATION SHEET BETWEEN EARNUP, LLC AND SYNAPSE**

On November 2, 2020, EarnUp, LLC and "Synapse" agreed to additional terms of their contact. This is embodied in a second document (Exhibit 2), *Specification Sheet Business Description & Integration Notes*.

As provided in Exhibit 2 (page 2): "EarnUp is an online platform to help consumers pay off loans and mortgages. EarnUp intends to utilize Synapse's platform to open customer accounts and aggregate ACH payments, which are then dispersed on the regularly scheduled bill payment time."

Fees for the Synapse services were listed on Exhibit 2 (page 6).

At this time, EarnUp, LLC agreed to provide $100,000.00 as an "Initial Reserve Amount." Exhibit 2, first page.

**THE MAY 27, 2021 FIRST AMENDMENT BETWEEN EARNUP, LLC AND SYNAPSE FINANCIAL TECHNOLOGIES, INC.**

On May 27, 2021, Synapse Financial Technologies, Inc. (the Debtor in this chapter 11 case) assumed the duties of the original contracting party (Synapse Payments, LLC) under the April 5, 2016 *Third Party Platform SAAS Order Form*. Exhibit 3, first page.

Synapse Financial Technologies, Inc. and EarnUp, LLC extended the term of the *Third Party Platform SAAS Order Form* to July 19, 2021. Exhibit 3, first page.

**THE JUNE 1, 2023 SECOND AMENDMENT BETWEEN EARNUP, LLC AND SYNAPSE FINANCIAL TECHNOLOGIES, INC.**

On June 1, 2023, Synapse Financial Technologies, Inc. and EarnUp, LLC entered into the *Second Amendment To Third Party Platform Agreement And Third Party Platform SAAS Order Form* (Exhibit 4).

Synapse Financial Technologies, Inc. and EarnUp, LLC extended the term of the *Third Party Platform SAAS Order Form* (Exhibit 1) through June 30, 2023, Exhibit 4, first page. (EarnUp, LLC has not yet located a counter-signed copy of Exhibit 4.)

**THE JULY 3, 2023 UPDATE TO THE TERMS OF SERVICE BETWEEN SYNAPSE FINANCIAL TECHNOLOGIES, INC. AND EARNUP, LLC**

On July 3, 2023, Synapse Financial Technologies, Inc. updated the terms of service (Exhibit 5) between Synapse Financial Technologies, Inc. and EarnUp, LLC.

**THE RESERVE ACCOUNT**

Synapse Financial Technologies, Inc. has completed all pending services under the contract, but the parties are in the process of amending the contract to establish brokerage accounts (in lieu of the FBO accounts) for future consumers. The parties agreed that the reserve of $32,464.77 in the Reserve Accounts would remain in place while another amendment to the contract is negotiated.

Synapse Financial Technologies, Inc. has already deducted all monies owed by EarnUp Inc. from the Reserve Accounts. All FBO accounts are empty, and funds were paid to the lenders and credit unions as required by contract. The remainder of the Reserve Account is approximately $32,464.77. See Exhibit 6, the calculation of the "EarnUp Reserve" from EarnUp Inc.'s business records ($32,249.07 listed on Exhibit 6 as "EarnUp reserve" plus $215.70 listed on Exhibit 6 as "Default Synapse Node").

This reserve account should be returned (paid) to EarnUp, LLC as a condition of the assumption and assignment of its contract. Alternatively, Synapse Financial Technologies, Inc. should transfer this reserve account to TabaPay Holdings LLC for the benefit of EarnUp, LLC under the assumed and assigned contract.

**CONCLUSION**

As outlined in the introduction, EarnUp Inc. does not object to the Debtor's proposed sale to TabaPay Holdings LLC -- if the Debtor or TabaPay Holdings LLC will return or transfer the reserve account ($32,464.77).

May 7, 2023

Bovitz & Spitzer
By: /s/ J. Scott Bovitz
     J. Scott Bovitz
Attorneys for EarnUp Inc.,
formerly EarnUp, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1100 Wilshire Boulevard, Suite 2403, Los Angeles, California 90017-1961

A true and correct copy of the foregoing document entitled (*specify*): _____
EarnUp, Inc.'s Limited Objection to Proposed Assumption and Assignment of Contract _____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/07/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See ECF service list, attached.

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/07/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

See email service list, attached.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/07/2024 | J. Scott Bovitz | /s/ J. Scott Bovitz |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 1:24-bk-10646-MB

## Electronic Mail Notice List

- **Ron Bender**  rb@lnbyg.com
- **J Scott Bovitz**  bovitz@bovitz-spitzer.com
- **Russell Clementson**  russell.clementson@usdoj.gov
- **Andrew Michael Cummings**  andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
- **Michael G. Farag**  mfarag@gibsondunn.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Steven T Gubner**  sgubner@bg.law, ecf@bg.law
- **Robert T. Honeywell**  robert.honeywell@klgates.com
- **Lance N Jurich**  ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
- **Monica Y Kim**  myk@lnbyg.com, myk@ecf.inforuptcy.com
- **Jeffrey C Krause**  jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Adam A Lewis**  alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
- **Krikor J Meshefejian**  kjm@lnbyg.com
- **David M Poitras**  dpoitras@bg.law
- **Brandy A Sargent**  brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
- **Jason D Strabo**  jstrabo@mwe.com, jbishopjones@mwe.com
- **United States Trustee (SV)**  ustpregion16.wh.ecf@usdoj.gov
- **Jeffrey C Wisler**  jwisler@connollygallagher.com, dperkins@connollygallagher.com
- **Beth Ann R. Young**  bry@lnbyg.com, bry@lnbyb.com

**e-Mailing Service for Case 1:24-bk-10646-MB**

Ron Bender (rb@lnbyg.com)
Monica Y. Kim (myk@lnbyg.com)
Krikor J. Meshefejian (kjm@lnbyg.com)
Sankaet Pathak (s@synapsefi.com)
Tracey Guerin (tracey@synapsefi.com)
Robert T. Honeywell (Robert.honeywell@klgates.com)
Brandy A. Sargent (Brandy.sargent@klgates.com)
Alexander G. Rheaume (arheaume@mofo.com)
Gary Rosenbaum (grosenbaum@mwe.com)
Michael Rostov (mrostov@mwe.com)
Darren Azman (dazman@mwe.com)
Russell Clementson (Russell.clementson@usdoj.gov)