RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyg.com; myk@lnbyg.com; kjm@lnbyg.com
Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>SYNAPSE FINANCIAL TECHNOLOGIES, INC.,<br><br>Chapter 11 Debtor in Possession | Case No.: 1:24-bk-10646-MB<br><br>Chapter 11 Case<br><br>**OMNIBUS REPLY TO OPPOSITIONS TO SALE MOTION, ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, REJECTION OF CONTRACTS AND LEASES, AND SETTLEMENT MOTION**<br><br>Date:   May 9, 2024<br>Time:  9:00 a.m.<br>Place:  Courtroom 303<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367 |

Synapse Financial Technologies, Inc., the chapter 11 debtor and debtor in possession in the above-captioned, chapter 11 bankruptcy case (the "Debtor"), hereby files this omnibus reply to the following oppositions/objections:

1. *Objection Of Cigna To Assumption And Assignment Of Executory Contracts* (Doc 103);

2. *Objection Of Cigna To Rejection Of Executory Contracts* (Doc 104);

3. *American Bank, N.A.'s Limited Objection And Reservation Of Rights To Sale Motion/Assumption And Assignment Of Executory Contracts* (Doc 105);

1

4. *Yotta Technologies, Inc.s' Limited Opposition To The Sale Motion* (Doc 112);

5. *EarnUp Inc.'s Limited Objection To Proposed Assumption And Assignment Of Contract* (Doc 113);

6. *SEON Technologies Kft.'s Unfiled Objection To Cure Amount* (attached hereto as Exhibit 1); and

7. *Lineage Bank's Objections To Sale Motion; Rejection Motion and Settlement Motion* (Doc 116).

A. <u>**Response to Cigna's Objections (Docs 103 and 104)**</u>.

Cigna's objection to the assumption and assignment of its contracts is moot because such contracts are not being assumed and assigned to Buyer. The Debtor proposes to resolve Cigna's objection to the rejection of its contracts by including in an order granting the Debtor's rejection motion language along the following lines which language remains subject to discussion between the Debtor and Cigna:

> Cigna Health and Life Insurance Company ("Cigna") and the Debtor are parties to an Administrative Services Contract (Level Funding) and a Stop Loss Policy (jointly, the "Employee Benefits Agreements") that facilitate the Debtor's self-insured for their employee healthcare benefits plan. Notwithstanding anything to the contrary in this Order or the Rejection Motion, unless Cigna and the Debtor agree otherwise, the Employee Benefits Agreements shall not be rejected absent further order of the Court.

B. <u>**Response to American Bank, N.A.'s Limited Objection (Doc 105)**</u>.

Any objection of American Bank, N.A. ("<u>American Bank</u>") to the assumption and assignment of its Agreement is moot because its Agreement will not be assumed and assigned to Buyer.

American Bank does not contest the Debtor's ability to reject the Agreement and agrees that the Debtor has properly exercised its business judgment, but nevertheless requests that "any order authorizing rejection of the Agreement include language requiring the Debtor's reasonable, ongoing cooperation with the ongoing discussions among American Bank, the Debtor, and Evolve to wind down American Bank's and the Debtor's relationship and to transition such

2

obligations to a third party, all in accordance with American Bank's obligations under applicable federal and state banking law and regulations, and other law applicable to American Bank.

The Debtor submits that any such language is outside of the scope of the relief requested by the Debtor in the rejection motion and all the Court should do is grant the motion and authorize the Debtor to reject the contract pursuant to section 365 of the Bankruptcy Code. The Court should not impose upon the estate any post-rejection obligations or order what may be tantamount to a partial rejection of the contract. The Court need not delve into whether and to what extent the Debtor has any ongoing obligations to American Bank post-rejection.

C. **Response to Yotta Technologies, Inc.'s Limited Opposition (Doc 112)**.

Yotta Technologies, Inc.'s limited opposition is moot because its MSA will not be assumed and assigned to Buyer.

D. **Response To EarnUp, Inc.'s Limited Objection (Doc 113)**.

EarnUp, Inc.'s limited objection is moot because its contract will not be assumed and assigned to Buyer.

E. **Response To SEON Technologies Kft.'s Unfiled Opposition**.

The Debtor received from SEON Technologies Kft. the "opposition" attached hereto as Exhibit 1. The opposition is moot because SEON's contract will not be assumed and assigned to buyer.

F. **Response To Lineage Bank's Objections To Sale Motion, Rejection Motion And Settlement Motion (Doc 116)**.

1. **Response to Objections to the Sale Transaction**

Lineage objects to the proposed sale to the extent the Sale Motion seeks or purports to transfer the Accounts without Buyer's assumption of the MSA. Schedule 1.1(f) of the APA, titled Bank Accounts, provides as a "Purchased Asset" as follows:

> All bank accounts in Seller's name or otherwise maintained on behalf of Seller which are required by the applicable financial institution to provide services to Contracts with Transferred Customers, but excluding any cash and cash

3

equivalents in any such account at the applicable Closing at which such account is transferred. Without limitation of the foregoing, Purchased Assets pursuant to this Schedule 1.1(f) shall include any and all accounts in Seller's name or otherwise maintained on behalf of Seller at the following institutions: (i) Lineage Bank; (ii) AMG National Trust; (iii) American Deposit Management; (iv) American Bank; (v) Customers Bank; (vi) CBW Bank; (vii) First Horizon Bank; and (viii) Evolve.

The APA also provides that all that is being transferred to Buyer is the Debtor's right, title and interest in and to the Bank Accounts. *See* APA, Article I, Section I.1. The Debtor's transfer of its right, title and interest in and to bank accounts in the Debtor's name expressly excludes any cash or cash equivalents in such accounts and is not inconsistent with the rights of end-users and does not provide for a transfer of any bank accounts to one or more different financial institutions. Moreover, the Debtor's transfer of its right, title and interest (if any) in and to any bank accounts does not require the assumption or assignment of any contract, and Debtor's agreement with Lineage will not be assumed and assigned to Buyer. Additionally, the Sale Motion does not request the Court make any determination regarding any requirement or obligation to preserve transaction data and records required to be kept by law. Finally, the APA does not eliminate Lineage's setoff and recoupment rights, though disputed (and section 1.2(g) of the APA could not be construed to limit any third party's setoff or recoupment rights since that section deals only with the Debtor's claims and causes of action that are excluded from the sale to Buyer, not a third party's rights).

**2.    Response to Objection to Assumption and Assignment of MSA**

Lineage's objection to assumption and assignment of its MSA is moot because the MSA will not be assumed and assigned to Buyer.

**3.    Response to Objection to Rejection of MSA**

There is no basis to *require* the Debtor to assume and assign the MSA, and Lineage has failed to demonstrate that it is not a sound exercise of the Debtor's business judgment to reject the MSA and avoid any administrative liability or obligation of the bankruptcy estate post-sale.

4

The Debtor does not have the ability to pay Lineage's purported cure amount of $755,550.04 which amount is disputed and offset by amounts Lineage owes Debtor, and the Debtor's exercise of its business judgment has not been disputed. Moreover, Buyer does not intend for the MSA with Lineage to be assumed and assigned to it and Buyer cannot be compelled to pay a cure amount for a contract it is not being assigned. There is no basis to deny the Debtor's request for an order authorizing the Debtor to reject the MSA with Lineage, or to *compel* the Debtor to assume the MSA.

4. **Response to Objection to Evolve Settlement**

Lineage's feigned "questions" regarding the terms of the settlement are disingenuous, and readily explained in the 9019 Motion and the Declaration of Tracey Guerin filed in support thereof. [See, Guerin Decl. at ¶¶11 – 16; and ¶¶17 – 21.] The fundamental terms of the settlement are laid out in detail in the 9019 Motion, as is the nature of the dispute between the parties. Indeed, confirming it understands all of this, Lineage admits in its Objection that its "relationship with the Debtor under the MSA has been plagued by the same profound issues involving the Debtor's operations that other bank partners (including Evolve) and Fin-Tech Customers of the Debtor have complained about." [Objection at page 4, ll. 27 – p.5, ll. 2.] Clearly, Lineage understands the nature of the dispute and the complicated accounting reconciliations that form the dispute between Evolve and the Debtor, ultimately culminating in the proposed Settlement. Moreover, any purported factual basis for Lineage's objections are disputed by the Debtor and contradicted by evidence demonstrating the Debtor's funding of the reserve balance from its Silicon Valley Bank account and Lineage's own admissions and representations that the remainder of funds transmitted to it were end user and Platform balances used, as represented by Lineage for "prefunding settlement" and not reserves.

The Court, in reviewing a proposed settlement, "is not to decide the numerous questions of law and fact but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), *accord, Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972). The court should not

conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d at 1328; *In re Blairu*, 538 F.2d 849 (9th Cir. 1976). Here, the level of information that Lineage is seeking in the Objection goes beyond "canvass[ing] the issues" and information that is necessary to determine if the settlement is within the range of reasonableness. As explained in the Guerin Declaration, the reconciliation is not only complicated, but disputed, and ultimately, "boils down to expert witness being able to independently reconcile the massive amounts of transactional data tied to the FBO Accounts for the years 2017 to date." [Guerin Decl. at ¶ 18.] Accordingly, the Debtor submits that sufficient information has been provided for the Court to canvas the issues and determine that this settlement falls within the range of reasonableness.

Dated: May 8, 2024

LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.


By: */s/ Krikor J. Meshefejian*
    RON BENDER
    MONICA Y. KIM
    KRIKOR J. MESHEFEJIAN
    Proposed Attorneys for Chapter 11 Debtor
    and Debtor in Possession

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2818 La Cienega Avenue, Los Angeles, California 90034

**A True And Correct Copy Of The Foregoing Document Entitled (***Specify***): OMNIBUS REPLY TO OPPOSITIONS TO SALE MOTION, ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, REJECTION OF CONTRACTS AND LEASES, AND SETTLEMENT MOTION will be served or was served** (a) **on the judge in chambers in the form and manner required by LBR 5005-2(d); and** (b) **in the manner stated below:**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 8, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyg.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Russell Clementson    russell.clementson@usdoj.gov
- Andrew Michael Cummings    andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
- Michael G. Farag    mfarag@gibsondunn.com
- Paul R. Glassman    pglassman@stradlinglaw.com
- Michael I. Gottfried    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Ralph P Guenther    rguenther@guentherlawgroup.com
- Robert T. Honeywell    robert.honeywell@klgates.com
- Lance N Jurich    ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
- Monica Y Kim    myk@lnbyg.com, myk@ecf.inforuptcy.com
- Jeffrey C Krause    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- Adam A Lewis    alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
- Krikor J Meshefejian    kjm@lnbyg.com
- Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com
- David M Poitras    dpoitras@bg.law
- Brandy A Sargent    brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
- Jason D Strabo    jstrabo@mwe.com, jbishopjones@mwe.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Jeffrey C Wisler    jwisler@connollygallagher.com, dperkins@connollygallagher.com
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **May 8, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 8, 2024**, I served the

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service by **OVERNIGHT MAIL/FEDEX** information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 8, 2024 | Krikor J. Meshefejian | /s/ Krikor J. Meshefejian |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**