**FILED & ENTERED**

**MAY 17 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fisherl    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| Debtor. | **INTERIM ORDER GRANTING IN PART AND DENYING IN PART EMERGENCY MOTION OF EVOLVE BANK & TRUST FOR AN ORDER DIRECTING THE DEBTOR TO RESTORE EVOLVE'S ACCESS TO THE DEBTOR'S DASHBOARD SYSTEM; OR, ALTERNATIVELY, TO CLOSE ALL OF THE DEBTOR'S DEMAND DEPOSIT ACCOUNTS AT EVOLVE ASSOCIATED WITH DEBTOR'S PROGRAMS [CASE DKT. 137]** |
| | Hearings |
| | Date: May 13, 14 & 17 |
| | Time: 2:30 p.m. (on May 13th) |
| | 1:00 p.m. (on May 14th) |
| | 9:00 a.m. (on May 17th) |
| | Ctrm: 303 |
| | United States Bankruptcy Court |
| | Central District of California |
| | 21041 Burbank Boulevard |
| | Woodland Hills, CA  91367 |
| | Parties appeared in person and by Zoom.Gov audio and video |

On May 13, 14 and 17, 2024, the Court conducted hearings on the *Emergency Motion of Evolve Bank & Trust ("Evolve") for an Order Directing the Debtor to Restore Evolve's Access to the Debtor's Dashboard System; or, alternatively, Authorizing Evolve to Close All of the Debtor's Demand Deposit Accounts at Evolve Associated with Debtor's Programs* (the "Emergency Motion," case dkt. 137) filed by Evolve Bank & Trust ("Evolve Bank").  Evolve Bank offered the declaration of W. Christopher Staab in support of the Emergency Motion.  David Poitras appeared on behalf of Evolve Bank at all hearings.  Caroline Stapleton appeared on behalf of Evolve Bank on May 13 and 14, 2024.  Ron Bender, Beth Young and Tracey Guerin appeared on behalf of the Debtor at all hearings.  Russell Clementson appeared at all hearings on behalf of the Office of the United States Trustee.  Assistant United States Attorney Elan Levey appeared at the request of the Court at the hearings on May 13 and 14, 2024.  Other appearances were as noted on the record.  As of May 17, 2024, the debtor and debtor in possession, Synapse Financial Technologies, Inc. (the "Debtor"), has not filed a response to the Emergency Motion and has not offered any evidence to controvert the declaration testimony of Mr. Staab.  At the hearing on May 17, 2024, counsel for the Debtor cross-examined Mr. Staab; the Court conducted its own examination of Mr. Staab, and finds his testimony to be credible.

Having considered the Emergency Motion, the testimony of Mr. Staab, and the arguments of counsel, and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that notice of the Emergency Motion and Hearing was due and proper under the circumstances; and it appearing that granting some part of the relief requested in the Emergency Motion is in the best interests of the Debtor, its estate, its creditors, the participating banks (including Evolve Bank), the financial technology platforms (the "Fintechs") serviced by the Debtor and the end user customers (the "End Users") of the financial technology platforms, for the reasons stated by the Court on the record, and for good cause appearing, **IT IS HEREBY ORDERED THAT:**

1. The Emergency Motion is **GRANTED IN PART** and the Debtor is ordered to maintain Evolve Bank's access to the Dashboard (as defined in the Emergency Motion) until further entry of a Court order.

2. The Debtor's counsel has represented to the Court that on or about May 16, 2024, the Debtor provided to Evolve Bank transaction and settlement reports requested by Evolve Bank. To the extent it has not provided such reports, the Debtor is ordered to provide them to Evolve Bank as soon as possible.

3. No later than **May 20, 2024**, the following parties must meet and confer (in person or via videoconference) regarding resolution of the issues in dispute that are denying End Users access to their funds:

    a. representatives of the Debtor with decision making authority;
    b. representative of the Debtor with the technical knowledge regarding the issues in dispute;
    c. counsel for the Debtor;
    d. representatives of Evolve Bank with decision making authority;
    e. representatives of Evolve Bank with the technical knowledge regarding the issues in dispute; and
    f. counsel for Evolve Bank.

    Representatives of the other participating banks, including Lineage Bank, may participate in the meet and confer. Russell Clementson (as counsel for the United States Trustee), and Assistance United States Attorney Levey, and any private mediator agreed upon by the parties, may participate in the meet and confer. Rule 408 of the Federal Rules of Evidence will govern the meet and confer.

4. To the extent the Emergency Motion seeks authority for Evolve Bank to close all of the Debtor's demand deposit accounts associated with the Debtor's programs, the Emergency Motion is **DENIED.**

5. The balance of the relief requested in the Emergency Motion is continued to **May 24, 2024 at 8:00 a.m.** All appearances will be by Zoom.Gov. Any supplemental evidence in support of, or opposition to the Emergency Motion must be filed no later than **5:00 p.m. on May 23, 2024**. **All declarants must appear by Zoom.Gov at the May 24,**

**2024 hearing or the Court may strike their declaration. A representative of the Debtor must appear by Zoom.Gov at the May 24, 2024 hearing**.

6. This order is effective as of **2:00 p.m. on May 17, 2024**, regardless of the date of entry of this Order.

###

Date: May 17, 2024

_____

Martin R Barash
United States Bankruptcy Judge