RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; MYK@LNBYG.COM; KJM@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

**FILED & ENTERED**

**MAY 24 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 Case |
| Debtor and Debtor in Possession | **ORDER GRANTING DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**<br><br>DATE:    May 9, 2024<br>TIME:    9:00 a.m.<br>PLACE:   Courtroom 303<br>         21041 Burbank Boulevard.<br>         Woodland Hills, CA 91367 |

On May 9, 2024, the Court held a hearing to consider the motion ("Motion") [Doc 76] filed by Synapse Financial Technologies, Inc. (the "Debtor"), debtor in possession in the above-captioned Chapter 11 bankruptcy case, for entry of an order authorizing the Debtor to reject, pursuant to 11 U.S.C. § 365, any executory contract and unexpired lease that is not assumed and assigned in connection with the Debtor's proposed sale of its assets. Appearances were as noted on the Court's record.

The Court, having read and considered the Motion, notice [Doc 74] of the Motion and the relief requested in the Motion having been appropriate under the circumstances and for the purposes of the relief granted by the Court pursuant to this Motion, and all other pleadings filed in support of, and in opposition to, the Motion, with good cause appearing, orders as follows:

1. The Motion is granted as set forth in this Order.

2. The Debtor is authorized, and is hereby deemed, to reject its executory contracts and unexpired leases, effective as of May 9, 2024, subject to paragraphs 3 and 4 of this Order.

3. Cigna Health and Life Insurance Company ("Cigna") and the Debtor are parties to an Administrative Services Contract (Level Funding) and a Stop Loss Policy (jointly, the "Employee Benefits Agreements") that facilitate the Debtor's self-insured employee healthcare benefits plan. Notwithstanding anything to the contrary in this Order or the Motion, unless Cigna and the Debtor agree otherwise, the Employee Benefits Agreements shall not be rejected effective as of May 9, 2024; provided, however, that the Employee Benefits Agreements shall be deemed terminated as of 12:01 a.m., on June 1, 2024 ("Termination Date"), and the Debtor may terminate the eligibility of some or all of its employees under the Debtor's employee healthcare benefits plan prior to such Termination Date by providing notice to Cigna.

4. Any party in interest may seek reconsideration of the relief being granted in this Order by filing with the Court and serving on the Debtor within fourteen days of service of this Order, a written request for reconsideration of such relief.

5. The Debtor shall serve a copy of this order on all known contracting counterparties affected by the Motion and this Order.

# # #

Date: May 24, 2024

Martin R Barash
United States Bankruptcy Judge