**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Joshua D. Morse (SBN 211050)
joshua.morse@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    415.983.1202

Claire K. Wu (SBN 295966)
claire.wu@pillsburylaw.com
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone:    213.488.3655

*Counsel for AMG National Trust Bank*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>SYNAPSE FINANCIAL TECHNOLOGIES, INC.,<br><br>Debtor. | Case No. 1:24-bk-10646-MB<br><br>Chapter 11<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Filed concurrently with Proposed Order] |

4875-8659-7316

This Stipulated Protective Order (the "Order" or "Protective Order") is entered into by and among Jelena McWilliams, Chapter 11 Trustee (the "Trustee") and Evolve Bank & Trust, American Bank, N.A., Lineage Bank, and AMG National Trust Bank (collectively, the "Banks," and together with the Trustee, the "Parties") by and through their undersigned attorneys. This Order shall govern the disclosure and discussion of information and documents by and among the Banks, including confidential trial balances or other financial account reconciliation information exchanged by the Banks regarding Synapse Financial Technologies, Inc. (the "Debtor") and/or its affiliates in connection with the above-captioned case (the "Case"). The purpose of this Order is to expedite the flow of information for purposes of the Trustee's reconciliation of the Debtor's and its clients' financial accounts, protect confidential material related thereto, ensure that the Parties are permitted reasonable, necessary use of such material, and address the handling of such material at the end of the Case. The Parties respectfully request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

**1.    DEFINITIONS**

1.1    Action: the Case, No. 1:24-bk-10646-MB, and contested matters or adversary proceedings in or under the Case.

1.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including, without limitation, any non-public personally identifiable information subject to protection under the Gramm-Leach Bliley Act of 1999 ("GLBA"), and any other applicable federal, state or local privacy laws.

1.4    Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

1.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in this Action.

1.7 <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff. "Outside Counsel of Record" also includes (a) counsel for any insurance carrier of a Party that has a duty to defend even if under a reservation of rights; (b) undersigned counsel for AMG National Trust Bank; and (c) counsel for the Trustee, Cravath, Swaine & Moore LLP.

1.10 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action. A Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Material (as defined below) pursuant to the terms of this Order. A Non-Party's use of this Order to protect its Protected Material does not entitle that Non-Party access to the Protected Material produced by any Party in this case.

1.12 <u>Protected Material(s)</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Protected Material(s) shall not include: (i) materials that have been disseminated to the public or otherwise communicated to a non-governmental third party other than the Debtor or its affiliates without restriction; (ii) materials that the Parties agree should not be designated Protected Materials; (iii) materials that the Parties agree, or the Court rules, are already public knowledge; (iv) materials that the Parties agree, or the Court rules, have become public knowledge other than as a result of disclosure by the Receiving Party (as defined below), its employees, or its agents in violation of this Order; or (v) materials that have come or will come into the Receiving Party's legitimate

2

knowledge independently of the production by the designating party. Prior legitimate knowledge must be established by pre-production documentation.

1.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.    SCOPE**

(a)    The protections conferred by this stipulation cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

(b)    All Protected Material shall be used solely for the above-captioned Action and any related appellate proceedings originating directly from the Action, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(c)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(d)    Nothing in this Order shall preclude any Receiving Party from showing Protected Material to an individual who either prepared the Protected Material or has prior personal knowledge of the Protected Material as demonstrated from the contents of the Protected Material or agreed by the Parties.

(e)    Nothing in this Order shall restrict in any way the use or disclosure of Disclosure or Discovery Material by a Receiving Party: (i) that is or has become disseminated to the public through no fault of the Receiving Party and without violation of this Order or other obligation to maintain confidentiality; (ii) that written records demonstrate was lawfully acquired by or previously known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

(f) This Order is without prejudice to the right of any Party to seek further or additional protection of any Disclosure or Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**3.    DURATION**

Even after final disposition and closure of this Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) closure of the Case and dismissal of all claims, defenses, and contested proceedings in this Action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and shall not make such designation absent a good-faith belief that the designated material satisfies the criteria set forth below. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing or changing the designation as appropriate.

4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under

this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to the file name and each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for electronic information in non-documentary form (*e.g.*, electronic file types other than documentary file types, and which do not have pages), that the Producing Party include in the file name, or in the name of an electronic folder or zip file holding the file, the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

4.3 <u>Inadvertent Failures to Designate Properly</u>.

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under this Order within a reasonable time of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days of its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in violation of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

(c) Nothing herein shall impair a Receiving Party's ability to challenge a Producing Party's designation in Section 5 below.

4.4 <u>Inadvertent Disclosure of Privileged Material</u>

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made within a reasonable time after the Producing Party learns of its inadvertent production.

6

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party. Any electronic copies and any pages containing privileged markings by the Receiving Party shall be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     In the event a Producing Party recalls privileged information under this Paragraph, the Producing Party shall, within seven (7) days, provide the Receiving Party with a description of the recalled privileged information in a manner consistent with the requirements of Federal Rule of Civil Procedure 26(b)(5)(B).

(d)     Nothing in this Paragraph shall preclude a Receiving Party from challenging the claim of privilege by a Producing Party, but the right to challenge such a designation shall not in any way entitle the Receiving Party to delay in returning the Discovery Material to the Producing Party.

## 5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

5.2     <u>Meet and Confer</u>. In the event that a Receiving Party objects to the designation of Disclosure or Discovery Material as "CONFIDENTIAL," with respect to any or all of such items, the Receiving Party shall advise the Designating Party, in writing, of such objections, the specific Disclosure or Discovery Material to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a)     The objecting Party shall have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(b)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either

7

Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(c) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (i) the Party who designated the Discovery Material in question withdraws such designation in writing; or (ii) the Court rules that the Discovery Material in question is not entitled to the designation.

**6. ACCESS AND USE OF PROTECTED MATERIALS**

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with ongoing reconciliation activities associated with this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Party's accountants, the U.S. Trustee, Outside Counsel of Record in this Action, and employees of them to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(g) the Party's primary federal and state regulator(s) with visitorial powers over the Party; and

(h) any other person with the prior written consent of the Producing Party.

### 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### 8. NO REPRESENTATION OR WARRANTY AS TO INFORMATION DISCLOSED BY PARTIES

No Designating Party disclosing information under this Protective Order shall represent or warrant the veracity or completeness of such information.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Nothing in this Paragraph 9 shall preclude the Producing Party from pursuing its available remedies for the improper disclosure of Protected Materials.

**10.    MISCELLANEOUS**

10.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Disclosure or Discovery Material or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

10.3    Filing Protected Material.  Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material. This Protective Order does not entitle a Party to file Protected Material information under seal. A Party that seeks to file under seal any Protected Material must comply with Local Bankruptcy Rule 5003-2(c) and 11 U.S.C. § 107. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

10.4    Notices. All notices required by this Protective Order are to be served on the attorney(s) listed in the signature block below for each Party.

10.5    Agreement to be Bound. Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Material obtained by that Party or its counsel prior to execution, even if prior to entry of this Order by the Court. Each of the Parties agrees that the Protective Order shall be deemed effective *nunc pro tunc* as of May 20, 2024.

10.6    Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

10.7    Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

10.8    Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Disclosure or Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

10.9    Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the Bankruptcy Court. In the event anyone shall violate or threaten to violate material terms of this Protective Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

10.10  <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Central District of California, or the Court's own orders.

**11.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 3 (DURATION) above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).  Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**12.    OTHER PROCEEDINGS**.

By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that this information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly

12

4875-8659-7316

1  notify that party of the motion so that the party may have an opportunity to appear and be heard on

2  whether that information should be disclosed.

3  **IT IS SO STIPULATED.**

4  [signatures on next page]

| | | |
|---|---|---|
| 1 | Dated: May 31, 2024 | CHAPTER 11 TRUSTEE |
| 2 | | |
| 3 | | By: /s/ Jelena McWilliams |
| 4 | | Jelena McWilliams<br>Chapter 11 Trustee |
| 5 | | |
| 6 | Dated: May ___, 2024 | BG LAW |
| 7 | | |
| 8 | | By:_____<br>Steven T. Gubner |
| 9 | | Counsel to Evolve Bank & Trust |
| 10 | Dated: May ___, 2024 | BARACK FERRAZZANO KIRSCHBAUM & |
| 11 | | NAGELBERG LLP |
| 12 | | |
| 13 | | By:_____<br>Stanley F. Orszula |
| 14 | | Counsel to American Bank, N.A. |
| 15 | Dated: May ___, 2024 | BRADLEY ARANT BOULT CUMMINGS LLP |
| 16 | | |
| 17 | | By:_____ |
| 18 | | Chris Glenos<br>Counsel to Lineage Bank |
| 19 | | |
| 20 | Dated: May ___, 2024 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 21 | | |
| 22 | | By:_____ |
| 23 | | Joshua D. Morse<br>Counsel to AMG Trust Bank |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

14

Dated: May ___, 2024                        CHAPTER 11 TRUSTEE

By: _____
      Jelena McWilliams
Chapter 11 Trustee

Dated: May 31, 2024                         BG LAW

By: _____
      Steven T. Gubner
Counsel to Evolve Bank & Trust

Dated: May ___, 2024                        BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

By: _____
      Stanley F. Orszula
Counsel to American Bank, N.A.

Dated: May ___, 2024                        BRADLEY ARANT BOULT CUMMINGS LLP

By: _____
      Chris Glenos
Counsel to Lineage Bank

Dated: May ___, 2024                        PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____
      Joshua D. Morse
Counsel to AMG Trust Bank

| | | |
|---|---|---|
| Dated: May ___, 2024 | | CHAPTER 11 TRUSTEE |
| | | By: _____ |
| | | Jelena McWilliams |
| | | Chapter 11 Trustee |
| Dated: May ___, 2024 | | BG LAW |
| | | By: _____ |
| | | Steven T. Gubner |
| | | Counsel to Evolve Bank & Trust |
| Dated: May _31_, 2024 | | BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP |
| | | By: /s/ Stanley F. Orszula |
| | | Stanley F. Orszula |
| | | Counsel to American Bank, N.A. |
| Dated: May ___, 2024 | | BRADLEY ARANT BOULT CUMMINGS LLP |
| | | By: _____ |
| | | Chris Glenos |
| | | Counsel to Lineage Bank |
| Dated: May ___, 2024 | | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | | By: _____ |
| | | Joshua D. Morse |
| | | Counsel to AMG Trust Bank |

14

4875-8659-7316

| | | |
|---|---|---|
| 1 | Dated: May ___, 2024 | CHAPTER 11 TRUSTEE |
| 2 | | |
| 3 | | By:_____ |
| 4 | | Jelena McWilliams<br>Chapter 11 Trustee |
| 5 | | |
| 6 | Dated: May ___, 2024 | BG LAW |
| 7 | | |
| 8 | | By:_____<br>Steven T. Gubner<br>Counsel to Evolve Bank & Trust |
| 9 | | |
| 10 | Dated: May ___, 2024 | BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP |
| 11 | | |
| 12 | | By:_____ |
| 13 | | Stanley F. Orszula<br>Counsel to American Bank, N.A. |
| 14 | | |
| 15 | Dated: May 31, 2024 | BRADLEY ARANT BOULT CUMMINGS LLP |
| 16 | | |
| 17 | | By: /s/ Chris Glenos |
| 18 | | Chris Glenos<br>Counsel to Lineage Bank |
| 19 | | |
| 20 | Dated: May ___, 2024 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 21 | | |
| 22 | | By:_____ |
| 23 | | Joshua D. Morse<br>Counsel to AMG Trust Bank |

14

4875-8659-7316

| | | |
|---|---|---|
| 1 | Dated: May ___, 2024 | CHAPTER 11 TRUSTEE |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Jelena McWilliams<br>Chapter 11 Trustee |
| 5 | | |
| 6 | Dated: May ___, 2024 | BG LAW |
| 7 | | |
| 8 | | By: _____<br>Steven T. Gubner |
| 9 | | Counsel to Evolve Bank & Trust |
| 10 | Dated: May ___, 2024 | BARACK FERRAZZANO KIRSCHBAUM & |
| 11 | | NAGELBERG LLP |
| 12 | | |
| 13 | | By: _____<br>Stanley F. Orszula |
| 14 | | Counsel to American Bank, N.A. |
| 15 | Dated: May ___, 2024 | BRADLEY ARANT BOULT CUMMINGS LLP |
| 16 | | |
| 17 | | By: _____ |
| 18 | | Chris Glenos<br>Counsel to Lineage Bank |
| 19 | | |
| 20 | Dated: May 31, 2024 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 21 | | |
| 22 | | By: */s/Claire K. Wu*_____ |
| 23 | | Claire K. Wu<br>Joshua D. Morse<br>Counsel to AMG National Trust Bank |

14

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the Central District of California on _____ (date) in the case of *In re Synapse Financial Technologies, Inc.*, Bankr. C.D. Cal., Case No. 1:24-bk-10646-MB. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further understand that I am to retain all copies of all Protected Materials provided to me in the Action in a secure manner, and that all copies of such Protected Materials are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such Protected Materials will be returned to counsel who provided me with such Protected Materials. I will not copy or use, except solely for the purposes of this Action, any Protected Materials obtained pursuant to the Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Action.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Dated: _____    City and State where signed: _____

Printed Name: _____

Signature: _____