CRAVATH, SWAINE & MOORE LLP
GEORGE H. ZOBITZ (*pro hac vice*)
jzobitz@cravath.com
ALEXANDER GERTEN (*pro hac vice*)
agerten@cravath.com
2 Manhattan West
375 9th Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KELLER BENVENUTTI KIM LLP
Jane Kim (Cal. Bar No. 298192)
(jkim@kbkllp.com)
JEREMY V. RICHARDS (Cal. Bar No. 102300)
(jrichards@kbkllp.com)
THOMAS B. RUPP (Cal. Bar. No. 278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California  94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Counsel for Jelena McWilliams,*
*in her capacity as Chapter 11 Trustee for*
*Synapse Financial Technologies, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| Debtor. | **STIPULATION BY AND BETWEEN CHAPTER 11 TRUSTEE AND SYNOPTEK, LLC WITH RESPECT TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS AND CERTAIN RELIEF FROM AUTOMATIC STAY** |
| | [Filed concurrently with Proposed Order] |

This stipulation and order (the "Stipulation") is entered into by and between Jelena McWilliams, Chapter 11 Trustee (the "Trustee") of the estate of Synapse Financial Technologies, Inc. (the "Debtor" or "Synapse") and Synoptek, LLC ("Synoptek") (together, the "Parties") by and through their undersigned attorneys.

**RECITALS**

WHEREAS, the Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (G). Venue is proper in this Court pursuant to 11 U.S.C. §§ 1408 and 1409.

WHEREAS, the statutory basis for the relief requested herein is 11 U.S.C. §§ 362 and 503(b)(1)(A) and Federal Rule of Bankruptcy Procedure 4001(d).

WHEREAS, on or about January 9, 2019, Synapse and Synoptek entered into a Master Service Agreement (the "MSA") for the purchase of contracted hardware, including two edge collectors (the "Hardware") and software (collectively, the "Product"), various professional services, and/or managed services (collectively, the "Services"), including client advisory, security event and information management, dedicated cloud, and threat intelligent reporting.

WHEREAS, on April 22, 2024 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

WHEREAS, On May 8, 2024, the Official Committee of Unsecured Creditors was appointed and on September 5, 2024, the Official Committee of Unsecured Creditors was dissolved.

WHEREAS, on May 24, 2024 (the "Appointment Date"), the Court entered its Order approving the appointment of Jelena McWilliams as Chapter 11 Trustee.

WHEREAS, On April 29, 2024, Debtor filed its First Omnibus Motion for Entry of an Order Authorizing Rejection of Executory Contracts and Unexpired Leases as Docket No. 76. Synoptek is listed as Number 282 on page 16 of 33 as a "Services Agreement" to be rejected, effective as of April 29, 2024, if not assumed in the sale of Debtor's assets to be held on May 9, 2024. The sale did not

close. On May 24, 2024, the Court entered its Order granting the Motion, entered as Docket No. 195, with an effective rejection date of May 9, 2024.

WHEREAS, on August 14, 2024, Synoptek filed that certain *Notice of Motion and Motion for Relief From The Automatic Stay Under 11 U.S.C.§ 362* [Docket No. 338] (the "Lift Stay Motion").

WHEREAS, pursuant to the Lift Stay Motion, Synoptek requests that the automatic stay provisions of the Bankruptcy Court be lifted for the limited purpose and solely to the extent necessary to allow (but not require) Synoptek to terminate its services under the MSA and recover its hardware.

WHEREAS, on August 16, 2024, Synoptek filed that certain *Motion For Entry Of An Order Allowing And Compelling Payment Of Administrative Expense Claim* [Docket No. 349] (the "Administrative Expense Motion").

WHEREAS, pursuant to the Administrative Expense Motion, Synoptek requests that this Court allow its administrative expense claim in the amount of $39,855.70 through August 14, 2024, and continuing in the amount that continues to be incurred post-petition for services provided to the Debtor for the actual, necessary costs and expenses of preserving the estate.

WHEREAS, the Parties have agreed, subject to approval of the Court, to permit relief from the automatic stay and to resolve Synoptek administrative expense claims for the reasons set forth herein and subject to the terms and conditions set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the approval date being the "Effective Date").

2. On the Effective Date, the automatic stay provisions of the Bankruptcy Code shall be lifted for the limited purpose and solely to the extent necessary to allow (but not require) Synoptek to terminate its Services immediately.

3. Synoptek's administrative expense claim is allowed in the amount of $57,991.24, which is made up of $49,392.94 in post-petition costs of services for the last nine days of April 2024 and the months of May, June, July, August and September 2024 plus $8,598.30 in attorney's fees and costs related to this Case.

2

4.      Synoptek will have a contingent general unsecured claim in the amount of $3,000, which is the value of Synoptek-owned Hardware that was provided to Synapse and would ordinarily be returned to Synoptek under the terms of the MSA.

5.      Synapse may sell the Hardware provided that Synoptek approves the sale, with Synoptek to be paid the value of the Hardware from the proceeds of the sale and the contingent portion of Synoptek's general unsecured claim will be waived.

6.      Synapse may return the Hardware to Synoptek in reasonably good condition and the contingent portion of Synoptek's general unsecured claim will be waived.

7.      The Lift Stay Motion and Administrative Expense Motion are resolved by this Stipulation as of the Effective Date.

8.      Except as otherwise provided herein, nothing contained in this Stipulation is intended to be or shall be construed as (i) a waiver by the Trustee of any claims or causes of action that may exist against any creditor or interest holder, (ii) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, (iii) a waiver by the Trustee of her right to object to any and all proofs of claim relating to any action that have been or may be filed by the Synoptek in this Case, (iv) a promise or requirement to pay any particular claim, or (v) a waiver or limitation of the Trustee, Synoptek or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

9.      In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Lift Stay Motion and Administrative Expense Motion shall be reinstated with relevant dates and deadlines to be determined at a later time. The Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

10.      Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors, their successors in interest, and assigns, including, without limitation, any trustee in bankruptcy.

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court.

15. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of California, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

16. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[Signatures on the Next Page]

4

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: September 13, 2024 | **CHAPTER 11 TRUSTEE FOR SYNAPSE FINANCIAL TECHNOLOGIES, INC.** |
| 4 | | |
| 5 | | |
| 6 | | By: /s/ Thomas Rupp |
| 7 | | Thomas Rupp |
| 8 | | *Proposed Counsel for Jelena McWilliams, in her capacity as Chapter 11 Trustee for Synapse Financial Technologies, Inc.* |
| 9 | | |
| 10 | DATED: September 13, 2024 | **SYNOPTEK, LLC** |
| 11 | | |
| 12 | | By: [signature] |
| 13 | | Holly Roark |
| 14 | | *Counsel for Synoptek, LLC* |

###

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Cravath, Swaine & Moore LLP, 2 Manhattan West, 375 Ninth Avenue, New York, NY 10001

A true and correct copy of the foregoing document entitled (*specify*): _____
STIPULATION BY AND BETWEEN CHAPTER 11 TRUSTEE AND SYNOPTEK, LLC WITH RESPECT TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS AND CERTAIN RELIEF FROM AUTOMATIC STAY _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/13/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Raymond O Aghaian  raghaian@kilpatricktownsend.com, ndelman@kilpatricktownsend.com, moroberts@ktslaw.com
Ron Bender  rb@lnbyg.com
David A. Berkley  david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
J Scott Bovitz  bovitz@bovitz-spitzer.com
Rudy J Cerone  rcerone@mcglinchey.com, lgraff@mcglinchey.com; jingargiola@mcglinchey.com
Sara Chenetz  schenetz@perkinscoie.com, docketLA@perkinscole.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com; chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rlieibowiz@perkinscoie.com
Russell Clementson  russell.clementson@usdoj.gov
Andrew Michael Cummings  andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
Michael G. Farag  mfarag@gibsondunn.com
Paul R. Glassman  pglassman@stradlinlaw.com
Nicholas Christian Glenos  cglenos@bradley.com
Michael H Goldstein  mgoldstein@goodwinprocter.com, Aschaefer@goodwinlaw.com
Michael I. Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
Steven T Gubner  sgubner@bg.law, ecf@bg.law
Ralph P Guenther  rguenther@guentherlawgroup.com
Robert T. Honeywell  robert.honeywell@klgates.com
Lance N Jurich  ljurich@loeb.com, pmatsuda@loeb.com; ladocket@loeb.com; ljurich@ecf.courtdrive.com; fmckeown@loeb.com
Monica Y Kim  myk@lnbyg.com, myk@ecf.inforuptcy.com

Jeffrey C Krause  jkrause@gibsondunn.com, dtrujillo@gibsondunn.com; jstern@gibsondunn.com
William J Levant  wlevant@kaplaw.com, wlevant@gmail.com
Adam A Lewis  alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
Jelena McWilliams (TR)  jmcwilliams@cravath.com, mao@cravath.com
Krikor J Meshefejian  kjm@lnbyg.com
Fred Neufeld  fneufeld@stradlinglaw.com, tingman@sycr.com
Valerie Bantner Peo  vbantnerpeo@buchalter.com
David M Poitras  dpoitras@bg.law
Holly Roark  holly@roarklawboise.com, RoarkLawOffices@jubileebk.net
Paul M Rosenblatt  prosenblatt@kilpatricktownsend.com, moroberts@ktslaw.com
Brandy A Sargent  brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
Zev Schechtman  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com easter.santamaria@saul.com
Callan C Searcy  bk-csearcy@texasattorneygeneral.gov
Jason D Strabo  jstrabo@mwe.com, jbishopjones@mwe.com
United States Trustee (SV)  ustpregion16.wh.ecf@usdoj.gov
Jeffrey C Wisler  jwisler@connollygallagher.com, dperkins@connollygallagher.com
Claire K Wu  claire.wu@pillsburylaw.com, irene.hooper@pillsburylaw.com; docket@pillsburylaw.com
Beth Ann R. Young  bry@lnbyg.com, bry@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/13/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Darren Azman
One Vanderbilt Avenue
New York, NY 10017-3852

Jake Jumbeck
MCDERMOTT WILL & EMERY LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60606-0029

Robert J Labate
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Neda Shapourian
Unit21, Inc.

49 Geary St. Ste 200
San Francisco, CA 94108

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9/13/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/13/2024 | Robert N. Greenfield | /s/ Robert N. Greenfield |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |