CRAVATH, SWAINE & MOORE LLP
GEORGE H. ZOBITZ (*pro hac vice*)
jzobitz@cravath.com
ALEXANDER GERTEN (*pro hac vice*)
agerten@cravath.com
2 Manhattan West
375 9th Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KELLER BENVENUTTI KIM LLP
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
JEREMY V. RICHARDS (Cal. Bar No. 102300)
(jrichards@kbkllp.com)
THOMAS B. RUPP (Cal. Bar. No. 278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for Jelena McWilliams,*
*in her capacity as Chapter 11 Trustee for*
*Synapse Financial Technologies, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>SYNAPSE FINANCIAL TECHNOLOGIES, INC.,<br><br>    Debtor. | Case No.: 1:24-bk-10646-MB<br><br>Chapter 11<br><br>**DECLARATION OF JELENA MCWILLIAMS IN SUPPORT OF BIDDING PROCEDURES MOTION AND SALE MOTION**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

Ms. Jelena McWilliams, in her capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Case") of Synapse Financial Technologies, Inc. (the "Debtor"), hereby declares as follows:

1. The Trustee has personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. On May 24, 2024, following a hearing, the Court entered an order appointing a chapter 11 trustee (the "Appointment Order") [Dkt. No. 196]. As a result, Jelena McWilliams was appointed by the U.S. Trustee as the Chapter 11 Trustee in the above-captioned Case and continues to act in that capacity.

3. In her capacity as chapter 11 trustee, the Trustee has access to the Debtor's books and records and has become familiar with the organization, operations and financial condition of the Debtor. Any records and documents referred to in this declaration constitute writings taken, made or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make and maintain such records and documents. The statements set forth in this declaration are based upon the Trustee's own review and knowledge of the Debtor's books and records, and the Trustee's own knowledge of the Debtor's efforts to raise additional capital and market and sell the Debtor's assets as a going concern over the course of the past year and earlier in this Case.

4. The Trustee makes this declaration in support of the following motions (each a "Motion" and, collectively, the "Motions"):

1. Chapter 11 Trustee's Motion For An Order (A) Approving Bidding Procedures With Respect To The Transfer And Sale Of Substantially All Of The Debtor's Assets, (B) Approving Procedures Related To The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (C) Approving The Form And Manner Of Notices Related To The Auction And Sale, (D) Scheduling The Sale Hearing, And (E) Granting Related Relief (the "Bidding Procedures Motion"); and

2. Chapter 11 Trustee's Motion For An Order (A) Approving Sale Of Substantially All Of The Debtor's Assets Free And Clear Of All Liens, Claims, Interests And Encumbrances; (B) Approving Assumption And Assignment Of Unexpired Leases And Executory Contracts And Determining Cure Amounts; (C) Waiving The 14-Day Stay Periods Of Bankruptcy Rules 6004(H) And 6006(D); And (D) Granting Related Relief (the "Sale Motion").

5. Unless otherwise stated with specificity or implied by context, capitalized defined terms used in this declaration have the same meanings as attributed to them in the Motions.

6. On April 22, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), schedules and statement of financial affairs. That same day, the Debtor filed an emergency motion for an order approving the sale of all its assets for $9.7 million to TabaPay Holdings LLC and requested that a hearing take place on April 29, 2024. [Dkt. No. 8.] The Debtor has proprietary technology and software which essentially allows financial technology platforms called "fintechs" to provide certain financial products and services to the fintechs' customers (referred to as end users) through certain banking and financial service providers ("Partner Financial Institutions"). *Id*. The Debtor also filed a motion to approve a settlement reached with Evolve Bank & Trust ("Evolve"), one of its Partner Financial Institutions.

7. On May 1, 2024, the Court entered an order approving bidding procedures and set a hearing to approve the sale for May 9, 2024. [Dkt. No. 92.] The Debtor reported at the May 9 hearing that the settlement with Evolve had not been consummated due to disputes over Evolve funding a settlement payment. The buyer reported that it was unwilling to proceed with the sale without the Evolve settlement.

8. On May 13, 2024, Evolve filed a motion for an order restoring access to the "Debtor's Dashboard System" or, alternatively, "Authorizing Evolve to Close all of the Debtor's Demand Deposit Accounts at Evolve Associated with Debtor's Programs". [Dkt. No. 137.] Evolve alleged that it had been denied access to the Debtor's computer systems and had been forced to freeze end user accounts. *Id.*

9. On May 13, 2024, the Court conducted a status conference on the sale and a hearing on Evolve's motion. Although extensive arguments were made by counsel and their clients assessing relative blame, it was undisputed that end users had lost access to funds.

10. On May 14, 2024, the Court conducted another status conference regarding access of end users to their funds and for continued use of cash collateral. The Debtor and secured creditors stated that they had agreed to the use of cash collateral through Friday, May 17.

11. On May 15, 2024, the United States Trustee for the Central District of California (the "U.S. Trustee") filed a motion on an emergency basis requesting that the Court enter an order converting the Chapter 11 Case to chapter 7 for cause, or, in the alternative, for the appointment of a chapter 11 trustee. [Dkt. No. 146.]. On May 24, 2024 (the "Appointment Date"), Jelena McWilliams was appointed as the Chapter 11 Trustee in this Case. [Dkt. No. 196.]

12. The Debtor was founded by Sankaet Pathak as "Synapse Payments LLC" in 2014 and changed its name, pursuant to its conversion to a corporation, to "Synapse Financial Technologies, Inc." in 2016. [Dkt. No. 12.] The Debtor represented itself as a technology and software company with a mission to ensure that everyone around the world has access to best-in-class financial products, regardless of their net worth. *Id.* The Debtor has proprietary technology and software which essentially allows financial technology platforms called "fintechs" to provide certain financial products and services to the fintechs' customers (referred to as "end users" to avoid confusing them with the fintechs which are the Debtor's only customers) through the Debtor's relationships with bank partners and other financial service providers (referred to as "Partner Financial Institutions"). *Id.*

13. The Debtor represented that it is one of the first technology companies to pioneer a Banking as a Service (BaaS) platform to allow for the provision of Partner Financial Institutions financial products (*e.g.*, bank accounts, card products, cash management accounts and related services, and loan products) to the customers of the fintechs (*i.e.*, the End Users). *Id.*

14. The Debtor's primary assets that the Trustee is seeking to sell are its proprietary technology platform and equity interests in its subsidiaries. To date, different prospective purchasers who have discussed a potential transaction with the Trustee and advisors have indicated that they are interested in acquiring a subset of the Debtor's assets rather than substantially all its assets. To that end, the Trustee may seek to sell distinct Synapse assets to separate bidders if she concludes that that will provide the highest value to the Estate.

15. Additional background information is included in Sankaet Pathak's Declaration in Support of First Day Motions filed on April 22, 2024 (the "April 22, 2024 Declaration"). *Id.*

3

16.  Since the Appointment Date, the Trustee and her advisors have focused their efforts on facilitating data sharing with its Partner Financial Institutions to enable them to reconcile ledgers and distribute funds to End Users of Synapse's platform. The Trustee has received inbound inquiries to purchase assets of the Debtor's estate. However, the Trustee and her advisors determined that it would be unduly burdensome and risky to effectuate a sale and transfer control of key Synapse systems while reconciliation efforts were ongoing. With an end to the reconciliation process in sight, the Trustee is seeking to formalize a sale process to receive the highest and best bid for some or all assets of the Debtor's estate.

17.  Notwithstanding the near-term completion of reconciliation work by Partner Financial Institutions, due to the likely need for Synapse's Partner Financial Institutions, in order for fintech customers and end users to continue to access information and systems currently owned by Synapse, and the substantial administrative claims of trade vendors key to that process, the Trustee believes it is in the best interest of the Estate and its stakeholders to place value on bids submitted in connection with the process that commits to assume claims of vendors that are essential to keeping Synapse dashboard access alive, commits to providing information to the Trustee, Synapse's Partner Financial Institutions and fintech customers for a reasonable period after closing of a sale to facilitate distributions to end users and fintech customers by Partner Financial Institutions, and completes remaining reconciliation work, in accordance with applicable law.

18.  After extensive consultation with the Trustee's financial advisor GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley"), and after taking into account the Debtors' financial situation, the Trustee established, subject to the approval of the Bankruptcy Court and the consent of the Debtor's secured creditors, the following proposed timetable in order to achieve the highest and best price for the Debtor's Purchased Assets:

| Date | Deadline |
|---|---|
| **October 25, 2024 at 4:00 p.m. (prevailing Pacific time)** | **Initial Indication of Interest Deadline** – This is the deadline for all parties who wish to be eligible to participate in the Auction to provide a non-binding written expression of interest and documentation pursuant to the "Participation Requirements" (as defined in Paragraph 5). |
| **November 1, 2024 at 4:00 p.m. (prevailing Pacific time)** | **Initial Bid Deadline** – This is the deadline by when initial bids must be submitted by parties who wish to participate in the Auction. In order to participate in the Auction, all prospective bidders must comply with the bid requirements set forth in paragraph 9 of the Bidding Procedures and do all of the following:<br>• Submit definitive documentation to acquire all or a part of the Purchased Assets;<br>• Submit all documents to enable B. Riley to determine whether the proposed bidder is financially qualified to participate in the Auction; and<br>• Submit a deposit equal to 10% of the purchase price, which deposit would be deemed non-refundable if the bidder is deemed to be the winning bidder at the Auction and then the Trustee's proposed free and clear sale of the Purchased Assets to the bidder is approved by the Bankruptcy Court. Bidders will have the right to withdraw their bid at any time up until noon (prevailing Pacific time) on November 14, 2024, in which case they will receive a return of their deposit and no longer be eligible to participate in the Auction. |
| **November 15, 2024 commencing at 10:00 a.m. (prevailing Pacific time)** | **Auction** – Auction to be held via videoconference. |

5

| Date | Deadline |
|---|---|
| **November 20, 2024 at 10 a.m. (prevailing Pacific time)** | **Sale Hearing** – This is the hearing for the Court to consider approval of the Trustee's proposed sale of the Purchased Assets to the winning bidder or bidders at the Auction and at which the Trustee will seek entry of an order approving this Motion. |
| **November 27, 2024** | **Sale Closing Deadline –** This is the outside date by when the winning bidder at the Auction is required to close its purchase of the Purchased Assets unless the winning bidder and the Trustee jointly agree to extend the outside closing date. |

19. While there is no assurance that a proposed sale or sales will actually close, the best chance this estate has of preserving as much value as possible is by virtue of a sale as soon as possible. Accordingly, the Debtor requests that the Court schedule a sale hearing on November 20, 2024 or otherwise in a timeline that allows for the sale to close by November 27, 2024.

20. The Trustee has concluded that the auction and bidding procedures outlined in the Motions are designed to enable the Debtor's estate to obtain the highest price possible for the Purchased Assets (including after taking into account execution risk) and provide the greatest possible recovery for the Debtor's creditors. The Trustee believes that the sale process will be thorough and adequate to obtain the highest and best offer for the Purchased Assets, subject to the opportunity for others to participate in accord with the proposed Bidding Procedures.

21. In connection with the above timeline, within one (1) business day after the Court's entry of the Bidding Procedures Order, the Trustee will make every effort to file with the Court and serve the Proposed Sale Notice ((see **Exhibit B** to the Bidding Procedures Motion), upon all known creditors and equity holders of the Debtor and its non-debtor subsidiaries and upon all prospective bidders via overnight mail and via email to the extent email addresses are known so that it is delivered no later than October 17, 2024.

22. Additionally, if deemed appropriate, within one (1) business day after the Selection of the Winning Bidder, the Trustee will make every effort to file with the Court and serve the Proposed Assumption/Assignment Notice (see **Exhibit C** to the Bidding Procedures Motion) on

6

each counterparty (including non-debtor subsidiaries if applicable) to an executory contract or unexpired lease (a "Counterparty") intended to be assumed and assigned to the Winning bidder and/or the Winning Backup Bidder via overnight mail and via email to the extent email addresses are known so that it is delivered no later than November 6, 2024.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of October 2024.

*/s/ Jelena McWilliams*

JELENA MCWILLIAMS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Cravath, Swaine & Moore LLP, 2 Manhattan West, 375 Ninth Avenue, New York, NY 10001

A true and correct copy of the foregoing document entitled (*specify*):  DECLARATION OF JELENA MCWILLIAMS IN SUPPORT OF BIDDING PROCEDURES MOTION AND SALE MOTION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/7/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Raymond O Aghaian    raghaian@kilpatricktownsend.com, ndelman@kilpatricktownsend.com;moroberts@ktslaw.com
Ron Bender    rb@lnbyg.com
David A Berkley    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
J Scott Bovitz    bovitz@bovitz-spitzer.com
Rudy J Cerone    rcerone@mcglinchey.com, lgraff@mcglinchey.com;jingargiola@mcglinchey.com
Sara Chenetz    schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
Russell Clementson    russell.clementson@usdoj.gov
Andrew Michael Cummings    andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
Michael G. Farag    mfarag@gibsondunn.com
Paul R. Glassman    pglassman@stradlinglaw.com
Nicholas Christian Glenos    cglenos@bradley.com
Michael H Goldstein    mgoldstein@goodwinprocter.com, ASchaefer@goodwinlaw.com
Michael I. Gottfried    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
Steven T Gubner    sgubner@bg.law, ecf@bg.law
Ralph P Guenther    rguenther@guentherlawgroup.com
Robert T. Honeywell    robert.honeywell@klgates.com
Lance N Jurich    ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
Monica Y Kim    myk@lnbyg.com, myk@ecf.inforuptcy.com
Jeffrey C Krause    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
William J Levant    wlevant@kaplaw.com, wlevant@gmail.com
Adam A Lewis    alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
Jelena McWilliams (TR)    jmcwilliams@cravath.com, mao@cravath.com
Krikor J Meshefejian    kjm@lnbyg.com
Fred Neufeld    fneufeld@stradlinglaw.com, tingman@sycr.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
David M Poitras    dpoitras@bg.law
Holly Roark    holly@roarklawoffices.com, courtnotices@roarklawoffices.com
Paul M Rosenblatt    prosenblatt@kilpatricktownsend.com, moroberts@ktslaw.com
Brandy A Sargent    brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
Callan C Searcy    bk-csearcy@texasattorneygeneral.gov
Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
Jason D Strabo    jstrabo@mwe.com, jbishopjones@mwe.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Jeffrey C Wisler    jwisler@connollygallagher.com, dperkins@connollygallagher.com
Claire K Wu    claire.wu@pillsburylaw.com, irene.hooper@pillsburylaw.com;docket@pillsburylaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/7/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Darren Azman
One Vanderbilt Avenue
New York, NY 10017-3852

Jake Jumbeck
MCDERMOTT WILL & EMERY LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60606-0029

Robert J Labate
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Neda Shapourian
Unit21, Inc.
49 Geary St. Ste 200
San Francisco, CA 94108

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/7/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/7/2024 | Robert N. Greenfield | /s/ *Robert N. Greenfield* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**