**AKERMAN LLP**
DENNIS N. LUECK, JR. (SBN 292414)
Email: dennis.lueck@akerman.com
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for GRABR, INC.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re; <br><br> SYNAPSE FINANCIAL TECHNOLOGIES, INC., <br><br> Debtor . | Case No. 1:24-bk-10646-MB <br><br> Chapter 11 <br><br> **NOTICE OF MOTION AND MOTION FOR ORDER SETTING 2004 EXAMINATION OF LINEAGE BANK; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIC I. GOLDBERG IN SUPPORT THEREOF** <br><br> [No Hearing Required Pursuant to Fed, R, Bankr. P. 2004; LBR 2004-1] |

**TO: THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, THE CHAPTER 11 TRUSTEE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

1

78318132;3

**PLEASE TAKE NOTICE** that Grabr, Inc. (**Grabr**) a party in interest in this proceeding, hereby submits this motion (the **2004 Motion**) for entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, compelling Lineage Bank's (**Lineage**) person(s) most knowledgeable to appear for examination and testify about the matters identified on Exhibit "A" attached hereto; and requiring Lineage to produce documents identified on Exhibit "B" attached hereto, at a time, place, and date set forth in a subpoena to be issued pursuant to Local Bankruptcy Rule 2004-1(e) and Bankruptcy Rule of Procedure 9016.

**PLEASE TAKE FURTHER NOTICE** that the requested oral examination and document production are necessary as Lineage refuses to provide Grabr with requested information and documents regarding ongoing reconciliation efforts and current balance detail for the various financial technology companies (**FinTechs**) on Synapse's platform, which are needed to properly inform impacted end users and facilitate timely resolution in this matter.  The requested examination cannot be taken under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure, as there is, at present, no adversary proceeding or contested matter pending in the Chapter 11 case to which this examination relates.

**PLEASE TAKE FURTHER NOTICE** that Grabr, through its counsel of record, has complied with Local Bankruptcy Rule 2004-1(a), which requires the moving party seeking an examination under Rule 2004, to first "attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place and scope of an examination or production." Grabr's counsel has made attempts to meet and confer as follows: on September 12, 2024, Grabr's counsel sent counsel for Lineage a letter inviting Lineage to provide requested information and documents informally, and no later than the close of business on September 18, 2024. (Declaration of Eric I. Goldberg (**Goldberg Decl.**), ¶ 5.) Counsel for Lineage failed to provide the requested materials. (*Id*.)  Grabr's counsel again attempted to contact counsel on October 11, October 15, and October 17, 2024 to seek

1 production of the materials that are the subject of this motion. (*Id.*) Counsel for Lineage

2 declined to provide those materials. (*Id.*)

3     **WHEREFORE**, Grabr respectfully requests that the Court enter an order:

4     **(1)** granting the 2004 Motion in its entirety;

5     **(2)** requiring Lineage's person(s) most knowledgeable to appear for oral

6 examination on the matters set forth in **Exhibit A** and permitting inspection of any and

7 all documentation listed in **Exhibit B**;

8     **(3)** granting such other and further relief as the Court deems proper and just.

10 Dated: October 21, 2024     **AKERMAN LLP**

12     By: /s/ *Dennis N. Lueck, Jr.*
           Dennis N. Lueck, Jr.
    Attorneys for GRABR, Inc.

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 950
DENVER, COLORADO 80202
TEL.: (303) 260-7712 – FAX: (303) 260-7714

3

78318132;3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Grabr, via its GrabrFi brand, was a FinTech customer of debtor Synapse Financial Technologies, Inc. and an interested party in this proceeding. (Goldberg Decl., ¶ 3.) At the time of debtor's bankruptcy filing, approximately 2,350 Grabr consumer customers maintained cash management accounts through Synapse Brokerage. LLC. To date, these customers have been unable to access their funds and remain in the dark about the status of funds pending ongoing reconciliation efforts by two of Synapse's partner banks[1]—including Lineage. (*Id*.) Upon information and belief, we believe at least some Grabr's customers' funds are at Lineage.

For months, Grabr, through its counsel, repeatedly attempted to contact Lineage for clarification as to the status of Grabr's customers' funds, with little success. (*Id.*, ¶ 4.)

On September 12, 2024, Grabr's counsel sent counsel for Lineage a letter inviting Lineage to provide requested information and documents informally, and no later than the close of business on September 18, 2024. (*Id.*, ¶ 5.) Counsel for Lineage failed to provide the requested information. (*Id*.) Grabr's counsel again attempted to contact counsel on October 11, October 15, and October 17, 2024 to seek production of the materials that are the subject of this motion. (*Id*.) Counsel for Lineage declined to provide those materials. (*Id*.)

Grabr and its counsel have been diligently monitoring debtor's bankruptcy proceedings, including reviewing the Chapter 11 trustee's status reports and attending the Court's status conferences. The Chapter 11 Trustee's Tenth Status Report, submitted on September 26, 2024, provided the following update on reconciliation efforts by Lineage, distribution of FBO ("for the benefit of") funds by Lineage, and the total estimated shortfall:

---

[1] Upon information and belief, some of Grabr's customers' funds are at Lineage and/or Evolve Bank & Trust.

- "As of September 26, Lineage has paid out $55,797,262 for the benefit of 6,006 end users, which represents 90% of the total FBO funds held at Lineage on May 24, 2024.  For the remaining funds, Lineage is working diligently to complete reconciliation and obtain payment instructions to make distributions."  (Doc. 384 at 8.)
- "There is no update to the aggregate $65 million to $95 million estimated shortfall [.]"  (*Id.*)

## II.    ARGUMENT

### A.    Scope and Purpose of the Examination.

Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Under Bankruptcy Rule 2004(b), the scope of said examination must relate to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . ."

The scope of an examination permitted under Rule 2004 is "exceptionally broad." *In re N. Plaza LLC*, 395 B.R. 113, 122, n. 9 (S.D. Cal. 2008); *see also In re W&S Investments, Inc*., 1993 WL 18272, *3 (9th Cir. 1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can legitimately be in the nature of a 'fishing expedition.'").  "Because the purpose of the Rule 2004 investigation . . . any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); *see also In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984) ("the clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors.").

In this case, the scope of the examination is to obtain information and documents relevant to (i) Lineage's reconciliation efforts to date, (ii) current and historical balance detail for the various FinTechs on Synapse's platform, and (iii) communication detail

78318132;3

1  between Lineage and Synapse related to the handling of the various FinTechs' funds
2  and their customers' funds, all of which are needed to properly inform impacted end
3  users and facilitate timely resolution in this matter. Grabr also anticipates the
4  documents and testimony elicited through the 2004 examination may also reveal
5  potential causes of action. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997)
6  ("Legitimate goals of Rule 2004 examinations include *'discovering assets, examining*
7  *transactions, and determining whether wrongdoing has occurred.*'") (emphasis in
8  original). As such, the oral examination and document production Grabr seeks fall well
9  within the scope of Rule 2004. Grabr has patiently waited for Lineage to complete the
10 process it has outlined to the Court over the last several months. However, Grabr is
11 increasingly concerned that its customers may not receive all of their funds. Grabr
12 should not be required to suffer further delays in investigation as a result of Lineage
13 and/or its counsel's non-cooperation with Grabr's repeated requests for information and
14 documents and good-faith attempt to meet and confer about the same. Moreover, time
15 is of essence given the substantial risk of irreparable harm. At this time, the estimated
16 shortfall remains unchanged—in the tens of millions—and Grabr has little clue as to
17 where end users' funds have gone and whether they will get any of it back.

18 **B.    The Location of the Examination is Proper.**

19 Bankruptcy Rule 2004(c) provides "[t]he attendance of an entity for examination
20 and for the production of documents, whether the examination is to be conducted within
21 or without the district in which the case is pending, may be compelled as provided in
22 Rule 9016 for the attendance of a witness at a hearing or trial." Bankruptcy Rule 9016
23 provides that Federal Rule of Civil Procedure 45 applies in bankruptcy cases.
24 Rule 45(b)(2) provides in part that a subpoenaed person may be served at any place
25 within the district of the issuing court, or at any place outside the district, but within
26 100 miles of the place specified for deposition. Here, the location of the examination
27 is proper because both Lineage was a business partners of the debtor and has already
28 appeared before the Court in this matter.

### C. Compliance With Local Rule 2004-1.

Local Bankr. Rule 2004-1(a). <u>Conference Required</u>. Counsel for Grabr attempted to meet and confer conferred with counsel for Lineage. *See* Goldberg Decl., ¶¶ 4-5. As of the filing of this 2004 Motion, counsel for Lineage have not responded to Grabr's requests for information and documents or otherwise attempted to arrange for a mutually agreeable date, time, place, and scope of examination or production.

Local Bankr. Rule 2004-1(b). <u>Motion</u>. The examinee is Lineage, located at 120 5th Ave N, Franklin, TN 37064. However, Grabr does not yet know who Lineage will designate as their respective person(s) most knowledgeable and therefore do not know the examinees' employment addresses. A summary of the effort to hold a conference, and a certificate of counsel addressing such effort, is attached hereto in the Goldberg Declaration. Finally, no adversary proceeding or contested matter is currently pending in this bankruptcy case, which would otherwise afford Grabr the opportunity to conduct the examination under Bankruptcy Rules 7030 and 9014. Thus, discovery under Rule 7030 or 9014 is unavailable to Grabr at this time.

Local Bankr. Rule 2004-1(c). <u>Notice and Service</u>. The 2004 Motion will be served on the Debtor, Debtor's counsel, the Chapter 11 Trustee, the Office of the United States Trustee, and Lineage at least twenty-one (21) days in advance of the date(s) scheduled for examination.

Local Bankr. Rule 2004-1(d). <u>Order</u>. This 2004 Motion may be granted by entered Court order without a hearing.

///
///
///
///
///
///
///

78318132;3

### III. CONCLUSION

Grabr respectfully requests this Court issue an order compelling Lineage to appear for oral examination pursuant to Bankruptcy Rule 2004 and produce the requested documents.

Dated: October 21, 2024         **AKERMAN LLP**

By: */s/ Dennis N. Lueck, Jr.*
    Dennis N. Lueck, Jr.
Attorneys for GRABR, Inc.

# EXHIBIT A: ORAL EXAMINATION TOPICS
# DEFINITIONS

As used herein, unless otherwise specified:

A.  The term "PERSON" includes a natural person or any legal or informal entity including but not limited to a firm, association, organization, business, trust, corporation or public entity.

B.  "YOU," "YOUR," and "YOURSELF" refer to the party ordered to respond to this document production request and its predecessors, successors, affiliates, partners, present and former employees, representatives, attorneys, accountants, auditors, agents, investigators and other persons or entities acting on its behalf or under its direction or control.

C.  The term "DEBTOR" or "SYNAPSE" refers to debtor Synapse Financial Technologies, Inc.

D.  The terms "DOCUMENTS" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including without limitation tape recordings and computer tapes and discs), however printed, produced or reproduced, coded or stored, of any kind or description, regardless of author or origin and whether or not sent or received, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation:  papers; books; accounts; letters; prospectuses; offering memoranda; solicitations; disclosures; models; photographs; correspondence; telegrams; telex messages; memoranda; notes; notations; work papers; routing slips; intra- and interoffice communications; intra- and interdepartmental communications; communications to, between or among directors, officers, agents and/or employees; transcripts, minutes, agendas, reports, notes or recordings of telephone or other conversations, or of interviews, or conferences, or of board, committee or subcommittee meetings, or of other meetings; affidavits; drawings; sketches; blueprints; statements; reports; summaries; indices; opinions; court pleadings (whether or not on file); studies;

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 950
DENVER, COLORADO 80202
TEL.: (303) 260-7712 – FAX: (303) 260-7714

1  analysis; forecasts; evaluations; contracts; invoices; purchase orders; requisitions;
2  notebooks; entries; ledgers; journals; books or records of accounts; balance sheets;
3  income statements; questionnaires; answers to questionnaires; statistical records;
4  petitions; advertisements; brochures; circulars; bulletins; pamphlets; trade letters; desk
5  calendars; appointment books; telephone logs; diaries; expense accounts or vouchers;
6  policy statements; manuals; rules; regulations; guidelines; newspaper stories; financial
7  or market reports; computer tapes and discs; magnetic tapes; punch cards; computer
8  printouts; microfilm or microfiche; all other records kept by electronic, photographic or
9  mechanical means; and any material underlying, supporting, or used in the preparation
10 of any such document, however produced or reproduced, which is in your possession,
11 custody or control or to which you have a right or privilege to examine upon request or
12 demand.

E. The phrase "FINTECH PARTNERS" or "FINTECHS" shall mean the financial technology companies impacted by the Chapter 11 bankruptcy case filed by debtor Synapse Financial Technologies, Inc. on April 22, 2024.

F. The phrase "PARTNER BANKS" refers to the following four banks that partnered with debtor Synapse Financial Technologies, Inc. to service different functions for debtor's fintech partners.: American Bank; AMG National Trust; Evolve Bank; and Lineage Bank.

G. The phrase "PERTAIN TO" or "PERTAINING TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing or course of dealing.

H. The term "COMMUNICATIONS" is used in these requests in a comprehensive sense, and means any instance in which information was transmitted between two or more persons, including any oral or written utterance, notation, or statement of any nature whatsoever, including but not limited to documents,

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 950
DENVER, COLORADO 80202
TEL.: (303) 260-7712 – FAX: (303) 260-7714

correspondence, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more persons.

I. The term "EVIDENCE" or "EVIDENCING" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

## ORAL EXAMINATION TOPICS

1. All reconciliation efforts in this matter by YOU or any of YOUR vendors or consultants from January 1, 2023 to the present.

2. The current balance detail for the various FINTECHS on SYNAPSE's platform, from January 1, 2023 to the present.

3. The DOCUMENTS solicited through the document requests enumerated in Exhibit B ("Documents to be Produced").

4. COMMUNICATIONS between YOU and SYNAPSE between January 1, 2023 to the present related to SYNAPSE's platform, management of FINTECHS' funds, which includes location, amounts, transfers, reserves, among others, and YOUR legal and contractual relationship with SYNAPSE and any FINTECHS on SYNAPSE's platform.

78318132;3

# EXHIBIT B

# DOCUMENTS TO BE PRODUCED

# INSTRUCTIONS

As used herein, unless otherwise specified, any capitalized terms in the document requests are to be interpreted in accordance with the definitions provided in Exhibit A ("Oral Examination Topics"). The following instructions apply to all demands for production of documents contained herein:

A.  In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, accountants, or by your attorneys or their agents, employees, representatives or investigators.

B.  In producing documents, any comment, notation, or marking appearing on any documents, and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.  In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.  In producing documents, all documents should be produced in the file, folder, envelope or other container in which the documents are kept or maintained. If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.  In producing documents, documents attached to each other must not be separated.

F.  Produce each requested document in its entirety including all attachments and enclosures even if only a portion of the document is responsive to the request.

///

78318132;3

G. In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response the precise grounds for objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention. Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any copies of it, the name of each person with whom it was discussed, and a general description of the nature and contents of the documents. Finally, you should identify and produce for inspection and copying all documents which fit the description set forth below as to which you do not assert any such privilege, objection or contention.

H. In producing documents, you are to consider this request a continuing request, and you are obligated to supplement your response by identifying and producing responsive documents that come to your attention, or into your possession, custody or control, subsequent to your response and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

I. Unless otherwise indicated in a particular request, produce documents dating from January 1, 2023 to the present in response to each and every request.

J. Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is responsive to more than one request, it is sufficient to identify only the first request to which the document is responsive.

## **DOCUMENTS TO BE PRODUCED**

1. Any and all DOCUMENTS reflecting any COMMUNICATIONS between YOU and any other PARTNER BANK(S) relating to any reconciliation efforts from January 1, 2023 to the present.

78318132;3

2. Any and all DOCUMENTS reflecting any COMMUNICATIONS between YOU and YOUR vendors or consultants relating to any reconciliation efforts from January 1, 2023 to the present.

3. Any and all DOCUMENTS reflecting any COMMUNICATIONS between YOU and any other PARTNER BANK regarding the current balance detail for the various FINTECHS on SYNAPSE's platform, from January 1, 2023 to the present.

4. Any and all DOCUMENTS reflecting any COMMUNICATIONS between YOU and YOUR vendors or consultants regarding the current balance detail for the various FINTECHS on SYNAPSE's platform, from January 1, 2023 to the present.

5. Any and all DOCUMENTS which EVIDENCE the total number of hours YOU and YOUR vendors or consultants have spent on reconciliation efforts in this case from January 1, 2023 to the present.

6. Any and all DOCUMENTS reflecting any COMMUNICATIONS between YOU and SYNAPSE between January 1, 2023 to the present related to SYNAPSE's platform, management of FINTECHS' funds, which includes location, amounts, transfers, reserves, among others, and YOUR legal and contractual relationship with SYNAPSE and any FINTECHS on SYNAPSE's platform.

7. Any and all DOCUMENTS which EVIDENCE the existence of any shortfall in the funds on SYNAPSE's platform prior to the filing of SYNAPSE's Chapter 11 bankruptcy case on April 22, 2024.

78318132;3