JELENA MCWILLIAMS
1601 K STREET NW
WASHINGTON, D.C. 2006-1682
jmcwilliams@cravath.com
Tel. 1-202-869-7710

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| | **CHAPTER 11 TRUSTEE'S FIFTEENTH STATUS REPORT** |
| Debtor. | DATE: February 7, 2025<br>TIME: 10:00 a.m. PT<br>PLACE: 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 and<br>Via ZoomGov |

TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND INTERESTED PARTIES:

I, Jelena McWilliams (the "Trustee"), the duly appointed, qualified and acting chapter 11 trustee for the estate of Debtor Synapse Financial Technologies, Inc. ("Synapse" or the "Debtor"), hereby submit my fifteenth "Chapter 11 Trustee's Status Report" (the "Report") and represent as follows:

## I.

## **TIMELINE OF EVENTS**

### A.   Filing of the Chapter 11 Case and Appointment of Chapter 11 Trustee

On April 22, 2024, the Debtor filed a voluntary chapter 11 petition, schedules and statement of financial affairs.

On May 24, 2024, following a hearing, the Court entered an order appointing a chapter 11 trustee (the "Appointment Order"), and Jelena McWilliams was appointed by the U.S. Trustee as the Chapter 11 Trustee in this Chapter 11 Case (the "Case"). [Dkt. No. 196].

On June 6, 2024, the Trustee filed the "Chapter 11 Trustee's Initial Status Report" (the "Initial Report"), and, on June 7, 2024, the Trustee presented the Initial Report at a Status Conference before the Court. On June 13, 2024, the Trustee filed the "Chapter 11 Trustee's Second Status Report" (the "Second Report"), and, on June 14, 2024, the Trustee presented the Second Report at a Status Conference before the Court. On June 20, 2024, the Trustee filed the "Chapter 11 Trustee's Third Status Report" (the "Third Report"), and, on June 21, 2024, the Trustee presented the Third Report at a Status Conference before the Court. On July 2, 2024, the Trustee filed the "Chapter 11 Trustee's Fourth Status Report" (the "Fourth Report"), and, on July 3, 2024, the Trustee presented the Fourth Report at a Status Conference before the Court. On July 16, 2024, the Trustee filed the "Chapter 11 Trustee's Fifth Status Report" (the "Fifth Report"), and, on July 17, 2024, the Trustee presented the Fifth Report at a Status Conference before the Court. On July 31, 2024, the Trustee filed the "Chapter 11 Trustee's Sixth Status Report" (the "Sixth Report"), and, on August 1, 2024, the Trustee presented the Sixth Report at a Status Conference before the Court. On August 13, 2024, the Trustee filed the "Chapter 11 Trustee's Seventh Status Report" (the "Seventh Report"), and, on August 14, 2024, the

Trustee presented the Seventh Report at a Status Conference before the Court. On August 29, 2024, the Trustee filed the "Chapter 11 Trustee's Eighth Status Report" (the "Eighth Report"), and, on August 30, 2024, the Trustee presented the Eighth Report at a Status Conference before the Court. On September 12, 2024, the Trustee filed the "Chapter 11 Trustee's Ninth Status Report" (the "Ninth Report"), and, on September 13, 2024, the Trustee presented the Ninth Report at a Status Conference before the Court. On September 26, 2024, the Trustee filed the "Chapter 11 Trustee's Tenth Status Report" (the "Tenth Report"), and, on September 27, 2024, the Trustee presented the Tenth Report at a Status Conference before the Court. On October 22, 2024 the Trustee filed the "Chapter 11 Trustee's Eleventh Status Report" (the "Eleventh Report"), and, on October 23, 2024, the Trustee presented the Eleventh Report at a Status Conference before the Court. On November 12, 2024 the Trustee filed the "Chapter 11 Trustee's Twelfth Status Report" (the "Twelfth Report"), and, on November 13, 2024, the Trustee presented the Twelfth Report at a Status Conference before the Court. On December 2, 2024 the Trustee filed the "Chapter 11 Trustee's Thirteenth Status Report" (the "Thirteenth Report"), and, on December 3, 2024, the Trustee presented the Thirteenth Report at a Status Conference before the Court. On January 6, 2025 the Trustee filed the "Chapter 11 Trustee's Fourteenth Status Report" (the "Fourteenth Report"), and, on January 7, 2025, the Trustee presented the Fourteenth Report at a Status Conference before the Court. Additional information about the timeline of events in this Case and the Debtor's historical business operations can be found in these previous reports.

### B.  Update on the Release of End User Funds

In May 2024, Synapse Partner Banks reported that approximately $219 million held on behalf of Synapse end users had been frozen due to financial ledger reconciliation issues. Reconciliation problems and various other disputes had ultimately resulted in the depletion of all Synapse corporate funds, the termination of all Synapse employees and the suspension of all Synapse operations. However, in light of the many affected end users and the significant end user funds at stake, a chapter 11 trustee was appointed to focus on end user-related matters in lieu of dismissing the bankruptcy case or converting the case to a chapter 7 liquidation. At the May 24, 2024 Trustee appointment hearing, Judge Barash noted that the Trustee's goal should be to "immediately start speaking to parties in interest and developing a plan to fund the continued preservation of Synapse's systems and data, and

2

to continue the process of sharing information and hopefully reaching some agreement with the participating banks that allows funds to be returned to end users, to the rightful owners of those funds, as soon as humanly possible."

Consistent with the directive at the appointment hearing, the efforts of the Trustee and her professionals have focused on work and coordination necessary to return the funds held at Partner Banks back to end users. As of the date of this report, the Trustee understands that the Partner Banks have paid to end users the vast majority of the $219 million that were frozen as of May 2024, and that other amounts end users are entitled to are subject to ongoing appeals processes and litigation. The Trustee further understands that for many of the remaining unpaid funds held at the Partner Banks, the Partner Banks are working to obtain payment instructions, reprocess failed payments and process appeals for end users who believe that they are owed more funds than they were paid.

- American Bank reports that it has not paid out any funds to date and holds approximately $42,339.67 of potential commercial end user funds, which the bank continues to investigate.
- AMG National Trust reports that it has paid out approximately $109,992,923 of the $110,290,040 held (approximately 99%) as of May 2024.
- Lineage Bank reports that it has paid out approximately $59,112,562 of the $62,094,379 held (approximately 95%) as of May 2024.
- Evolve reports that it has paid out $9,563,888 in DDA funds (more than the total amount of DDA funds reported to be held in as of May 2024) and continues to investigate the extent to which additional end users are entitled to DDA funds. Evolve reports that, as of December 19, 2024, initial payments were made to end users for all FBO funds shown to be due to those end users through Evolve's internal reconciliation process. In May 2024, Evolve reported that it held $46,926,558 in FBO funds for end users. Evolve has declined to report total numbers of FBO distributions to date or the potential use of reserve funds to pay end users.

3

C. **Further Reconciliation Efforts**

The Trustee is aware that many end users still have not received their expected amount of funds. As discussed in previous Reports, it appears that a shortfall between the amount of funds held at some Partner Banks and funds expected to be held based on the Synapse ledger existed prior to Synapse's bankruptcy. Due to the many difficulties in accurately accounting for money movements and the immense complexity of any reconciliation, the exact amounts and sources of the shortfall have not been clearly established. The Trustee is aware that parties-in-interest have sought or may seek alternative avenues to recover additional funds outside the voluntary reconciliation activities undertaken by the Trustee and the Partner Banks during the course of the bankruptcy, such as through regulatory enforcement action or litigation.

Due to the significant limitation of estate resources, the Trustee has been working with a third-party ledgering software company that offered their pro bono services to conduct a limited reconciliation of the Synapse ledger and accounts at key points in time. While this process is underway, given the significant costs of maintaining and interpreting the underlying data, the complexities of the Synapse internal system that outsiders have difficulty navigating, the considerable amount of data to parse and the lack of necessary information shared by some Partner Banks, the Trustee and her professionals expect any meaningful reconciliation to require significant time, additional money and other efforts.

D. **Data Preservation, Access and Analysis**

The Trustee is aware that the estate's data and records, especially records related to the financial ledger stored on MongoDB and AWS, are important to ongoing reconciliation and recovery efforts and has taken several steps to preserve, share and analyze this data.

First, the Trustee has preserved copies and cold storage versions of a number of datasets and is continuing to work with vendors to preserve cold storage copies of additional data and records.

Second, the Trustee has continued to share data and records requested by parties-in-interest to facilitate additional reconciliation efforts to the extent possible given the lack of estate resources and pre-existing legal obligations. Most recently, the Trustee's professionals at B. Riley identified and shared among all Partner Banks copies of a large set of trial balance records.

Third, the Trustee has explored many options to sell or grant custody of this data, both in live and cold storage formats, to parties who may be interested in preserving data copies and access for future reconciliation and recovery efforts. As of now, the Trustee and her professionals and the data vendors are responsible for safekeeping, maintaining, sorting and sharing all Synapse data, which includes incurring significant expenses and putting forth considerable hours of professional time related thereto. The tremendous volume of data, the various systems necessary to maintain the data in a user-friendly format and numerous third-party requests for specific information has kept the costs of data maintenance high. And while the Trustee has offered this data to federal and state regulatory entities and to qualified private parties, no entity to date has agreed to view, investigate or take over the data due to the expense and complexities of preserving this data.

### E.    Asset Sales

The Trustee and her professionals have received and continue to analyze certain inquires and bids regarding assets of the Debtor. While negotiations are underway, at this time, the purchase prices that have been offered are not high enough to justify the expenses to the estate in pursuing a sale, particularly in light of the considerable amount of debt secured against all assets of the estate. Therefore, the Trustee has also been engaged in discussions with the Debtor's secured creditors related to a possible deal that would allow some value to be returned back to the estate despite the significant size of debt secured against all assets of the estate. The Synapse data also constitutes assets of the estate and the Trustee and her professionals are hoping to find sustainable methods of preserving data, which could include a sale of the data to interested parties with the capability of financing data preservation and of handling the data in accordance with applicable privacy law, among other things. As of now, the Trustee has not been presented with any viable deals.

### F.    Dismissal or Conversion

In the event that the Trustee has exhausted the options for generating further value for the estate, the Trustee would explore filing a motion seeking dismissal of this Case or, in the alternative, conversion of this Case to chapter 7, as appropriate.

DATED: February 6, 2025

**JELENA MCWILLIAMS
CHAPTER 11 TRUSTEE**

By: _/S/ Jelena McWilliams_
Jelena McWilliams
Chapter 11 Trustee

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Cravath, Swaine & Moore LLP, Two Manhattan West, 375 Ninth Avenue, New York, NY 10001

A true and correct copy of the foregoing document entitled (*specify*): _____
CHAPTER 11 TRUSTEE'S FIFTEENTH STATUS REPORT_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/6/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ron Bender     rb@lnbyg.com
David A Berkley     david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
J Scott Bovitz     bovitz@bovitz-spitzer.com
Rudy J Cerone     rcerone@mcglinchey.com, lgraff@mcglinchey.com;jingargiola@mcglinchey.com
Sara Chenetz     schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
Russell Clementson     russell.clementson@usdoj.gov
Andrew Michael Cummings     andrew.cummings@hklaw.com, philip.dobbs@hklaw.com; hapi@hklaw.com; sandy.olalde@hklaw.com
Michael G. Farag     mfarag@gibsondunn.com
M Douglas Flahaut     df@echoparklegal.com
Jacqueline Foroutan     jacqueline.foroutan@akerman.com, akermanlas@akerman.com
Paul R. Glassman     pglassman@stradlinglaw.com
Nicholas Christian Glenos     cglenos@bradley.com
Michael H Goldstein     mgoldstein@goodwinprocter.com, ASchaefer@goodwinlaw.com
Michael I. Gottfried     mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com, docketing@elkinskalt.com,tparizad@elkinskalt.com
Steven T Gubner     sgubner@bg.law, ecf@bg.law
Ralph P Guenther     rguenther@guentherlawgroup.com
Robert T. Honeywell     robert.honeywell@klgates.com
Lance N Jurich     ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com; ljurich@ecf.courtdrive.com; fmckeown@loeb.com
Jane Kim     jkim@kellerbenvenutti.com
Monica Y Kim     myk@lnbyg.com, myk@ecf.inforuptcy.com
Jeffrey C Krause     jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
William J Levant     wlevant@kaplaw.com, wlevant@gmail.com
Adam A Lewis     alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
Norman Norman Lueck     dennis.lueck@akerman.com, katie.solem@akerman.com
Jelena McWilliams (TR)     jmcwilliams@cravath.com, mao@cravath.com
Krikor J Meshefejian     kjm@lnbyg.com
Fred Neufeld     fneufeld@stradlinglaw.com, tingman@sycr.com
Valerie Bantner Peo     vbantnerpeo@buchalter.com
David M Poitras     dpoitras@bg.law
Jeremy V Richards     jrichards@kbkllp.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
Holly Roark     holly@roarklawboise.com, RoarkLawOffices@jubileebk.net
Paul M Rosenblatt     prosenblatt@kilpatricktownsend.com, moroberts@ktslaw.com
Thomas B Rupp     trupp@kbkllp.com
Brandy A Sargent     brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                         F 9013-3.1.PROOF.SERVICE

Callan C Searcy     bk-csearcy@texasattorneygeneral.gov
Zev Shechtman     Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com, LitigationDocketing@saul.com
Jason D Strabo     jstrabo@mwe.com, jbishopjones@mwe.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
Jeffrey C Wisler     jwisler@connollygallagher.com, dperkins@connollygallagher.com
Claire K Wu     claire.wu@pillsburylaw.com, renee.evans@pillsburylaw.com;docket@pillsburylaw.com
Beth Ann R. Young     bry@lnbyg.com, bry@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/6/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 2/6/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/6/2025 | Robert N. Greenfield | /s/ *Robert N. Greenfield* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                        **F 9013-3.1.PROOF.SERVICE**