STEVEN T. GUBNER – Bar No. 156593
DAVID M. POITRAS – Bar No. 141309
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    sgubner@bg.law
          dpoitras@bg.law

JEFFREY NAIMON – DC Bar No. 429409 *(Admitted Pro Hac Vice)*
ARAVIND SWAMINATHAN – WA Bar No. 33883 *(Admitted Pro Hac Vice)*
EDWARD SOMERS – IL Bar No. 6300920 *(Admitted Pro Hac Vice)*
ORRICK, HERRINGTON & SUTCLIFFE LLP
2001 M Street NW
Washington, DC 20036
Telephone: (202) 349-8030
Email:    jnaimon@orrick.com
          aswaminathan@orrick.com
          esomers@orrick.com

Attorneys for Evolve Bank & Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>SYNAPSE FINANCIAL TECHNOLOGIES, INC.,<br><br>Debtor and Debtor-in-Possession. | Case No. 1:24-bk-10646-MB<br><br>Chapter 11<br><br>**EVOLVE BANK & TRUST'S LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY FILED BY AMAZON WEB SERVICES, INC.**<br><br>**[Docket No. 529]**<br><br>**Hearing:**<br>Date:    June 27, 2025<br>Time:    1:30 p.m.<br>Place:    Courtroom 303<br>         United States Bankruptcy Court<br>         21041 Burbank Boulevard<br>         Woodland Hills, CA 91367 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 11 TRUSTEE AND HER COUNSEL, AMAZON WEB SERVICES, INC., AND INTERESTED PARTIES:**

Evolve Bank & Trust ("Evolve"), a creditor and party-in-interest in the above-referenced chapter 11 case, hereby files this limited opposition ("Opposition") to the *Motion for Relief from the Automatic Stay as to Personal Property* (the "Motion") [Docket No. 529] filed by Amazon Web Services, Inc. ("AWS").

## I.    INTRODUCTION

By the Motion, AWS seeks relief from the automatic stay to terminate the cloud computing and data storage services provided by AWS to the Debtor and the bankruptcy estate. As set forth in the Motion "[t]ermination of the AWS Accounts will ultimately result in the deletion of any [and all] of the Debtor's stored data unless the Trustee [or a third party] moves such data from the AWS Accounts." Memorandum of Points and Authorities in Support of Amazon Web Services, Inc's Motion for Relief From the Automatic Stay to Terminate Executory Contract With Synapse Financial Technologies, Inc. ("AWS Memorandum") [Docket No. 529-1] ¶ 9. Critically, the data in the AWS Accounts contains billions of records pertaining to end users of Synapse Financial Technologies, Inc. ("Synapse" or "Debtor") and the fintech platforms with which it partnered, many of which Evolve expects to be relevant to ongoing reconciliation efforts and/or pending litigation arising from events that followed Synapse's bankruptcy filing in April 2024. Evolve is in the process of preserving this data with the assistance of a service provider, and it expects that this effort will take approximately 4 – 6 weeks to complete from the date of this filing.

## II.    RELEVANT BACKGROUND INFORMATION

Synapse, the chapter 11 debtor and debtor-in-possession in the above-captioned, chapter 11 bankruptcy case, filed a voluntary petition under Chapter 11 of Title 11, 11 U.S.C. Sections 101 *et seq.* (the "Bankruptcy Code") on April 22, 2024 (the "Petition Date").

On May 24, 2024, an order was entered appointing a chapter 11 trustee and Jelena McWilliams was appointed by the U.S. Trustee as the chapter 11 trustee in this case (the "Trustee"). [Docket No. 196]. Ms. McWilliams has served as the Trustee in this case since that date.

1

On June 5, 2025, the Trustee filed the *Motion of the Chapter 11 Trustee, Pursuant to 11 U.S.C. section 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or, in the Alternative, Dismiss the Chapter 11 Case* (the "Motion to Convert or Dismiss") [Docket No. 525]. The Motion to Convert or Dismiss is set for hearing on the same date and time as the Motion.

As set forth in the Motion, the Debtor and AWS are parties to an AWS Enterprise Agreement (the "Agreement") and an AWS Private Pricing Addendum (the "Addendum"). Pursuant to the Agreement and the Addendum, AWS provided the Debtor and the bankruptcy estate with cloud computing and storage services. These services include maintenance of approximately 675 terabytes of data in 35 data storage accounts (the "AWS Accounts"). By all indications, the Agreement and the Addendum were rejected by order of the court entered effective May 9, 2024. Notwithstanding, AWS has not yet terminated the Agreement or Addendum. AWS Memorandum ¶¶ 7, 9.

The data in the AWS Accounts includes billions of files, which include agreements, statements, and other records pertaining to end users of Synapse, its affiliate Synapse Brokerage LLC ("Synapse Brokerage"), and the fintech platforms that partnered with Synapse and Synapse Brokerage. It is Evolve's understanding that no complete record of these files is stored elsewhere, and that if they were to be deleted by AWS, information critical to the completion of a global reconciliation of Synapse end user accounts, as well as resolution of multiple active litigation matters, could be irretrievably lost.

The data set held by AWS also contains records relevant to ongoing consumer class action litigation pending in the United States District Court for the District of Colorado, and other litigation, and such data is the subject of a litigation hold notice and subpoena issued to AWS by Evolve.

To prevent the destruction of these records, which Evolve believes would be highly prejudicial to all parties impacted by the Synapse bankruptcy and subsequent events, Evolve sought and obtained authorization from the Synapse Trustee to access the AWS Accounts and download copies of the data stored therein. Since obtaining the Trustee's authorization, Evolve, through its service provider, has worked expeditiously to ascertain the manner in which the data is stored in the AWS Accounts, and the mechanisms available for downloading it as quickly as possible and

2

preserving it to ensure its continued availability. Evolve's service provider is now in the process of downloading the data from the AWS Accounts and expects that this process will be completed in 4 – 6 weeks from the date of this Opposition, assuming that there is no disruption in account access.

## III. OPPOSITION

For the reasons set forth below, Evolve opposes any actions by AWS that would result in the deletion, destruction or loss of data stored in the AWS accounts and asks that the Court defer the effective date of any order granting AWS relief from the automatic stay to permit Evolve to continue its efforts to download the data in the AWS Accounts without disruption, as the information contained therein is essential to reconciliation efforts and litigation impacting a broad set of interested parties that have been impacted by the Synapse bankruptcy and subsequent events.

### A. Evolve (and Other Interested Parties) Are Not in Receipt of all Historical Data Stored in the AWS Accounts.

In support of its Motion, AWS states that "the partner banks involved in the various transactions related to the Debtor are now in receipt of the historical data stored in the AWS Accounts." AWS Memorandum ¶ 14. That is not correct. Evolve is not in receipt of all historical data stored in the AWS Accounts and is not aware that any other party has received all of such data. Rather, as explained by the Trustee during her status update delivered on April 11, 2025, "partner banks are in receipt of copies of the MongoDB ledger in two subsets of Synapse historical data from the Debtor's Amazon Web Services environment." Declaration of Michael J. Gearin in Support of Motion for Relief from Stay, Exhibit I at 5:14-21. The MongoDB data is only a small fraction of the records stored with AWS and Evolve is not currently in possession of a copy of the overwhelming majority of the approximately 675 terabytes of data stored in the AWS Accounts.

### B. The Data and Information Housed at AWS is Critical to the Reconciliation and Litigation Process.

The information in the AWS Accounts, which Evolve is in the process of obtaining with the Trustee's authorization, is critical to the Synapse reconciliation process that Evolve has undertaken, all efforts to determine the location of Synapse end user funds, and to ongoing litigation stemming from events that followed Synapse's bankruptcy filing in April 2024. As explained above, if the

3

data in the AWS Accounts is not preserved, it is Evolve's understanding that neither Evolve nor any other interested party will have access to the end user records, Synapse corporate records, and other account and financial information contained therein. At this time, many important questions about Synapse, its recordkeeping, and its failure remain unanswered pending ongoing reconciliation efforts and active litigation. Permitting the termination of the AWS Accounts and the destruction of this data now, when Evolve is working expeditiously to ensure its preservation, would be manifestly unfair to all interested parties.

Evolve is in discussions with AWS for a consensual resolution to preserve the data and information until Evolve can complete its preservation of the data and information. Evolve intends to continue those efforts through the hearing date on the Motion. Notwithstanding, Evolve is filing this Opposition to apprise the court of the critical nature of the data and information housed at AWS, and to otherwise preserve all rights. Evolve will update the court prior to the hearing on the Motion if the parties are able to resolve the matter.

### C. **Evolve Intends to Complete its Preservation Efforts Within a Reasonable Period.**

AWS states that if the Court does not grant its Motion, "AWS will be forced to continue to perform services for the estate indefinitely, for free, and without assurances that it will ever be compensated and without any ability to act with respect to the data stored in the AWS Accounts." Memorandum at ¶ 23. Evolve respectfully disagrees. Evolve's service provider has indicated that it expects it will take between 4 – 6 weeks from the date of this Opposition to complete the preservation work. Evolve submits that it is reasonable to permit the automatic stay to remain in effect during this brief period required for Evolve to complete this important work.

///
///
///

## IV. <u>CONCLUSION</u>

Based upon the foregoing, Evolve requests that the stay remain in effect until it has completed its transfer of all data from the AWS Accounts, or alternatively, until at least July 27, 2025. Evolve prays for relief in accordance with the foregoing, and for such other and further relief that the court may deem just and proper.

DATED: June 18, 2025                          Respectfully submitted,

                                                              BG LAW LLP

                                                              By: /s/ David M. Poitras
                                                                  Steven T. Gubner
                                                                 David M. Poitras
                                                          Attorneys for Evolve Bank & Trust

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: EVOLVE BANK & TRUST'S LIMITED OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY FILED BY AMAZON WEB SERVICES, INC.**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **June 18, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On _____, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*PURSUANT TO PROCEDURES, JUDGE MARTIN R. BARASH WAIVES SERVICE OF JUDGE'S COPY.**

☐ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____**, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 18, 2025 | Mela Galvan | /s/ Mela Galvan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Ron Bender**    rb@lnbyg.com
- **David A Berkley**    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Rudy J Cerone**    rcerone@mcglinchey.com, lgraff@mcglinchey.com;jingargiola@mcglinchey.com
- **Sara Chenetz**    schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
- **Russell Clementson**    russell.clementson@usdoj.gov
- **Andrew Michael Cummings**    andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;sandy.olalde@hklaw.com
- **Michael G. Farag**    mfarag@gibsondunn.com
- **M Douglas Flahaut**    df@echoparklegal.com
- **Jacqueline Foroutan**    jacqueline.foroutan@akerman.com, akermanlas@akerman.com
- **Paul R. Glassman**    pglassman@stradlinglaw.com
- **Nicholas Christian Glenos**    cglenos@bradley.com
- **Michael H Goldstein**    mgoldstein@goodwinprocter.com, ASchaefer@goodwinlaw.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Ralph P Guenther**    rguenther@guentherlawgroup.com
- **Robert T. Honeywell**    robert.honeywell@klgates.com
- **Lance N Jurich**    ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
- **Jane Kim**    jkim@kellerbenvenutti.com
- **Monica Y Kim**    myk@lnbyg.com, myk@ecf.inforuptcy.com
- **Jeffrey C Krause**    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **William J Levant**    wlevant@kaplaw.com, wlevant@gmail.com
- **Adam A Lewis**    alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
- **Norman Norman Lueck**    dennis.lueck@akerman.com, katie.solem@akerman.com
- **Jelena McWilliams (TR)**    jmcwilliams@cravath.com, mao@cravath.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Fred Neufeld**    fneufeld@stradlinglaw.com, tingman@sycr.com
- **Valerie Bantner Peo**    vbantnerpeo@buchalter.com
- **David M Poitras**    dpoitras@bg.law
- **Jeremy V Richards**    jrichards@kbkllp.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Holly Roark**    holly@roarklawboise.com, RoarkLawOffices@jubileebk.net
- **Paul M Rosenblatt**    prosenblatt@kilpatricktownsend.com, moroberts@ktslaw.com
- **Thomas B Rupp**    trupp@kbkllp.com
- **Brandy A Sargent**    brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
- **Callan C Searcy**    bk-csearcy@texasattorneygeneral.gov
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Jason D Strabo**    jstrabo@mwe.com, jbishopjones@mwe.com;dnorthrop@mwe.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Jeffrey C Wisler**    jwisler@connollygallagher.com, dperkins@connollygallagher.com
- **Claire K Wu**    claire.wu@pillsburylaw.com, renee.evans@pillsburylaw.com;docket@pillsburylaw.com
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                             **F 9013-3.1.PROOF.SERVICE**