CONSUMER FINANCIAL PROTECTION BUREAU
JOSEPH LAKE (CA Bar No. 246679)
Joseph.lake@cfpb.gov
SABITA KRISHNAN (*Pro Hac Vice Motion Pending*)
Sabita.Krishnan@cfpb.gov
RENÉE ORLEANS (*Pro Hac Vice Motion Pending*)
renee.orleans@cfpb.gov
1700 G Street NW
Washington, DC 20552

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>SYNAPSE FINANCIAL TECHNOLOGIES, INC.,<br><br>Debtor. | Case No.: 1:24-bk-10646-MB<br><br>Chapter 11 Case<br><br>**STATEMENT OF INTEREST ON BEHALF OF THE CONSUMER FINANCIAL PROTECTION BUREAU REGARDING THE MOTION OF THE CHAPTER 11 TRUSTEE TO CONVERT TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)** |
|---|---|

The Consumer Financial Protection Bureau (Bureau) respectfully submits this statement of interest pursuant to 11 U.S.C. § 1109(b) in support of the Motion of the Chapter 11 Trustee (Trustee), Pursuant to 11 U.S.C.§ 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or, in the Alternative, Dismiss Chapter 11 Case (Trustee's Motion). The Trustee's Motion details the account reconciliation process conducted over many months focused on returning funds to end users affected by the bankruptcy of Synapse Financial Technologies, Inc. (Synapse). But an apparent shortfall in the tens of millions of dollars remains. Based on the reasons set forth below, if the Court is inclined to grant the Trustee's Motion, the Bureau believes that it is in the best interest of the consumers who were not fully compensated for the Court convert this case to chapter 7 rather than dismiss it.

## INTEREST OF THE BUREAU

1. The Bureau has received hundreds of complaints from consumers that were end users at non-bank financial platforms (Fintech Platforms) that utilized Synapse's proprietary systems to provide financial services to end users through Synapse's partnerships with depository institutions (Partner Financial Institutions). As stated by the Trustee's Motion, Synapse—the chapter 11 debtor in the above-captioned bankruptcy case (Debtor)—the Partner Banks, and the Fintech Platforms formed a network that allowed end-user consumers to engage in financial transactions. (Dkt. 525 at 3-4). Those consumers had their accounts frozen after Synapse initiated this case and many have since received only a fraction of their money previously held in accounts at the Partner Financial Institutions.

2. The Bureau has reason to believe that Synapse may have engaged in unfair practices by failing to properly track and reconcile consumer funds across Partner Financial Institutions in violation of Sections 1031 and 1036 of the Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5531, 5536. Those unfair practices may have caused significant consumer harm to certain consumers. The Bureau intends to continue conducting additional fact finding and analysis to establish its claim and attempt to quantify consumer harm, but as detailed in the Trustee's Motion, and in the numerous status reports filed by the Trustee, the shortfall between the money consumers had in their accounts at the time their accounts were frozen and the money that has been returned by the Partner Financial Institutions may be as high as $95 million. (Dkt. 525 at 5-6, Dkt. 453 at 9, Dkt. 384 at 7).

3. The CFPA authorizes the Bureau to obtain monetary relief for acts or practices that violate the CFPA. 12 U.S.C. § 5565. Accordingly, the Bureau may have an unsecured claim

against the Debtor for monetary and other relief to address consumer harm resulting from the Debtor's conduct.

4. In the event the Bureau asserts a claim against the Debtor for violations of the CFPA, it is the Bureau's understanding that the estate would not have sufficient assets to fully satisfy any claim or monetary judgment that might be allowed. Nevertheless, the Bureau has a strong interest in pursuing its claim because it has a mechanism to potentially make victims whole without payment from Debtor's estate.

5. The Bureau has the authority to utilize its Civil Penalty Fund to provide monetary relief to victims harmed by a violation of the CFPA, provided that a final order in favor of the Bureau imposes civil penalties for the violation.[1] *See* 12 U.S.C. § 5497(d); 12 C.F.R. 1075.100. *et seq.* The penalty awarded in such an order can be nominal.

6. The Bureau's ability to file a claim and obtain redress for consumers will be aided if this Court maintains jurisdiction over the case and resolves the Bureau's claim in the context of the bankruptcy case.

### The Court Should Convert this Case to Chapter 7

7. Section 1112 provides that a case may be converted to chapter 7 or dismissed "for cause." A non-exhaustive list of potential causes is included in § 1112(b)(4). A motion to convert or dismiss a chapter 11 case requires a two-step analysis: first, to determine whether "cause" exists to convert the case to chapter 7 or dismiss the case, and second, which option is in the "best interest of creditors and the estate". *See* 11 U.S.C. § 1112(b)(1); *Marciano v. Fahs (In re Marciano)*, 459 B.R. 27, 48 (B.A.P. 9th Cir. 2011), *aff'd*, 708 F.3d 1123 (9th Cir. 2013). The

---

[1] Monetary relief from the Civil Penalty Fund is not guaranteed. Whether and how much monetary relief victims receive depends on several factors, including how much money is available in the Fund and how any relief is allocated to victims.

court has wide discretion to determine whether to convert or dismiss a case. *Pioneer Liquidating Corp. v. U.S. Tr.* (*In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000).

8.  If the Court finds "cause," conversion, rather than dismissal, would be in the best interest of the Bureau and more significantly, the victims of Synapse's potential CFPA violations. If the case is converted to Chapter 7 and the Bureau determines that Synapse did engage in unfair practices in violation of the CFPA, the Bureau will seek to negotiate a settlement, including a nominal civil penalty, with the Chapter 7 trustee, which may allow the Bureau to utilize the Bureau's Civil Penalty Fund to provide redress to harmed consumers.

9.  If the case is dismissed, in order to pursue relief, the Bureau would need to file a complaint and litigate its claims against the Debtor in federal district court, a process that may take significantly longer, even if the Bureau obtains a default judgment. This process would likely further delay any relief to harmed consumers and decrease the likelihood the Bureau would be able to identify and potentially compensate victims.

## Conclusion

10.  For the foregoing reasons, the Bureau respectfully requests that if the Court grants the Trustee's motion pursuant to 11 U.S.C. § 1112(b), that it convert this case to chapter 7 rather than dismiss it.

Dated: June 20, 2025

Respectfully Submitted,

Deborah Morris
*Deputy Enforcement Director*

Michael P. Favretto
*Assistant Litigation Deputy*

/s/ Joseph Lake
_____
Joseph Lake
(CA Bar No. 246679)
(202) 897-8360
Joseph.lake@cfpb.gov

Sabita Krishnan
(NY Bar No. 4418802)
*Pro Hac Vice Motion Pending*
(202) 718-2836
Sabita.Krishnan@cfpb.gov

Renée Orleans
(MD Bar)
*Pro Hac Vice Motion Pending*
(202) 435-7271
renee.orleans@cfpb.gov

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

For the Consumer Financial Protection Bureau

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1700 G Street, N.W. Washington D.C. 20552

A true and correct copy of the foregoing document entitled (*specify*): _____
Statement of Interest of Behalf of the Consumer Financial Protection Bureau
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/20/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/20/2025 | Joseph Lake | /s/ Joseph Lake |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                 **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **Synapse Financial Technologies, Inc.**<br>21255 Burbank Boulevard<br>Suite 120<br>Woodland Hills, CA 91367-0000<br>LOS ANGELES-CA<br>Tax ID / EIN: 46-5396710 | represented by | **Ron Bender**<br>Levene, Neale, Bender, Yoo & Golubchik L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>310-229-1234<br>Email: rb@lnbyg.com<br><br>**Monica Y Kim**<br>Levene, Neale, Bender, Yoo & Brill L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>310-229-1234<br>Email: myk@lnbyg.com<br><br>**Krikor J Meshefejian**<br>Levene, Neale, Bender, Yoo & Golubchik L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>310-229-1234<br>Fax : 310-229-1244<br>Email: kjm@lnbyg.com<br><br>**Beth Ann R. Young**<br>Levene, Neale, Bender, Yoo & Golubchik L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>310-229-1234<br>Email: bry@lnbyg.com |
| *Trustee*<br>**Jelena McWilliams (TR)**<br>Cravath, Swaine & Moore LLP<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>212-474-7710 | represented by | **John D Buretta**<br>CRAVATH, SWAINE & MOORE LLP<br>2 Manhattan West<br>375 9th Avenue<br>New York, NY 10001<br>(212) 474-1000<br>Fax : (212) 474-3700<br><br>**Alexander Gerten**<br>Cravath, Swaine & Moore LLP<br>Two Manhattan West |

375 9th Avenue
New York, NY 10001
(212) 474-1000
Fax : (212) 474-3700

**Benjamin Gruenstein**
CRAVATH, SWAINE & MOORE LLP
2 Manhattan West
375 9th Avenue
New York, NY 10001
(212) 474-1000
Fax : (212) 474-3700

**Jane Kim**
Keller Benvenutti Kim LLP
425 Market Street
Floor 26
San Francisco, CA 94105
415-364-6793
Email: jkim@kellerbenvenutti.com

**Jeremy V Richards**
KELLER BENVENUTTI KIM LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
(415) 496-6723
Fax : (650) 636-9251
Email: jrichards@kbkllp.com

**Thomas B Rupp**
KELLER BENVENUTTI KIM LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
(415) 496-6723
Fax : (650) 636-9251
Email: trupp@kbkllp.com

**Paul H Zumbro**
CRAVATH, SWAINE & MOORE LLP
2 Manhattan West
375 9th Avenue
New York, NY 10001

|  |  |  |
|---|---|---|
|  |  | (212) 474-1000 |
|  |  | Fax : (212) 474-3700 |
| *U.S. Trustee*<br>**United States Trustee (SV)**<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017<br>(213) 894-6811 | represented by | **Russell Clementson**<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017<br>213-894-4505<br>Fax : 213-894-0276<br>Email: russell.clementson@usdoj.gov |
| *Creditor Committee*<br>**Official Committee of Unsecured Creditors of Synapse Financial Technologies, Inc.** | represented by | **Zev Shechtman**<br>Saul Ewing LLP<br>1888 Century Park East<br>Suite 1500<br>Los Angeles, CA 90067<br>310-255-6130<br>Fax : 310-255-6200<br>Email: Zev.Shechtman@saul.com |