BRANDY A. SARGENT (SBN 292586)
K&L GATES LLP
ONE SW COLUMBIA STREET, SUITE 1900
Portland, Oregon 97204
Telephone: 503.226.5735
Facsimile: 503.248.9085
Email: brandy.sargent@klgates.com

Attorneys for Amazon Web Services, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 Case |
| Debtor and Debtor in Possession | **REPLY MEMORANDUM IN SUPPORT OF AMAZON WEB SERVICES, INC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE EXECUTORY CONTRACT WITH SYNAPSE FINANCIAL TECHNOLOGIES, INC.** |
| | DATE: June 27, 2025<br>TIME: 1:30 p.m.<br>PLACE: Courtroom 303<br>21041 Burbank Boulevard.<br>Woodland Hills, CA 91367 |

## I.  INTRODUCTION

1. Amazon Web Services, Inc. ("AWS") submits this reply memorandum in support of its motion for relief from the automatic stay (Dkt. No. 529, the "AWS Motion") and to respond to Evolve Bank & Trust's ("Evolve") Opposition to the AWS Motion (Dkt. No. 554, the "Evolve Opposition").

2. The Evolve Opposition is notable because it lacks any legal arguments that AWS is not entitled to relief from the automatic stay for cause or that AWS is in any way adequately protected during the continuation of the stay. As the party opposing the AWS Motion, it is *Evolve's* burden of proof under 11 U.S.C. § 362(g) to demonstrate why relief from stay is not warranted. Evolve makes no such showing. Accordingly, AWS should be granted relief from the automatic stay as requested in the AWS Motion.

## II.  ARGUMENT & AUTHORITY

3. Under 11 U.S.C. §362(g), the party opposing a motion for relief from stay has the burden of proof on all issues (with the exception of the debtor's equity interest in property, which is not at issue here). *In re American Spectrum Realty, Inc.*, 540 B.R. 730, 736-37 (Bankr. C.D. Cal. 2015)("Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted"). Because Evolve is the party opposing the motion for relief from stay, it bears the burden of proof that stay relief is not warranted. *Id.*; *see also In re Dixie-Shamrock Oil & Gas, Inc.*, 39 B.R. 115, 117 (Bankr. M.D. Tenn. 1984) ("Under [11 U.S.C. § 362(d)(1),] the court is required to grant relief from the automatic stay upon a showing that a creditor's interest is not adequately protected. In a hearing under § 362(d), the party opposing relief from the stay has the burden of proof on the issue of adequate protection.") (internal citations omitted).

4. The Evolve Opposition fails to demonstrate any facts indicating AWS is not entitled to relief from the automatic stay or has been adequately protected, or that it's interests will be adequately protected moving forward. Instead, the Evolve Opposition explains the importance that it places on the Debtor's data stored with AWS, but does nothing more. This does not carry Evolve's burden.

5.      Indeed, the Evolve Opposition does not dispute that AWS has, for over a year, continued to maintain the Debtor's data to allow the Trustee to complete her work, all without receiving any compensation from the Trustee or any other party. In other words, AWS has provided a service to the Estate, at a cost of millions of dollars, without any assurances these expenses incurred by AWS would be paid by the Trustee or anyone else. Courts routinely find "cause" for relief from stay in similar situations. *See, e.g.*, *In re Rocchio*, 125 B.R. 345, 347 (Bankr. D.R.I. 1991) (finding "cause" for landlord's relief from stay based on failure to pay post-petition rent and absence of evidence that default would be cured, no evidence landlord would receive adequate protection, and no evidence of adequate assurance of future performance); *In re Benton*, 662 B.R. 517, 522 (Bankr. S.D.N.Y. 2024) ("According to the Landlord, the Debtor has been in arrears since May 2020, and currently owes $415,000. . . . The Debtor has not offered any evidence to dispute this assertion. Such lack of payment thus constitutes cause under Section 362(d)(1) of the Bankruptcy Code.").

6.      Evolve is clearly aware of the need to provide adequate protection to a party in order to continue to receive the benefits of the automatic stay. Before the Court is the Motion of the Chapter 11 Trustee to Allow and Pay Administrative Expenses (Dkt. 538, the "<u>Admin Expense Motion</u>"; AWS Supplemental Request for Judicial Notice, Ex. K) seeking permission to pay data storage and management expenses of Mongo DB, another creditor storing the Debtor's data, and B. Riley and Klouddata, service providers to the Trustee. All of those payments are to be funded by Evolve. *Admin Expense Motion* at pg. 9 – 10. No similar payment has been offered to AWS.

7.      Evolve also does not address the fact that the Trustee stated to this Court, for the better part of the year, that the Estate has *offered* to provide the Debtor's data to multiple parties, without result. *See Trustee's Fourth Status Report* (Dkt. 300, pg. 8; AWS Request for Judicial Notice, Dkt. 532, Ex. D) (Entered on docket July 2, 2024) ("The Trustee and her advisors are actively working to make back-ups of all records and make available read-only copies of relevant records to the Partner Banks."); *Trustee's Tenth Status Report* (Dkt. 384, pg. 8; AWS Request for Judicial Notice, Dkt. 532, Ex. F) (Entered on docket September 26, 2024) ("The Trustee and her advisors have collected and made available to the Partner Banks all Synapse's ledger records, data

and systems on a confidential and read-only basis to facilitate reconciliation to the Partner Banks. The Trustee and her advisors are working continuously and closely with the Partner Banks to facilitate additional data sharing and navigating Synapse systems."); *Trustee's Fifteenth Status Report* (Dkt. No. 485, pg. 6; AWS Request for Judicial Notice, Dkt. 532, Ex. G) (Entered on docket February 6, 2024) ("Third, the Trustee has explored many options to sell or grant custody of this data, both in live and cold storage formats, to parties who may be interested in preserving data copies and access for future reconciliation and recovery efforts. As of now, the Trustee and her professionals and the data vendors are responsible for safekeeping, maintaining, sorting and sharing all Synapse data, which includes incurring significant expenses and putting forth considerable hours of professional time related thereto. The tremendous volume of data, the various systems necessary to maintain the data in a user-friendly format and numerous third-party requests for specific information has kept the costs of data maintenance high. And while the Trustee has offered this data to federal and state regulatory entities and to qualified private parties, no entity to date has agreed to view, investigate or take over the data due to the expense and complexities of preserving this data."); *Trustee's Sixteenth Status Report* (Dkt. No. 500, pg. 4; AWS Request for Judicial Notice, Dkt. 532, Ex. H) (Entered on docket April 10, 2024) ("As of the time of this report, copies of the MongoDB ledger and copies of two AWS data subsets consisting of historical trial balance data and reconciliation files have been produced to the Partner Banks. After extensive outreach and discussions, no party has come forward to assume legal custody and the costs of preserving additional Synapse data beyond the final disposition of this Case."); *Declaration in Support of Motion of the Chapter 11 Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or, in the Alternative, Dismiss Chapter 11 Case* (Dkt. 525-2, pg. 6; AWS Supplemental Request for Judicial Notice, Ex. J) ("My advisors have also attempted to negotiate data custody arrangements with any and all government and other qualified entities that have indicated an interest or need in getting access to information contained in the Remaining Records and Data. However, due to the significant expense and burden, no party has agreed to take custody and ownership of the data.").

8. Any sense of urgency associated with Evolve's copying of the Debtor's data rings hollow this late in the administration of this Estate. AWS has provided Evolve with an estimate of charges related to preservation of the data for the remainder of June and July, in the approximate amount of $206,000 per month (requesting payment of 50% of the June fees and all of the month of July). *Declaration of Brandy A. Sargent Reply Memorandum in Support of Amazon Web Services, Inc's Motion For Relief From the Automatic Stay to Terminate Executory Contract With Synapse Financial Technologies, Inc.* ("Sargent Declaration") ¶ 5 & Ex. N.

9. Rather than agreeing to any form of adequate protection for the continuation of the automatic stay, and despite the fact that AWS does not own or control the customer stored data of the Debtor, Evolve has attempted to draw AWS into a separate putative class action pending in the United States District Court for the District of Colorado, *Margul, et al. v. Evolve Bank & Trust, et al.*, case no. 1:24-cv-03259-DDD-NRN (the "Colorado Matter") by issuing a third-party subpoena to AWS and sending an information preservation letter in connection with the Colorado Matter. *Sargent Declaration* ¶¶ 3-4, 6 & Exs. L, M, O. This is exactly the kind of intractable circumstance AWS is seeking to avoid: non-debtor parties demanding access to information that AWS does not own or control, at AWS's expense, rather than from the Trustee, the party in control of the Debtor's stored records.

### III. CONCLUSION

10. Because cause exists to provide AWS relief from stay in this proceeding and Evolve has not carried its burden to contradict the same, AWS respectfully requests that the Court overrule the Evolve Opposition and grant the AWS Motion.

Dated: June 24, 2025                                    AMAZON WEB SERVICES, INC.

By: */s/ Brandy A. Sargent*
BRANDY A. SARGENT
K&L GATES LLP
Attorneys for Amazon Web Services, Inc.

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

925 Fourth Avenue, Suite 2900, Seattle, Washington 98104

A true and correct copy of the foregoing document entitled (*specify*):

> **Amazon Web Services, Inc's Reply Memorandum in Support of Amazon Web Services, Inc,'s Motion for Relief from the Automatic Stay to Terminate Executionary Contract with Synapse Financial Technologies, Inc.**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 24, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Raymond O. Aghaian; raghaian@bakerlaw.com

Darren Azman; dazman@mwe.com

Ron Bender; rb@lnbyg.com

David A. Berkley; david.berkley@wbd-us.com, mary.koo@wbd-us.com, Sul.Lee@wbd-us.com

J. Scott Bovitz; bovitz@bovitz-spitzer.com

Jera Bradshaw; jera.bradshaw@gtlaw.com

Rudy J. Cerone; rcerone@mcglinchey.com, lgraff@mcglinchey.com, jingargiola@mcglinchey.com

Sara Chenetz; schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com, jkulow@perkinscoie.com, chenetz-sara-perkins-coie-8670@ecf.pacerpro.com, rleibowitz@perkinscoie.com

Russell Clementson; russell.clementson@usdoj.gov

Andrew Michael Cummings; andrew.cummings@hklaw.com, philip.dobbs@hklaw.com, hapi@hklaw.com, sandy.olalde@hklaw.com, robert.labate@hklaw.com

Michael G. Farag; mfarag@gibsondunn.com

M Douglas Flahaut; df@echoparklegal.com

Jacqueline Foroutan; jacqueline.foroutan@akerman.com, akermanlas@akerman.com

Paul R. Glassman; pglassman@stradlinglaw.com

Nicholas Christian Glenos; cglenos@bradley.com

Michael H Goldstein; mgoldstein@goodwinprocter.com, ASchaefer@goodwinlaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*   **F 9013-3.1.PROOF.SERVICE**
1600241253.1

Michael I. Gottfried; mgottfried@elkinskalt.com, mcavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com, tparizad@elkinskalt.com

Steven T. Gubner; sgubner@bg.law, ecf@bg.law

Ralph P. Guenther; rguenther@guentherlawgroup.com

Lance N. Jurich; ljurich@loeb.com, pmatsuda@loeb.com, ladocket@loeb.com, ljurich@ecf.courtdrive.com, fmckeown@loeb.com

Jane Kim; jkim@kellerbenvenutti.com

Monica Y. Kim; myk@lnbyg.com, myk@ecf.inforuptcy.com

Jeffrey C. Krause; jkrause@gibsondunn.com, dtrujillo@gibsondunn.com, jstern@gibsondunn.com

William J. Levant; wlevant@kaplaw.com, wlevant@gmail.com

Adam A. Lewis; alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com

Norman Norman Lueck dennis.lueck@akerman.com, katie.solem@akerman.com

Jelena McWilliams (TR); jmcwilliams@cravath.com, mao@cravath.com

Krikor J. Meshefejian; kjm@lnbyg.com

Fred Neufeld; fneufeld@stradlinglaw.com, tingman@sycr.com

Berj Parseghian; bparseghian@lippes.com

Valerie Bantner Peo; vbantnerpeo@buchalter.com

David M. Poitras; dpoitras@bg.law

Jeremy V. Richards; jrichards@kbkllp.com, bdassa@pszjlaw.com, imorris@pszjlaw.com

Holly Roark holly@roarklawboise.com, RoarkLawOffices@jubileebk.net

Paul M Rosenblatt; prosenblatt@kilpatricktownsend.com, moroberts@ktslaw.com

Thomas B. Rupp; trupp@kbkllp.com

Callan C. Searcy; bk-csearcy@texasattorneygeneral.gov

Zev Shechtman; Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com, hannah.richmond@saul.com, LitigationDocketing@saul.com

Jason D. Strabo; jstrabo@mwe.com, jbishopjones@mwe.com, dnorthrop@mwe.com

United States Trustee (SV); ustpregion16.wh.ecf@usdoj.gov

Jeffrey C. Wisler; jwisler@connollygallagher.com, dperkins@connollygallagher.com

Claire K. Wu; claire.wu@pillsburylaw.com, renee.evans@pillsburylaw.com, docket@pillsburylaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

1600241253.1

**F 9013-3.1.PROOF.SERVICE**

Beth Ann R. Young; bry@lnbyg.com, bry@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On June 24, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Synapse Financial Technologies, Inc.
21255 Burbank Boulevard Suite 120
Woodland Hills, CA 91367-0000

Amanda Garcia
1505 Corporation National Registered
Agents, Inc.
330 N Brand Blvd
Glendale, CA 91203

Raymond O Aghaian
Kilpatrick Townsend & Stockton LLP
1801 Century Park East Ste 2300
Suite 2300
Los Angeles, CA 90067

Darren Azman
One Vanderbilt Avenue
New York, NY 10017-3852

Jera L Bradshaw
Greenberg Traurig LLP
2200 Ross Ave #5200
Dallas, TX 75201

John D Buretta
CRAVATH, SWAINE & MOORE LLP
2 Manhattan West
375 9th Avenue
New York, NY 10001

Alexander Gerten
Cravath, Swaine & Moore LLP
Two Manhattan West
375 9th Avenue
New York, NY 10001

Benjamin Gruenstein
CRAVATH, SWAINE & MOORE LLP
2 Manhattan West
375 9th Avenue
New York, NY 10001

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
1600241253.1

**F 9013-3.1.PROOF.SERVICE**

Jake Jumbeck
MCDERMOTT WILL & EMERY LLP
444 W. Lake Street, Suite 4000
Chicago, CA 60606-0029

Robert J Labate
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Levene, Neale, Bender, Yoo & Golubchik LLP
2818 La Cienega Avenue
Los Angeles, CA 90034

Neda Shapourian
Unit21, Inc.
49 Geary St. Ste 200
San Francisco, CA 94108

Paul H Zumbro
CRAVATH, SWAINE & MOORE LLP
2 Manhattan West
375 9th Avenue
New York, NY 10001

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 24, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 342/Courtroom 303
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/24/2025 | Denise A. Lentz | /s/ Denise A. Lentz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE
1600241253.1