JUSTIN NEWBERN

3701 Wesley Dr NW

Olympia, WA 98502

(360) 870-9488

jay@jaynewbern.com

Pro SE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re: | Case No. 1:24-bk-10646-MB |
|---|---|
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| Debtor | **NOTICE OF MOTION TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENA ISSUED TO EVOLVE BANK & TRUST** |
| | [No Hearing Required Pursuant to Fed. R. Bankr. P. 2004; LBR 2004-1] |

**PLEASE TAKE NOTICE** that Justin Newbern, a consumer depositor and party in interest, has filed a Motion to Compel Compliance with the Rule 2004 Subpoena issued to Evolve Bank & Trust ("Evolve"), pursuant to the Court's June 24, 2025 order authorizing Rule 2004 discovery and in accordance with Local Bankruptcy Rule 2004-1.

1

1  This Motion seeks an order compelling Evolve to comply with the subpoena
2  issued and signed by the Clerk of Court on July 1, 2025, and formally served on
3  July 7, 2025. The subpoena directs Evolve to produce documents and present a
4  person most knowledgeable for oral examination. Although Evolve sent one
5  preliminary message on June 25 regarding possible discovery timelines, it has not
6  responded to multiple post-service invitations to meet and confer regarding
7  timing, scope, or logistics. Nor has it objected, moved to quash, or sought other
8  relief.

10  Pursuant to Fed. R. Bankr. P. 2004 and Local Bankruptcy Rule 2004-1, no hearing
11  is required unless a written response or objection is timely filed. Any such
12  opposition must be filed with the Court and served on the undersigned in
13  accordance with applicable rules.

15  Respectfully submitted,

17  Justin Newbern
18  Pro Se Movant
19  Dated: July 14, 2025

2

1  JUSTIN NEWBERN
2  3701 Wesley Dr NW
3  Olympia, WA 98502
4  (360) 870-9488
5  jay@jaynewbern.com
6  Pro SE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re: | Case No. 1:24-bk-10646-MB |
|---|---|
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| Debtor | **MOTION TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENA ISSUED TO EVOLVE BANK AND TRUST** |
| | [No Hearing Required Pursuant to Fed. R. Bankr. P. 2004; LBR 2004-1] |

1

## I. Introduction

This motion seeks an order compelling Evolve Bank & Trust ("Evolve") to comply with a properly issued Rule 2004 subpoena that was authorized by this Court on June 24, 2025, signed by the Clerk on July 1, 2025, and formally served on July 7, 2025. The subpoena requires the production of documents and the appearance of a person most knowledgeable for examination on July 18, 2025. As of the filing of this motion on July 15, 2025—more than one week after service—Evolve has not responded, objected, or moved to quash. Nor has its counsel responded to multiple written invitations to meet and confer regarding timing, scope, or other logistical considerations, including a final request sent on July 11 that expressly invited objections or proposals by the close of business on July 14.

The undersigned has made repeated efforts to avoid motion practice, including providing early courtesy copies of the subpoena materials, confirming service, expressing openness to alternative formats or schedules for compliance, and even offering to travel from Seattle—at personal expense—to meet in person at Orrick's offices on the East Coast. These overtures received no response. As a result, this motion has become necessary to prevent obstruction of the Court-authorized Rule 2004 examination and to preserve the utility of the discovery process, particularly in light of the Court's repeated observations during the June 27 hearing that the case could proceed swiftly if converted to Chapter 7—or dismissed entirely at the next hearing scheduled for August 11, 2025.

This motion is not the product of haste. The undersigned has been seeking clarity regarding Evolve's processing of custodial transactions for more than a year and turned to Rule 2004 only after informal efforts, including direct outreach to Evolve personnel, failed to yield meaningful answers. The amount at issue is substantial: $158,696.07 in depositor funds that remain unaccounted for. No

coherent explanation or documentary basis for Evolve's handling of those funds has ever been provided.

## II. Legal Standard

Federal Rule of Bankruptcy Procedure 2004 authorizes discovery "concerning the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). The rule permits examinations of third-party institutions— such as banks—when they possess information relevant to the debtor's custodial accounts or financial transactions.

On June 24, 2025, the Court entered its Order Granting Motion of Justin Newbern for Order Authorizing 2004 Examination of Evolve Bank & Trust (Dkt. 562) ("Examination Order"). The Order directs that:

Paragraph 2: "Evolve Bank & Trust is required to produce person(s) most knowledgeable for oral examination about the matters identified in the Motion at ECF page 6:25 – ECF page 7:5, at a time, place and date set forth in a subpoena … pursuant to Local Bankruptcy Rule 2004-1(e), Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45."

Paragraph 3: "Evolve Bank & Trust is required to produce for inspection and copying any documents responsive to the requests identified in the Motion at ECF page 7:9 – ECF page 8:15."

The Clerk was instructed to issue a Form 2540 subpoena, leaving the time, date, and location blank for completion and service by the undersigned. (Id. ¶¶ 4–5.)

3

The Clerk issued the subpoena on July 1, 2025. A process server first attempted service on July 3, but the registered agent's office was unexpectedly closed during regular business hours. That same day, the undersigned provided Orrick with a courtesy copy of the subpoena and deposition notice, advised the firm of the attempted service, and invited it to confirm availability or propose alternative dates. Formal service was successfully completed on July 7, 2025.

Under Federal Rule of Civil Procedure 45(d)(2)(B), incorporated by Bankruptcy Rule 9016, any objections must be served within fourteen (14) days of formal service—i.e., by July 21, 2025. While that deadline has not yet expired, Orrick will have had functional notice of the subpoena and its contents for fourteen full days by July 17. Despite receiving multiple invitations to confer, the firm has not responded. In light of a deposition scheduled for July 18 and the continued silence from Evolve's counsel, the undersigned respectfully submits that Court intervention is warranted to avoid uncertainty and protect the enforceability of the Examination Order.

Local Bankruptcy Rule 2004-1(a) further requires the parties to confer in good faith before seeking relief from the Court. The undersigned sent multiple written requests to confer—including a final message on July 11 explicitly inviting objections or proposals by July 14—but received no response. The undersigned has therefore satisfied the Local Rule's conferral requirement.

### III. Factual and Procedural Background

On June 24, 2025, the Court granted the undersigned's motion for a Rule 2004 examination of Evolve Bank & Trust, authorizing the issuance of a subpoena and deposition notice. The following day, counsel for Evolve Bank & Trust—Orrick, Herrington & Sutcliffe LLP—initiated contact to discuss potential alternatives to

4

formal discovery. On June 27, 2025, the parties held a telephone conference during which Orrick proposed a framework for voluntary disclosure outside the Rule 2004 process.

On July 1, 2025, Orrick transmitted proposed engagement terms that included conditions governing confidentiality and limitations on future communications. Orrick also requested a 75-day response period in the event formal discovery proceeded. That same day, the undersigned responded that the proposed framework was not acceptable under the circumstances and reiterated a willingness to continue discussions. In explaining the need for a shorter timeline, the undersigned cited the Court's repeated comments during the June 27 hearing that—if the case were converted to Chapter 7—it could move very quickly. While the subpoena authorization would survive such conversion, the undersigned expressed concern that the case itself could close before meaningful discovery could occur. To facilitate a productive exchange, the undersigned offered to travel from Seattle—at personal expense—to meet privately and in person at Orrick's offices in Boston or Chicago between July 8 and July 18, 2025. That offer received no response.

Also on July 1, the Bankruptcy Court Clerk issued and signed a subpoena to Evolve Bank & Trust pursuant to the Court's June 24 order. On July 3, 2025, the undersigned's process server attempted to serve Evolve through its registered agent, but the office was unexpectedly closed during regular business hours. Later that day, the undersigned provided Orrick with a courtesy copy of the subpoena and deposition notice, advised the firm of the attempted service, and invited it to confirm its availability or propose an alternative examination date. Formal service was completed on July 7, 2025, via Evolve's registered agent. On July 8, the

5

undersigned sent a follow-up email confirming service and again encouraging discussion of logistics, accommodations, or objections.

On July 9, 2025, the undersigned filed a formal Notice of Service with the Court, which was docketed the same day as Docket No. 592 and served via the Court's electronic filing system. On July 11, 2025, the undersigned sent a final courtesy email to Orrick, attaching the filed notice and explicitly requesting that any objections, proposals, or logistical concerns be raised by close of business on Monday, July 14, 2025, in order to avoid motion practice and minimize disruption to the scheduled Rule 2004 examination. That message reiterated the undersigned's openness to reasonable discussions regarding scope, timing, or format of compliance.

As of the filing of this motion, counsel for Evolve has not responded to that communication or otherwise conveyed any position regarding the subpoena. The undersigned is prepared to provide copies of the referenced email correspondence to the Court upon request but has elected not to file them at this stage in order to avoid unnecessarily expanding the record or placing potentially sensitive communications on the public docket.

## IV. Argument

### A. The Subpoena Falls Squarely Within the Scope of Rule 2004

Rule 2004 permits examinations relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor," or "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). The Court has already determined that examination of Evolve Bank & Trust is appropriate and necessary, issuing a signed Examination Order (Dkt. 562) and directing the undersigned to complete and serve a subpoena accordingly.

The subpoena issued and served on Evolve seeks information directly tied to custodial accounts, transaction-level reconciliation, and funds potentially available to creditors and depositors. This is the exact type of discovery contemplated by Rule 2004. The requests are narrowly focused and consistent with the authority already conferred by the Court.

Moreover, the Trustee's public reports reinforce the importance of direct discovery from Evolve. The November 12, 2024 report confirms that reconciliation between Synapse and Evolve was "essential" to determining what funds are owed to depositors. The August 29, 2024 report details how Evolve undertook account-level reconciliation despite gaps in Synapse's ledger data. And as recently as February 7, 2025, the Trustee noted that "Evolve has declined to report total numbers of FBO distributions to date or the potential use of reserve funds to pay end users." These disclosures underscore both the relevance of Evolve's records and the ongoing absence of transparency on material topics.

**B. Evolve Has Had Ample Notice and Opportunity to Confer**

Although Rule 45(d)(2)(B) allows fourteen days from formal service to object, Orrick received a courtesy copy of the subpoena on July 3, 2025—fourteen full days before the noticed deposition—and was repeatedly invited to raise any objections, accommodations, or proposed modifications. Formal service was completed on July 7, 2025, but efforts to initiate cooperation began nearly two weeks earlier, including an offer to appear in person at Orrick's offices.

To date, Orrick has made no contact in response to these outreach efforts. The undersigned sent emails on July 3, July 8, and July 11, each reiterating a willingness to discuss scope, logistics, and scheduling. The final message

7

requested a response by July 14 to avoid motion practice. That invitation was not acknowledged.

Evolve has had functional notice of the subpoena and its contents for a sufficient period to respond, object, or request an extension. Its continued silence is not a product of insufficient time, but of strategic nonengagement. Even now, the undersigned remains open to a reasonable accommodation—yet no dialogue has occurred.

**C. Court Intervention Is Justified to Prevent Prejudice and Unnecessary Costs**

The deposition was noticed for July 18, 2025, in accordance with the Court's June 24 Examination Order and in anticipation of the upcoming August 11 hearing, when the case may be dismissed or converted to Chapter 7. During the June 27 hearing, the Court expressly noted that, if converted, the case could move quickly—underscoring the importance of conducting critical examinations now.

In reliance on the subpoena, the undersigned scheduled the deposition and will incur a $475 cancellation fee if the examination is not canceled or rescheduled in time. Continued silence from Evolve and its counsel places the undersigned at risk of avoidable financial prejudice, despite early and sustained efforts to coordinate in good faith. That harm remains preventable, but only if the Court compels a response and enforces the original Examination Order.

## V. Requested Relief

For the reasons stated above, the undersigned respectfully requests that the Court enter an order:

1. Compelling Evolve Bank & Trust to comply with the subpoena issued pursuant to the Court's June 24, 2025 Examination Order, including:
a. Producing a witness most knowledgeable for oral examination on the topics identified in the motion at ECF page 6:25 to 7:5, and
b. Producing documents responsive to the requests identified at ECF page 7:9 to 8:15;

2. Directing Evolve to confer with the undersigned immediately to confirm a mutually agreeable date, time, and format for the deposition, and to produce responsive documents on a rolling basis, with substantial compliance no later than seven (7) days from entry of the Court's order, unless otherwise stipulated or ordered;

3. Clarifying that failure to comply may result in further motion practice, including the imposition of sanctions under Rule 37 or other appropriate relief;

4. Granting such other and further relief as the Court deems just and proper.

## VI. Conclusion

The undersigned has acted promptly, transparently, and in accordance with both the Court's June 24 Examination Order and applicable procedural rules. Although Evolve's counsel engaged in limited discussion before the subpoena was issued, no response was received to the undersigned's repeated invitations to confer after formal service.

This motion represents the culmination of over twelve months of active efforts by the undersigned to obtain basic clarity regarding the handling and reconciliation of depositor funds held on his behalf. Those requests—initially made informally and cooperatively—have gone largely unanswered or inadequately addressed, necessitating the present request for Court intervention.

The undersigned does not seek sanctions or to punish noncompliance, but only to ensure that the Court's existing order is respected and that the examination proceeds without further unnecessary delay or cost. Given the fast-moving posture of the case, the undersigned's exposure to unnecessary expenses, and the seriousness of the underlying loss—$158,696.07 in depositor funds—judicial enforcement is warranted.

Accordingly, the undersigned respectfully requests that the Court compel Evolve to comply with the subpoena, direct immediate conferral regarding scheduling and production, and grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Justin Newbern

Justin Newbern

Pro Se Movant

Dated: July 14, 2025

```
1  | JUSTIN NEWBERN
2  | 3701 Wesley Dr NW
3  | Olympia, WA 98502
4  | (360) 870-9488
5  | jay@jaynewbern.com
6  | Pro SE
7  |
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| Debtor | **DECLARATION OF JUSTIN NEWBERN IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENA ISSUED TO EVOLVE BANK & TRUST** |
| | [No Hearing Required Pursuant to Fed. R. Bankr. P. 2004; LBR 2004-1] |

1

**I, Justin Newbern, declare as follows:**

**1.** I am an individual consumer depositor of funds processed by Synapse Financial Technologies, Inc. ("Synapse") and Evolve Bank & Trust ("Evolve"). I submit this declaration in support of my Motion to Compel Compliance with the Rule 2004 Subpoena issued to Evolve.

**2.** I personally deposited $158,696.07 into accounts at a financial technology platform partnered with Synapse and Evolve. My funds became inaccessible on or around May 11, 2024, and remain frozen and unaccounted for as of the date of this declaration.

**3.** As early as June 3, 2024, I began contacting Evolve's customer service department by email and phone, and later escalated my requests through formal complaints directed to its legal and executive teams. My communications requested transaction-level records, reconciliation efforts, and the status of my funds.

**4.** Evolve has denied any responsibility for the handling of custodial funds and has claimed that it holds none of the Movant's $158,696.07 balance. However, Evolve has failed to provide any documentation, data source, or explanation demonstrating how it reached that conclusion. Notably, Evolve has offered no reason or explanation as to why it disregarded two transactions that reflected transfers from the Synapse Brokerage Account to an Evolve Deposit Account, totaling over $159,000. These transactions appeared on periodic statements personally provided by Evolve's then-CEO:
- Transaction 65d7bc2aa6ed060b6a52ab91 on February 21, 2024 for $137,812.99 from Synapse Brokerage Account to Evolve Deposit Account and;

2

- Transaction 6632b5db52c033d777c3a511 on April 30, 2024 for $22,004.48 from Synapse Brokerage Account to Evolve Deposit Account

Evolve has not explained when or why the February transaction failed to reconcile, nor has it provided any justification for the lack of action—such as freezing the account, providing notice, or initiating a review—for more than 70 days between that transaction and the general system freeze in May 2024. Evolve has also not identified any other institution where the Movant's funds are expected to be held. This lack of transparency has left the Movant without a factual basis to assess the accuracy of Evolve's position and has necessitated formal discovery into its custodial handling and reconciliation process.

5. On June 24, 2025, the Court authorized Rule 2004 discovery of Evolve. On July 1, 2025, the Clerk of the Bankruptcy Court issued and signed a subpoena to Evolve Bank & Trust. I retained a process server to complete formal service.

6. On July 3, 2025, the process server attempted service on Evolve's registered agent, but the office was unexpectedly closed during regular business hours. That same day, I provided Evolve's counsel at Orrick with a courtesy copy of the subpoena and deposition notice and invited them to discuss timing or logistics.

7. On July 7, 2025, my process server successfully completed formal service on Evolve through its registered agent. I followed up again on July 8 and July 11, inviting conferral and proposing flexibility in scheduling or format. As of the date of this declaration, I have received no response.

3

**8.** In reliance on the subpoena, I scheduled a deposition for July 18, 2025, and I will incur a $475 cancellation fee if the deposition is not canceled or rescheduled in time.

**9.** I have made these efforts in good faith and at personal expense, including offering to travel from Seattle to Orrick's offices in Boston or Chicago to accommodate discussions or production.

**10.** I respectfully submit that Evolve likely maintains documents and personnel with knowledge sufficient to explain the handling of my funds. The relief I seek is narrowly tailored to my personal custodial account and does not concern other parties or global recovery.

**11.** I have not attached exhibits to this declaration in an effort to minimize unnecessary filings. However, the underlying documentation—including communications with Evolve and transaction records—is available upon request or at the Court's direction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of July, 2025, in Olympia, Washington.

Respectfully submitted,

_____

Justin Newbern
Pro Se Movant

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3701 Wesley DR NW, OLYMPIA, WA 98502

A true and correct copy of the foregoing document entitled (*specify*):   MOTION TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENA ISSUED TO EVOLVE BANK AND TRUST
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/13/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ron Bender    rb@lnbyg.com
David A Berkley    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
J Scott Bovitz    bovitz@bovitz-spitzer.com
Rudy J Cerone    rcerone@mcglinchey.com, lgraff@mcglinchey.com;jingargiola@mcglinchey.com
Sara Chenetz    schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
Russell Clementson    russell.clementson@usdoj.gov
Andrew Michael Cummings    andrew.cummings@hklaw.com, philip.dobbs@hklaw.com; hapi@hklaw.com; sandy.olalde@hklaw.com
Michael G. Farag    mfarag@gibsondunn.com
M Douglas Flahaut    df@echoparklegal.com
Jacqueline Foroutan    jacqueline.foroutan@akerman.com, akermanlas@akerman.com
Paul R. Glassman    pglassman@stradlinglaw.com
Nicholas Christian Glenos    cglenos@bradley.com
Michael H Goldstein    mgoldstein@goodwinprocter.com, ASchaefer@goodwinlaw.com
Michael I. Gottfried    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com, docketing@elkinskalt.com,tparizad@elkinskalt.com
Steven T Gubner    sgubner@bg.law, ecf@bg.law
Ralph P Guenther    rguenther@guentherlawgroup.com
Lance N Jurich    ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com; ljurich@ecf.courtdrive.com; fmckeown@loeb.com
Jane Kim    jkim@kellerbenvenutti.com
Monica Y Kim    myk@lnbyg.com, myk@ecf.inforuptcy.com
Jeffrey C Krause    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
William J Levant    wlevant@kaplaw.com, wlevant@gmail.com
Adam A Lewis    alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
Norman Norman Lueck    dennis.lueck@akerman.com, katie.solem@akerman.com
Jelena McWilliams (TR)    jmcwilliams@cravath.com, mao@cravath.com
Krikor J Meshefejian    kjm@lnbyg.com
Fred Neufeld    fneufeld@stradlinglaw.com, tingman@sycr.com
Berj Parseghian    bparseghian@lippes.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
David M Poitras    dpoitras@bg.law
Jeremy V Richards    jrichards@kbkllp.com, bdassa@pszjlaw.com;lmorris@pszjlaw.com
Holly Roark    holly@roarklawboise.com, RoarkLawOffices@jubileebk.net
Paul M Rosenblatt    prosenblatt@kilpatricktownsend.com, moroberts@ktslaw.com
Thomas B Rupp    trupp@kbkllp.com
litigation.docketing@klgates.com;janna.leasy@klgates.com
Callan C Searcy    bk-csearcy@texasattorneygeneral.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com, LitigationDocketing@saul.com
Jason D Strabo    jstrabo@mwe.com, jbishopjones@mwe.com;dnorthrop@mwe.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Jeffrey C Wisler    jwisler@connollygallagher.com, dperkins@connollygallagher.com
Claire K Wu    claire.wu@pillsburylaw.com, renee.evans@pillsburylaw.com;docket@pillsburylaw.com
Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
David Boroi davidboroi@gmail.com- (consent to email service confirmed July 3, 2025)
Jera L Bradshaw- cglenos@bradley.com, pglassman@stradlinglaw.com (consent to email service confirmed July5, 2025)
Darren Azman-dazman@mwe.com- (consent to email- July 15, 2025) ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 6/13/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jake Jumbeck
MCDERMOTT WILL & EMERY LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60606-0029

Robert J Labate
400 South Hope Street, 8th Floor
Los Angeles, CA 90071

Neda Shapourian
Unit21, Inc.
49 Geary St. Ste 200
San Francisco, CA 94108

Levene, Neale, Bender, Yoo &
Golubchik LLP 2818 La Cienega
Avenue
Los Angeles, CA 90034

Raymond O Aghaian
Kilpatrick Townsend & Stockton LLP
1801 Century Park East Ste 2300
Suite 2300
Los Angeles, CA 90067

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 6/6/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true

| 7/15/2025 | Justin Newbern | /s/ Justin Newbern |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE