STEVEN T. GUBNER – Bar No. 156593
DAVID M. POITRAS – Bar No. 141309
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    sgubner@bg.law
          dpoitras@bg.law

JEFFREY NAIMON – DC Bar No. 429409 *(Admitted Pro Hac Vice)*
ARAVIND SWAMINATHAN – WA Bar No. 33883 *(Admitted Pro Hac Vice)*
EDWARD SOMERS – IL Bar No. 6300920 *(Admitted Pro Hac Vice)*
ORRICK, HERRINGTON & SUTCLIFFE LLP
2001 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
Email:    jnaimon@orrick.com
          aswaminathan@orrick.com
          esomers@orrick.com

Attorneys for Evolve Bank & Trust

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>SYNAPSE FINANCIAL TECHNOLOGIES, INC.,<br><br>Debtor. | Case No. 1:24-bk-10646-MB<br><br>Chapter 11<br><br>**STIPULATION BETWEEN THE CHAPTER 11 TRUSTEE AND EVOLVE BANK & TRUST ("EVOLVE") FOR EVOLVE TO HOUSE CERTAIN DATA AND TO MODIFY STIPULATED PROTECTIVE ORDER**<br><br>[No Hearing Set] |

This Stipulation is entered into by and between Jelena McWilliams, Chapter 11 Trustee (the "Trustee") and Evolve Bank and Trust ("Evolve"), by and through their undersigned attorneys, to House Certain Data and Modify the Stipulated Protective Order (the "Stipulation"). Evolve and the Trustee are collectively referred to in this Stipulation as the "Parties." This Stipulation, and the Order approving this Stipulation, shall govern Evolve's housing of certain data stored with Amazon Web Services, Inc. ("AWS"), any sharing of the data, and the sharing of certain costs related to the data. This Stipulation shall also modify the *Stipulated Protective Order* (the "Protective Order") [Docket No. 226], and the *Order Approving Stipulated Protective Order* (the "Order") [Docket No. 230]. The Parties respectfully request that the Court enter an order approving this Stipulation.

## RECITALS

A. On April 22, 2024, Synapse Financial Technologies, Inc. ("Synapse"), the chapter 11 debtor and debtor-in-possession in the above-captioned, chapter 11 bankruptcy case (the "Debtor"), filed a voluntary petition under Chapter 11 of Title 11, 11 U.S.C. Sections 101 *et seq.* (the "Bankruptcy Code").

B. On May 24, 2024, an order was entered appointing a chapter 11 trustee and Jelena McWilliams was appointed by the U.S. Trustee as the chapter 11 trustee in this case (the "Trustee"). [Docket No. 196]. Ms. McWilliams has served as the Trustee in this case since that date.

C. The Debtor and AWS are parties to an AWS Enterprise Agreement (the "Agreement") and an AWS Private Pricing Addendum (the "Addendum"). Pursuant to the Agreement and the Addendum, AWS provided the Debtor and the bankruptcy estate with cloud computing and storage services. These services include maintenance of approximately 675 terabytes of data in 35 storage accounts (the "AWS Accounts").

D. AWS filed a *Motion for Relief from the Automatic Stay Under 11 U.S.C. section 362 (with supporting declarations) (PERSONAL PROPERTY)* on June 5, 2025 (the "AWS Motion") [Docket No. 529]. The AWS Motion was set for hearing on June 27, 2025. Through the AWS Motion, AWS sought relief from the automatic stay to terminate the cloud computing and data storage services provided by AWS to the Debtor and the bankruptcy estate pursuant to the Agreement and the Addendum. As set forth in the AWS Motion, if relief from stay is granted and

2

AWS is permitted to terminate the Agreement, the Addendum, and the AWS Accounts, such termination will ultimately result in the deletion of any and all of the Debtor's stored data unless such data is moved out of the AWS Accounts.

E. Evolve filed a *Limited Opposition* to the AWS Motion [Docket No. 554] because it was highly concerned about the deletion of the applicable data. The Court heard argument on the AWS Motion on June 27, 2025, and continued the hearing on the same to August 11, 2025 at 1:30 p.m. In connection with the continued hearing, the Court requested that the Parties present the Court with a proposed modification of the Protective Order to preserve the Data (defined below) and propose reasonable further conditions concerning preservation and sharing of the Data (defined below).

F. The data in the AWS Accounts comprises billions of records, including without limitation agreements, statements, trial balance information, and other records pertaining to end users of Synapse, its affiliate Synapse Brokerage LLC ("Synapse Brokerage"), and the financial technology platforms ("fintechs") that partnered with Synapse and Synapse Brokerage (the "Data").

G. Subsequent to the appointment of the Trustee, and to facilitate the disclosure and discussion of information and documents by and among the Trustee, Evolve and the other "Partner Banks" – American Bank, N.A., Lineage Bank, and AMG National Trust Bank, including the sharing of confidential Synapse trial balances and other Synapse financial account reconciliation information regarding the Debtor and its affiliates in the bankruptcy case, the foregoing parties entered into the Protective Order. The Protective Order was lodged with the Bankruptcy Court on May 31, 2024 [Docket No. 226] and was approved by the Order entered May 31, 2024 [Docket No. 230]. As set forth therein, the purpose of the Protective Order was to expedite the flow of information for purposes of the Trustee's reconciliation of the Debtor's and its clients' financial accounts, protect confidential material related thereto, ensure that the parties were permitted reasonable, necessary use of such material, and address the handling of such material at the end of the bankruptcy case.

H. It is Evolve's understanding that no complete record of the Data is stored elsewhere and these files contain information relevant to the completion of a global reconciliation of Synapse

end user accounts, as well as resolution of multiple active litigation matters.

    I.    Section 1.12 of the Protective Order defines "Protected Material" as: "any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    J.    Section 1.6 of the Protective Order defines "Disclosure or Discovery Material" as: "all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in this Action."

    K.    The Parties believe that all or some of the Data now stored with AWS falls within the above definition of Protected Material.

    L.    Section 11 of the Protective Order provides that: "[a]fter the final disposition of this Action, as defined in Section 3 (DURATION) above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material."

    M.    Section 3 of the Protective Order provides that: "[f]inal disposition will be deemed the later of (1) closure of the Case and dismissal of all claims, defenses, and contested proceedings in this Action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law."

    N.    Section 10.1 of the Protective Order provides that: "[n]othing in this Order abridges the right of any person to seek its modification by the Court in the future."

    O.    Section 10.9 of the Protective Order provides that: "[t]his Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the Bankruptcy Court."

    P.    As set forth below, the Parties propose the following modification to the Protective Order, and further conditions concerning the ongoing preservation and sharing of the Data.

## STIPULATION

**NOW, THEREFORE**, the Parties hereby agree, stipulate, and request that the Court enter an order approving this stipulation as follows:

1. The foregoing recitals are incorporated herein by this reference.

2. The Protective Order shall be modified to state that the Duration and Final Disposition provisions of the Protective Order (Sections 3 and 11) shall not apply to the Data, and absent further order of the Bankruptcy Court, Evolve shall not be required to destroy or return any of the Data upon the final disposition of the bankruptcy case.

3. The Data may not be altered, modified, deleted, or otherwise changed except for conversion to cold storage methods to reduce costs.

4. The Data will be maintained and processed according to applicable data privacy laws as well as Evolve's and its professional's internal standards for their own financial data and personally identifiable information.

5. In the event any federal or state regulator requests access to the Data, Evolve will voluntarily grant access to the requested Data to such party(s).

6. Evolve will make access to the Data available to any qualified party that seeks access through appropriate legal means, such as subpoena or through formal discovery means in another legal proceeding, subject to customary discovery cost-shifting measures as typical and appropriate under the circumstances.

7. In the event Evolve determines that preservation of the Data is no longer necessary for active litigation matters, it shall inform this Court of its intention to destroy the data and, absent the Court's directive otherwise, shall destroy the data within thirty (30) days.

8. The provisions of this Stipulation shall remain binding and in force upon any conversion of the case to a case under chapter 7.

```
1  DATED: August 6, 2025              CRAVATH, SWAINE & MOORE LLP

2
                                      By: _____/s/_____
3                                          Paul H. Zumbro
                                           Grace S. Mooney
4
                                      Attorneys for Jelena McWilliams,
5                                     Chapter 11 Trustee

6  DATED: August 6, 2025              BG LAW LLP

7
                                      By: _____/s/_____
8                                          Steven T. Gubner
                                           David M. Poitras
9
10                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
                                      Jeffrey Naimon
11                                    Aravind Swaminathan
                                      Edward Somers
12
                                      Attorneys for Evolve Bank & Trust
```

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **STIPULATION BETWEEN THE CHAPTER 11 TRUSTEE AND EVOLVE BANK & TRUST ("EVOLVE") FOR EVOLVE TO HOUSE CERTAIN DATA AND TO MODIFY STIPULATED PROTECTIVE ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **August 6, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **_____, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*PURSUANT TO PROCEDURES, JUDGE MARTIN R. BARASH WAIVES SERVICE OF JUDGE'S COPY.**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 6, 2025 | Mela Galvan | /s/ Mela Galvan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Ron Bender**    rb@lnbyg.com
- **David A Berkley**    david.berkley@wbd-us.com, mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Rudy J Cerone**    rcerone@mcglinchey.com, lgraff@mcglinchey.com;jingargiola@mcglinchey.com
- **Sara Chenetz**    schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
- **Russell Clementson**    russell.clementson@usdoj.gov
- **Andrew Michael Cummings**    andrew.cummings@hklaw.com, philip.dobbs@hklaw.com;hapi@hklaw.com;sandy.olalde@hklaw.com
- **Michael G. Farag**    mfarag@gibsondunn.com
- **M Douglas Flahaut**    df@echoparklegal.com
- **Jacqueline Foroutan**    jacqueline.foroutan@akerman.com, akermanlas@akerman.com
- **Maria L Garcia**    Maria.L.Garcia@lewisbrisbois.com
- **Paul R. Glassman**    pglassman@stradlinglaw.com
- **Nicholas Christian Glenos**    cglenos@bradley.com
- **Michael H Goldstein**    mgoldstein@goodwinprocter.com, ASchaefer@goodwinlaw.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Ralph P Guenther**    rguenther@guentherlawgroup.com
- **Robert T. Honeywell**    robert.honeywell@klgates.com
- **Lance N Jurich**    ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
- **Jane Kim**    jkim@kellerbenvenutti.com
- **Monica Y Kim**    myk@lnbyg.com, myk@ecf.inforuptcy.com
- **Jeffrey C Krause**    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Sabita Krishnan**    sabita.krishnan@cfpb.gov
- **Joseph Lake**    joseph.lake@cfpb.gov
- **William J Levant**    wlevant@kaplaw.com, wlevant@gmail.com
- **Adam A Lewis**    alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
- **Norman Norman Lueck**    dennis.lueck@akerman.com, katie.solem@akerman.com
- **Jelena McWilliams (TR)**    jmcwilliams@cravath.com, mao@cravath.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Fred Neufeld**    fneufeld@stradlinglaw.com, tingman@sycr.com
- **Berj Parseghian**    bparseghian@lippes.com
- **Valerie Bantner Peo**    vbantnerpeo@buchalter.com
- **David M Poitras**    dpoitras@bg.law
- **Jeremy V Richards**    jrichards@kbkllp.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Holly Roark**    holly@roarklawboise.com, RoarkLawOffices@jubileebk.net
- **Paul M Rosenblatt**    prosenblatt@kilpatricktownsend.com, moroberts@ktslaw.com
- **Thomas B Rupp**    trupp@kbkllp.com
- **Brandy A Sargent**    brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
- **Callan C Searcy**    bk-csearcy@texasattorneygeneral.gov
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Jason D Strabo**    jstrabo@mwe.com, jbishopjones@mwe.com;dnorthrop@mwe.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Jeffrey C Wisler**    jwisler@connollygallagher.com, dperkins@connollygallagher.com
- **Claire K Wu**    claire.wu@pillsburylaw.com, renee.evans@pillsburylaw.com;docket@pillsburylaw.com
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**