CRAVATH, SWAINE & MOORE LLP
PAUL H. ZUMBRO (*pro hac vice*)
pzumbro@cravath.com
GEORGE E. ZOBITZ (*pro hac vice*)
jzobitz@cravath.com
Two Manhattan West
375 9th Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

KELLER BENVENUTTI KIM LLP
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
JEREMY V. RICHARDS (Cal. Bar No. 102300)
(jrichards@kbkllp.com)
THOMAS B. RUPP (Cal. Bar. No. 278041)
(trupp@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for Jelena McWilliams,*
*in her capacity as Chapter 11 Trustee for*
*Synapse Financial Technologies, Inc.*

**FILED & ENTERED**

**SEP 12 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 |
| Debtor. | **ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND THE CONSUMER FINANCIAL PROTECTION BUREAU PURSUANT TO FED. R. BANKR. P. 9019** |
| | [Relates to Dkt. No. 638] |

1

Upon the motion (the "Motion") of the Trustee for entry of an order (the "Order"), pursuant to Bankruptcy Rule 9019, authorizing and approving the Trustee's entry into the Stipulated Judgment and Order, as more fully described in the Motion; and the Court having determined that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, General Order No. 13-05 from the United States District Court for the Central District of California, dated as of July 1, 2013 and Local Rule 5011-1(a); and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Trustee's notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and the McWilliams Declaration and having heard the statements in support of the relief requested therein at the hearing on September 11, 2025 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the McWilliams Declaration, and at the Hearing, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Stipulated Judgment and Order attached hereto as **Exhibit A** is approved in its entirety pursuant to Bankruptcy Rule 9019.

3. The Trustee is authorized to enter into and perform the estate's obligations under the Stipulated Judgment and Order without any further order or action of this Court, as set forth in the Stipulated Judgment and Order.

4. The Trustee is authorized to take any all steps necessary or appropriate to carry out this Order. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

5. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Date: September 12, 2025

Martin R Barash
United States Bankruptcy Judge

**Exhibit A**

**Stipulated Judgment and Order**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:24-bk-10646-MB |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | Chapter 11 Case |
| Debtor. | |
| CONSUMER FINANCIAL PROTECTION BUREAU, | |
| | Adv. No. 1:25-ap-01052 |
| Plaintiff, | **STIPULATED FINAL JUDGMENT AND ORDER** |
| v. | |
| SYNAPSE FINANCIAL TECHNOLOGIES, INC., | |
| Defendant. | |

The Consumer Financial Protection Bureau ("Bureau") commenced this adversary proceeding on August 21, 2025 to obtain injunctive and monetary relief and civil penalties from Debtor Synapse Financial Technologies, Inc. ("Synapse" or "Debtor"). The Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1)(B), in connection with Synapse's provision of material services to entities engaged in deposit-taking activities, the transmission or exchange of funds, otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer, or providing payments or other financial data processing products or services to a consumer by any technological means.

The Bureau and Synapse through Jelena McWilliams, solely in her capacity as the duly appointed Chapter 11 Trustee ("Trustee"), agree to entry of this Stipulated Final Judgment and

Order ("Order"), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

**FINDINGS**

1. On April 22, 2024, before the commencement of the instant adversary proceeding, Synapse filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, initiating this bankruptcy proceeding ("Bankruptcy Proceeding") in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.

2. On May 24, 2024, this Court appointed Jelena McWilliams as the Chapter 11 Trustee for Debtor.

3. On August 21, 2025, Plaintiff filed the above-captioned adversary proceeding against Debtor's estate.

4. The automatic stay of the Bankruptcy Code does not stay the affirmative relief sought in this adversary proceeding against Debtor because the action falls within the police and regulatory power exception to the automatic stay set forth in 11 U.S.C. § 362(b)(4).

5. The Trustee has sought authority to enter into this Order by a motion pursuant to Fed. R. Bankr. P. 9019.

6. The Trustee is an independent fiduciary for Debtor and its bankruptcy estate, having been appointed by the Court. Accordingly, Plaintiff makes no allegations against the Trustee, but only against Debtor.

7. The Trustee and Debtor neither admit nor deny the allegations in the Complaint, except as specified in this Order. For purposes of this Order, the Trustee and Debtor admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

8. Debtor waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

9. This Court has jurisdiction over the parties and the subject matter of this action.

10. The Complaint states a claim upon which relief may be granted under the CFPA, 12 U.S.C. §§ 5531(a), 5536(a).

11. The relief provided in this Order is appropriate and available pursuant to the CFPA, 12 U.S.C. §§ 5564, 5565.

12. The acts and practices alleged in the Complaint have resulted in harm to Affected Consumers equal to the sum of: (1) the difference between each Affected Consumer's Account Balance and the sum of all Partner Bank Distributions to that Affected Consumer ("Affected Consumer Shortfall"); and (2) prejudgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment (a) on the Affected Consumer Shortfall between May 17, 2024 and the Effective Date; and (b) for all Affected Consumers, on the amount of each Partner Bank Distribution for the period between May 17, 2024 and the date of that distribution.

13. Entry of this Order is in the public interest.

**DEFINITIONS**

14. The following definitions apply to this Order:

    a. "**Account Balance**" means a consumer's balance with their FinTech Platform as of May 17, 2024.

b. "**Affected Consumers**" includes any consumer who had an account with a FinTech Platform as of May 17, 2024.

c. "**Assisting Others**" includes, but is not limited to:
   i. consulting in any form whatsoever;
   ii. providing administrative support services;
   iii. maintaining transaction data and account balances;
   iv. processing transactions;
   v. participating in designing, operating, or maintaining; and
   vi. acting or serving as an owner, officer, director, manager, or principal of any entity.

d. "**Debtor**" means Synapse Financial Technologies, Inc., and its successors and assigns.

e. "**Effective Date**" means the date on which the Order is entered by the Court on the docket.

f. "**Enforcement Director**" means the Enforcement Director of the Enforcement Division for the Consumer Financial Protection Bureau, or their delegate.

g. "**FinTech Platform**" means nonbank financial technology entities that offered banking services to consumer end users, for which Synapse was a Service Provider.

h. "**Partner Bank Distributions**" means any amounts paid to Affected Consumers by Evolve Bank & Trust, AMG National Trust Bank, or Lineage Bank between May 17, 2024 and the Effective Date.

i. "**Related Consumer Action**" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency

brought against Synapse based on substantially the same facts as described in the Complaint.

j. **"Service Provider"** means any person that provides a material service to a covered person, in connection with the offering or provision by such covered person of a consumer financial product or service, including a person that— (i) participates in designing, operating, or maintaining the consumer financial product or service; or (ii) processes transactions relating to the consumer financial product or service (other than unknowingly or incidentally transmitting or processing financial data in a manner that such data is undifferentiated from other types of data of the same form as the person transmits or processes). "Service Provider" does not include a person solely by virtue of such person offering or providing to a covered person—(i) a support service of a type provided to businesses generally or a similar ministerial service; or (ii) time or space for an advertisement for a consumer financial product or service through print, newspaper, or electronic media. 12 U.S.C. § 5481(26).

k. **"Synapse"** means Synapse Financial Technologies, Inc., and its successors and assigns.

l. **"Trustee"** means Jelena McWilliams solely in her capacity as the duly appointed Chapter 11 Trustee for Debtor, and any successor trustee.

## CONDUCT PROVISIONS

### I.

### Cessation of Business Operations

**IT IS ORDERED** that:

15. Debtor, whether acting directly or indirectly, is permanently enjoined and restrained from:

    a. Participating in or Assisting Others in advertising, marketing, promoting, offering for sale, selling, or provision of any deposit-taking activities, the transmission or exchange of funds, activities that otherwise involve acting as a custodian of funds, or payments or other financial data processing; or

    b. Receiving any remuneration or other consideration from, holding any ownership interest in, providing services to, or working in any capacity for any person engaged in or assisting in advertising, marketing, promoting, offering for sale, selling, or providing any deposit-taking activities, the transmission or exchange of funds, activities that otherwise involve acting as a custodian of funds, or payments or other financial data processing.

Nothing in this Order shall be read as an exception to this Paragraph.

16. The Trustee will not move the Court pursuant to 11 U.S.C. § 721, or otherwise seek authorization for Debtor to engage, whether directly or indirectly, in any of the prohibited acts described in Paragraph 15 above. This prohibition does not apply to the extent it may relate to recovering avoidable transfers or obtaining turnover or possession of property of the estate.

## II.

### Customer Information

**IT IS FURTHER ORDERED** that:

17. Debtor and the Trustee, whether acting directly or indirectly, may not sell customer information, including names, addresses, telephone numbers, email addresses, social security numbers, other identifying information, or any data that enables access to a customer's account that Debtor obtained before the Effective Date.

## MONETARY PROVISIONS

### III.

### Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

18. Under section 1055(c) of the CFPA, 12 U.S.C § 5565(c), by reason of violations of the law alleged in the Complaint and continuing until the Effective Date, and taking into account the factors in 12 U.S.C. § 5565(c)(3), a civil money penalty in favor of the Bureau and against Debtor is ordered in the amount of $1.00 (One U.S. Dollar) which shall be deemed an allowed general unsecured claim in the Bankruptcy Proceeding and against the estate.

19. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

20. Debtor, for all purposes, must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Debtor may not:

    a. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

21. Subject to 11 U.S.C §§ 507(a) and 726 governing priorities of expenses and claims in the Bankruptcy Proceeding, the Trustee relinquishes all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to the estate.

22. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in

any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order.

23. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, to the extent that such a Related Consumer Action is commenced in the Bankruptcy Proceeding or otherwise on notice to the Trustee while the Bankruptcy Proceeding is pending, then the Trustee must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Debtor paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## IV.

## Notices

**IT IS FURTHER ORDERED** that:

24. Unless otherwise directed in writing by the Bureau, Debtor and the Trustee must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re Synapse*, Case No. 24-bk-10646-MB" and send them by email to Enforcement_Compliance@cfpb.gov:

ATTN: Enforcement Director

Consumer Financial Protection Bureau

Enforcement Division

## V.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

25. The Trustee will provide information in its or its agents' possession or control requested by the Bureau within 14 days of receiving a written request for such information.

26. Given that the Trustee is not operating and will not seek to operate the business of Debtor, extensive compliance obligations by the Trustee are not warranted. The Trustee shall notify the Bureau of the occurrence of any of the following:

    a. The Trustee's discovery of assets in the estate or any assets that could be subject to a turnover motion by the Trustee;

    b. The Trustee's filing of a motion under 11 U.S.C. § 363 in the Bankruptcy Case to use, sell, or lease property of the estate;

    c. The Trustee's filing of any interim report to the Bankruptcy Court; and

    d. The closure of the Bankruptcy Case.

The Trustee must provide this notice at least 21 days before the development or as soon as practicable after learning about the development, whichever is sooner.

## VI.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

27. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

September 11, 2025

SYNAPSE FINANCIAL TECHNOLOGIES, INC.

Jelena McWilliams
Chapter 11 Trustee

By: _____
PAUL H. ZUMBRO (*pro hac vice*)
GEORGE E. ZOBITZ (*pro hac vice*)

CRAVATH SWAINE & MOORE LLP
Two Manhattan West
375 9th Avenue
New York, NY 10001

JANE KIM
JEREMY V. RICHARDS
THOMAS B. RUPP

KELLER BENVENUTTI KIM LLP
101 Montogmery Street, Suite 1950
San Francisco, CA 94104

*Counsel for Jelena McWilliams,
in her capacity as Chapter 11 Trustee for
Synapse Financial Technologies, Inc.*

10

CONSUMER FINANCIAL PROTECTION BUREAU

Michael G. Salemi
*Principal Deputy Enforcement Director*

Deborah Morris
*Assistant Principal Deputy Enforcement Director*

Michael P. Favretto
*Assistant Litigation Deputy*

Sept. 11, 2025        By: /s/ Renee Orleans
JOSEPH LAKE (CA Bar No. 246679)
(202) 897-8360
joseph.lake@cfpb.gov
RENEE ORLEANS (*pro hac vice*)
(202) 435-7271
renee.orleans@cfpb.gov
ADRIENNE WARRELL (*pro hac vice*)
(202) 435-7189
adrienne.warrell@cfpb.gov
*Enforcement Attorneys*

CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

*Counsel for the Consumer Financial Protection Bureau*

11